THE ZAPPIA LAW FIRM
A Professional Corporation
Edward P. Zappia (SBN175099)
ezappia@zappialegal.com
Brett Ehman (SBN 247205)
behman@zappialegal.com
One Pacific Plaza
7777 Center Avenue, Suite 625
Huntington Beach, CA  92647
Telephone:   213-814-5550
Facsimile:    213-814-5560

Attorneys for All Defendants

VENTURA COUNTY COUNSEL
Leroy Smith, (SBN 107702)
leroy.smith@ventura.org
Matthew A. Smith (SBN 167320)
Matthew.Smith@ventura.org
County Government Center
800 S. Victoria Ave., L/C #1830
Ventura, CA 93009
Phone: 805-654-2581
Facsimile: 805-654-2185

Attorneys for All Defendants (except Edward Zappia)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| TRACY TOWNER, an individual,<br><br>        Plaintiff,<br>  vs.<br><br>COUNTY OF VENTURA, a public entity; VENTURA COUNTY OFFICE OF THE DISTRICT ATTORNEY (VCDA); a public department of the County of Ventura; GREGORY D. TOTTEN, individually and in his official capacity as District Attorney; MICHAEL D. SCHWARTZ, individually and in his official capacity as Deputy District Attorney; JANICE L. MAURIZI, individually and in her official capacity; EDWARD ZAPPIA, individually; CHIEF MICHAEL BARAY, individually and in his official capacity as Chief of the Bureau of Investigation; and DOES 1 through 20 inclusive;<br><br>        Defendants. | CASE NO: 2:19-cv-03584-VAP(GJS)<br>Assigned to Hon. Virginia A. Phillips<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>(FRCP, Rule 12(b)(6)); Notice of Motion, Request for Judicial Notice and [Proposed] Order filed concurrently herewith)<br><br>Date:     June 10, 2019<br>Time:    2:00 PM<br>Crtrm:   8 A<br><br>Complaint filed:  April 17, 2019<br>Complaint served: April 22, 2019<br>Removal:       April 29, 2019 |

i

# **TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................. 1

II.    REASONS WHY THE MOTION TO DISMISS SHOULD BE GRANTED.......... 2

III.   STATEMENT OF FACTS ...................................................... 5

IV.    STANDARD OF REVIEW ...................................................... 6

V.     PLAINTIFF STIPULATED TO DISMISS THE INDVIDUAL
       DEFENDANTS FROM HIS FIRST CLAIM FOR RETALIATION UNDER
       CALIFORNIA'S FEHA ......................................................... 7

VI.    PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE
       REMEDIES ON HIS FIRST, SECOND AND EIGHTH CLAIMS UNDER
       CALIFORNIA'S FEHA (RETALIATION, FAILURE TO PREVENT
       RETALIATION, NEGLIGENCE/FAILURE TO PREVENT) ...................... 7

VII.   PLAINTIFF'S THIRD AND NINTH CLAIMS AGAINST DEFENDANTS
       AND THEIR OUTSIDE COUNSEL ARE BARRED BY THE ABSOLUTE
       LITIGATION PRIVILEGE ...................................................... 10

VIII.  THE INDIVIDUAL DEFENDANTS MUST BE DISMISSED FROM
       PLAINTIFF'S THIRD, EIGHTH AND NINTH STATE LAW CLAIMS
       PURSUANT TO THE ABSOLUTE IMMUNITIES THEY ENJOY AS
       PUBLIC EMPLOYEES .......................................................... 15

IX.    PLAINTIFF'S THIRD AND NINTH CLAIMS UNDER CALIFORNIA'S
       POBR AND PENAL CODE § 832.7 MUST BE DISMISSED BECAUSE
       NEITHER PROVIDES FOR A CIVIL CAUSE OF ACTION FOR
       INVASION OF PRIVACY ....................................................... 17

X.     PLAINTIFF'S FIFTH AND SIXTH CLAIMS ARE NON-COGNIZABLE
       CLAIMS FOR RELIEF.......................................................... 19

XI.    DEFENDANT ZAPPIA MUST BE DISMISSED FROM PLAINTIFF'S
       EIGHTH AND NINTH CLAIMS FOR NEGLIGENCE AS HE OWED NO
       DUTY TO PLAINTIFF AS A MATTER OF LAW AND WAS NOT A
       SUPERVISOR .................................................................... 20

XII.   PLAINTIFF'S SEVENTH CLAIM FOR FOURTEENTH AMENDMENT
       DUE PROCESS FAILS AS THE COMPLAINT ITSELF ESTABLISHED

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

HE WAS PROVIDED HIS PUBLIC EMPLOYEE DUE PROCESS
RIGHTS ............................................................................................ 21

XIII.   DEFENDANT VCDA IS NOT A LEGAL ENTITY AND HAS NO
CAPACITY TO SUE OR BE SUED ...................................................... 23

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

1

# TABLE OF AUTHORITIES

2

**Cases**

3

Albertson v. Raboff,
    46 Cal.2d 375 (1956) .................................................................................. 14

4

5

Anderson v. Creighton,
    483 U.S. 635, 640 (1987) ........................................................................... 14

6

7

Armstrong v. Manzo,
    380 U.S. 545, 552 (1965) ........................................................................... 21

8

9

Aronson v. Kinsella,
    58 Cal.App.4th 254, 261-268 (1997) ........................................................ 14

10

11

Ashcroft v. Iqbal,
    556 U.S. 662, 668 (2009) ............................................................................. 6

12

13

Balistreri v. Pacifica Police Dept.,
    901 F.2d 696, 699 (9th Cir. 1988) ............................................................... 6

14

15

Bell Atl. Corp. v. Twombly,
    550 U.S. 544, 557 (1955) ............................................................................. 7

16

17

Caldwell v. Montoya,
    10 Cal.4th 972, 989 (1995) ................................................................... 3, 15

18

19

City of Richmond v. Sup. Ct.,
    32 Cal.App.4th 1430, 1439 (1995) ....................................................... 4, 18

20

21

Clegg v. Cult Awareness Network,
    18 F.3d 752, 755 (9th Cir. 1994) ................................................................. 6

22

23

Cleveland Bd. of Educ. v. Loudermill,
    470 U.S. 532, 545 (1985) ........................................................................... 22

24

Conley v. Gibson,
    355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) ........................ 6

25

26

Crook v. Thibedeaux,
    693 F.3d 714 (9th Cir. 2017) ................................................................. 4, 19

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

Epstein v. Washington Energy Co.,
  83 F.3d 1136, 1139 (9th Cir. 1996) ................................................................ 6

Falcon v. Long Beach  Genetics,
  224 Cal.App.4th 1263 (2014) ...................................................................... 14

Finton Construction, Inc. v. Bidna & Keys, APLC,
  238 Cal.App.4th 200 (2015) ....................................................................... 11

Friedman v. Knecht,
  248 Cal.App.2d 455 (1967) ......................................................................... 15

Gomez v. Toledo,
  446 U.S. 635, 640 (1980) ............................................................................ 21

Hardy v. Vial,
  48 Cal.2d 577, 582 (1957) ........................................................................... 15

Jacob B. v. County of Shasta,
   40 Cal.4th 948 (2007) ....................................................................... 3, 12, 14

Johnson v. City of Loma Linda
  (2000) 24 Cal.4th 61 ...................................................................... 9, 10, 23

Jones v. The Lodge at Torrey Pines,
  42 Cal.4th 1158 (2008) ................................................................................. 7

Kemmerer v. County of Fresno,
  200 Cal.App.3d 1426 .......................................................................... 3, 15, 16

Kentucky Fried Chicken v. Superior Court,
  4 Cal.4th 814, 819 (1997) ........................................................................... 20

Kerner v. Superior Court,
  206 Cal.App.4th 84 (2012) .......................................................................... 11

Ladd v. County of San Mateo,
   12 Cal.4th 913, 917 (1996) ..................................................................... 4, 20

Mathews v. Eldridge,
  424 U.S. 319, 333 (1976) ............................................................................ 21

Naffe v. Frey,
  789 F.3d 1030, 1035-36 (9th Cir. 2015) .................................................. 4, 19

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

<u>Oei v. N. Star Capital Acquisitions, LLC,</u>
   486 F.Supp.2d 1089 (C.D.Cal.2006)...................................................11

<u>Optional Capital, Inc. v. Akin Gump Strauss, Hauer & Feld LLP,</u>
   18 Cal.App.5th 95 (2017)...............................................................11

<u>Page v. Los Angeles Probation Department,</u>
   123 Cal.App.4th 1135, 1141-1144 (2004) ...................................passim

<u>Pareto v. FDIC,</u>
   139 F.3d 696, 699 (9th Cir. 1998)......................................................6

<u>Ramirez v. Cnty. of Marin,</u>
   2011 WL 5080145, at 12 (N.D.Cal. Oct. 25, 2011).............................22

<u>Rodriguez v. Taco Bell,</u>
   896 F.3d 952 (9th Cir. 2018)........................................................4, 19

<u>Silberg v. Anderson,</u>
   50 Cal.3d 205 (1990)......................................................................14

<u>Skelly v. State Personnel Bd.,</u>
   15 Cal.3d 194 (1975)......................................................................21

<u>Thornton v. City of St. Helens,</u>
   425 F.3d 1158, 1164 (9th Cir. 2005)..................................................21

<u>Walker v. City of Berkeley,</u>
   951 F.2d 182, 184 (9th Cir. 1991).....................................................22

<u>West Inv. Co. v. Moorhead,</u>
   120 Cal.App.2d 837 (1953)..............................................................11

**Statutes**

Cal. Constitution, Article XI, Section I ...........................................23

Cal. Civ. Code § 47(b)(4) ...............................................................11

Cal. Civ. Code §§ 47(b)(2) .............................................................11

Cal. Civ. Code §47(b) ......................................................3, 10, 12, 14

Cal. Gov't Code §§ 3300, 3309.5. ...................................................17

Cal. Gov't Code §§3300-3313 ........................................................17

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

Cal. Gov't Code § 821.6 ................................................................................3

Cal. Govt Code § 3300 ..................................................................................4

Cal. Govt. Code § 820.2 ....................................................................3, 15, 16

California Penal Code section 832.7 .....................................................passim

**Rules**

FRCP, Rule 12(b)(6) ....................................................................................i, 4

Ventura County Personnel Rules, Rule 2321 .............................................14

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Tracy Towner is a former sworn Ventura County District Attorney Investigator Commander. Complaint, ¶¶36, 44. Plaintiff's 44-page 151-paragraph Complaint spends substantial time discussing his resume (Id. at ¶¶ 27-43); other County litigation from 2007 to 2011 (Id. at ¶¶ 47-60); "rumors" about him and coworkers (Id. at pp.9:22; 9:26; 9:27; 23:18; 23:18; 42:4); and, Plaintiff's "telling the truth" and the District Attorney's Office inability "to handle the truth." Id. at pp.7:11; 14:25; 15:1; 24:4; 15:16; 15:18; 17:11; 17:20; 17:25; 18:25; 19:24; 20:4; 22:2; 23:5; 24:7; 24:12; 25:5; 25:7 [1]

Piecing together the evasive allegations reveals "the truth" is that Plaintiff was terminated for dishonesty on April 23, 2018 after investigation concluded his public testimony at the County Civil Service Commission in 2017 was false.  Id. at ¶¶44, 45, 67.

Plaintiff's Complaint generally alleges two things: (1) during his employment, his Constitutional, civil and due process rights were violated because he was not promoted and was terminated in retaliation for speech activities in 2007, 2011 and 2017 (Id. at ¶¶78, 112, 127); and (2) after his employment was terminated, the County and its hired counsel violated his privacy rights by disclosing certain of his personnel records when filing a superior court writ petition to disqualify the Civil Service Commission from hearing his

---

[1] Acknowledging this Court's disfavor of Rule 12 motions, Defendants only move on legal defects which re-pleading will not cure and forego a Motion to strike the allegation which are irrelevant and immaterial.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

termination appeal for conflict of interest, as Plaintiff was terminated for giving false testimony before that same Commission.  Id. ¶¶ 13, 68, 94, 100, 149.

Plaintiff's Complaint includes numerous unlawful and erroneous allegations and claims including, and not limited to: (1) bringing claims under California's FEHA before exhausting his admittedly ongoing/not completed administrative civil service remedies (Claims 1 and 2); (2) unlawfully suing Defendants and their outside counsel for the irrefutably protected and privileged activity of deciding, funding and hiring counsel to file a superior court complaint/writ petition directly connected to Plaintiff's ongoing civil service termination proceedings (Ibid); (3) pleading claims which do not exist (Claims 5 and 6 for "Monell" and "Supervisory Liability"); (4) pleading claims for breach of confidentiality under statutes which have no such provision (Claims 3 and 9); and (5) to suing Defendants' counsel ZAPPIA for negligence and employment decisions, while admitting ZAPPIA is outside counsel and "not a supervisor." (Claims 8 and 9)

## II.   **REASONS WHY THE MOTION TO DISMISS SHOULD BE GRANTED**

1.   **Failure to Exhaust**:  Plaintiff has failed to exhaust/complete his admittedly ongoing administrative/civil service remedies on his **First, Second and Eighth Claims under California's FEHA** for Retaliation, Failure to Prevent Retaliation and Negligence/Failure to Prevent under California's FEHA.  Page v. Los Angeles Probation Department, 123 Cal.App.4th 1135, 1141-1144 (2004) [Once Plaintiff initiates employer's civil service administrative remedies, they must be exhausted before Plaintiff can file a

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

claim for damages under the FEHA]

2.     **Absolute Litigation Privilege**: Plaintiff's **Third and Ninth Claims**, alleging violation of his privacy rights, arise from Defendants and their **outside counsel ZAPPIA**'s protected and privileged activity of filing a superior court writ petition directly connected to Plaintiff's termination proceedings.  These claims and Defendant ZAPPIA are properly dismissed without leave to amend as protected by the absolute litigation privilege.  Cal. Civ. Code §47(b) [absolute litigation privilege applied specifically to all publications in section 1085 writ proceedings by the express language of the statute]; Jacob B. v. County of Shasta, 40 Cal.4th 948 (2007) [absolute litigation privilege specifically bars privacy claims whether labeled as based on common law, statute, or Constitution].[2]

3.     **Absolute State Law Immunity of Individual Defendants**: The **individual defendants** are entitled to absolute state law immunity against Plaintiff's First, Third, Eighth and Ninth state law claims.  Cal. Govt. Code § 820.2 bestows absolute immunity to public employees for "discretionary acts" within the course and scope of their employment, even if that discretion is abused. Caldwell v. Montoya, 10 Cal.4th 972, 989 (1995).   Cal. Govt Code § 821.6 further provides immunity to public employees specifically for any injury associated with the institution of administrative and disciplinary proceedings and investigations. Kemmerer v. County of Fresno, 200 Cal.App.3d 1426, 1436-1437 (2009).

---

[2] Plaintiff's further violations of Defendants' protected right to petition the courts for redress is addressed in their separate Special Motion to Strike. (Cal. Code of Civ. Proc. 425.16)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

4. **Implausible Claims for Relief**: Plaintiff's **Fifth and Sixth claims** for "Monell" and "Supervisory Liability" are respondeat superior-type doctrines, and are not recognized or plausible claims for relief. Naffe v. Frey, 789 F.3d 1030, 1035-36 (9th Cir. 2015); Crook v. Thibedeaux, 693 F.3d 714 (9th Cir. 2017).

5. **Non-Existent Claims for Relief**: Plaintiff's **Third Claim** alleging violation of his privacy rights under California's Public Safety Officers Procedural Bill of Rights Act ("POBR") does not exist, as there is no such prohibition in the POBR. Cal. Govt Code 3300, et seq; Rodriguez v. Taco Bell, 896 F.3d 952 (9th Cir. 2018) [Plaintiff's claim against offering employees discounted meals in the restaurant properly dismissed as it did not violate any existing California wage/hour law]. Plaintiff's **Ninth Claim** for negligence/breach of privacy under Cal. Penal Code 832.7 also fails because section 832.7 expressly does not provide for a civil claim arising for proceedings involving peace officer misconduct. Rosales v. City of Los Angeles, 82 Cal.App.4th 419, 427-428 (2000); City of Richmond v. Sup. Ct. 32 Cal.App.4th 1430, 1439 (1995).

6. **Defendant ZAPPIA** – **Defendant ZAPPIA**, pled/admitted as Defendants' hired outside counsel, and not one of Plaintiff's supervisors must be dismissed from **Plaintiff's Third, Eighth & Ninth Claims** (POBR, Negligence & Negligence Per Se), because ZAPPIA had no employment decision making authority, owed no duty to Plaintiff, and, merely engaged in privileged and protected activity of Defending Defendants. Ladd v. County of San Mateo, 12 Cal.4th 913, 917 (1996) [A legal duty is the "well-established" threshold element of a negligence claim]; Complaint, ¶16: [ZAPPIA was not a supervisor

4

of Plaintiff].

## III.   <u>STATEMENT OF FACTS</u>

The alleged facts relevant to this motion are all set forth in the Plaintiff's Complaint and need not be reiterated here in great detail.  As stated above, Plaintiff was terminated from his employment as a VCDA Investigator Commander when independent investigation found that he was dishonest under oath when testifying in a public hearing before the County Civil Service Commission.  Complaint, ¶¶ 44, 45.

Plaintiff's allegations can be separated into three categories.  First, Plaintiff's Claims One, Two and Eight allege he was retaliated against under state law when he was denied a promotion in 2018 to Deputy Chief Investigator and his employment was later terminated for testifying in several proceedings throughout the years.  Plaintiff also alleges in Claim Two that Defendants failed to prevent retaliation.

Next, Plaintiff's Fourth, Fifth, Sixth and Seventh federal Claims allege his Constitutional, civil, free speech and due process rights were violated when he was retaliated against for speaking as a Board Member for the Ventura County Employees Retirement Association (VCERA).  Complaint, ¶109.

Finally, Plaintiff's Third and Ninth Claims allege that Defendants and their hired private counsel violated California's Public Safety Officers Procedural Bill of Rights Act ("POBR") and, were negligent by violating his privacy rights when they filed a superior court writ petition in August 2018 seeking to disqualify the Ventura County Civil Service Commission from presiding over his appeal of his termination.   Complaint, ¶100.

5

Plaintiff's counsel has never objected to the filing and has never brought a motion for protective order or to seal the record.  <u>See</u>, Request to Take Judicial Notice.

## IV.   <u>STANDARD OF REVIEW</u>

A motion to dismiss is proper where a plaintiff can "prove no set of facts in support of his claim that would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); <u>Epstein v. Washington Energy Co.</u>, 83 F.3d 1136, 1139 (9th Cir. 1996).  In ruling on a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to Plaintiffs." <u>Id</u>. at 1140.

In considering motions to dismiss, however, the Court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot be reasonably drawn from the facts alleged." <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 755 (9th Cir. 1994). Mere "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." <u>Pareto v. FDIC</u>, 139 F.3d 696, 699 (9th Cir. 1998). Dismissal is proper where there is no cognizable legal theory pled or an absence of sufficient facts to support a cognizable legal theory.  <u>Balistreri v. Pacifica Police Dept</u>., 901 F.2d 696, 699 (9th Cir. 1988).  A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 668 (2009). Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement." <u>Id</u>. Additionally, when a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" <u>Id</u>. citing <u>Bell Atl. Corp. v. Twombly</u>,

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

550 U.S. 544, 557 (1955).

In this case, Plaintiff's Complaint on its face reveals numerous irreparable legal defects affecting all parties and claims.  Pursuant to the constraints of Article III and FRCP Rule 12(b)(1) and (6), Plaintiff's fatally defectively Claims should be dismissed.

**V.   PLAINTIFF STIPULATED TO DISMISS THE INDVIDUAL DEFENDANTS FROM HIS FIRST CLAIM FOR RETALIATION UNDER CALIFORNIA'S FEHA**

See, Jones v. The Lodge at Torrey Pines, 42 Cal.4th 1158 (2008) [No individual liability for retaliation claims under California's FEHA].

**VI.   PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES ON HIS FIRST, SECOND AND EIGHTH CLAIMS UNDER CALIFORNIA'S FEHA (RETALIATION, FAILURE TO PREVENT RETALIATION, NEGLIGENCE/FAILURE TO PREVENT)**

Plaintiff's Complaint admits his currently proceeding through the County administrative procedures in appeal of his employment termination.  Complaint, ¶¶68, 73.

Page v. Los Angeles Probation Department, 123 Cal.App.4th 1135 (2004) is exactly on point.  Page similarly appealed her employment termination through the City's administrative/civil service processes.  Before that administrative process was complete, Page filed a Complaint for Damages alleging discrimination under the FEHA.  The Court affirmed dismissal of Page's Complaint for Damages for failure to exhaust, ruling:

The Schifando [California Supreme] court [case] made plain that, having

chosen a forum for discrimination claims, a public employee must exhaust

7

"the chosen administrative forum's procedural requirements." (<u>Schifando</u>, <u>supra</u>, 31 Cal.4th at p. 1088, 6 Cal.Rptr.3d 457, 79 P.3d 569.)   Moreover, if a public employee has requested a non-FEHA administrative remedy such as a civil service commission hearing and obtained an adverse decision, the employee must exhaust judicial remedies by filing a petition for writ of mandate in the trial court, or else the administrative decision will be binding on subsequent FEHA claims. (<u>Schifando</u>, at p. 1090, 6 Cal.Rptr.3d 457, 79 P.3d 569.)   "[E]mployees challenging administrative findings [must] do so in the appropriate forum, by filing a writ of administrative mandamus petition in superior court. [This] ensures that employees who choose to utilize internal procedures are not given a second 'bite of the procedural apple.' " (Id. at pp. 1090-1091, 6 Cal.Rptr.3d 457, 79 P.3d 569.)

Page chose the civil service commission process and proceeded through three days of hearing over the course of four months, resulting in a comprehensive decision by the hearing officer.   Page was not then free to ignore and abandon the administrative process and proceed to a FEHA action for damages.   Page had to await a final Commission decision and, if it was adverse, then file a petition for writ of mandate in the trial court to overturn the Commission decision.   Only if she had done so and prevailed in the writ proceedings, thus vacating the Commission decision, could she have then filed a lawsuit, since the Commission's decision has issue and claim preclusive

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

effect. . .   (<u>Schifando</u>, <u>supra</u>, 31 Cal.4th at pp. 1088-1089, 6 Cal.Rptr.3d 457,

79 P.3d 569.)

". . . [T]he Commission had not issued a final decision when she filed

this lawsuit.   Page never filed a petition for writ of administrative mandamus

to overturn the adverse decision of the Commission.   Instead, she filed a

premature FEHA action over which the trial court  lacked jurisdiction because

she failed to exhaust both her administrative and judicial remedies.   Now,

confronted with a possible time bar to pursuing FEHA claims, she asks us to

revive her discrimination lawsuit notwithstanding her failure to exhaust the

requisite administrative and judicial remedies.   That we cannot do.

"Refusing to give binding effect to the findings of administrative

agencies in quasi-judicial proceedings would undermine the efficacy of such

proceedings, rendering them in many cases little more than rehearsals for

litigation."  (<u>Johnson v. City of Loma Linda</u> (2000) 24 Cal.4th 61, 72, 99

Cal.Rptr.2d 316, 5 P.3d 874 (Johnson ).)   In <u>Johnson</u>, our Supreme Court

explained the doctrine of exhaustion of judicial remedies by stating "unless a

party to a quasi-judicial proceeding challenges the agency's adverse findings

made in that proceeding [by filing a writ petition,] those findings are binding

in later civil actions."  (Id. at pp. 69-70, 99 Cal.Rptr.2d 316, 5 P.3d 874, fn.

omitted.)  Unlike the exhaustion of administrative remedies, a " 'jurisdictional

prerequisite to resort to the courts,' " the exhaustion of judicial remedies "is

necessary to avoid giving binding 'effect to the administrative agency's decision, because that decision has achieved finality due to the aggrieved party's failure to pursue the exclusive judicial remedy for reviewing administrative action.' [Citation.]" <u>Page</u> at 1141-1144

The <u>Page</u> court thus confirmed:

"Public employees have the benefit of the civil service commission process to redress discrimination, which is less costly and protracted than litigation. Though a public employee may choose to bypass the administrative process, if she pursues it through evidentiary hearings to a proposed decision, then she has the burden to exhaust administrative and judicial remedies notwithstanding the risk that a FEHA claim may no longer be viable." <u>Id</u>. at 1145

Pursuant to <u>Page</u>, <u>Schifando</u> and <u>Johnson</u>, Plaintiff's First, Second and Eight Claims for FEHA Retaliation, Failure to Prevent Retaliation, and Negligence/Failure to Investigate must be dismissed as the Court has no subject matter jurisdiction due to Plaintiff's failure to exhaust his chosen administrative and judicial remedies.

## VII. **PLAINTIFF'S THIRD AND NINTH CLAIMS AGAINST DEFENDANTS AND THEIR OUTSIDE COUNSEL ARE BARRED BY THE ABSOLUTE LITIGATION PRIVILEGE**

Cal. Civil Code section 47(b) provides absolute immunity from tort liability, including statutory causes of action and privacy claims, for privileged communications made in <u>any</u> judicial proceedings or "in the initiation or course of <u>any</u> other proceeding

10

authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure."  Cal. Civ. Code §§ 47(b)(2), 47(b)(4).

The intent of section 47 is to provide immunity from tort liability for communications made in judicial proceedings or other proceedings authorized by law, and which includes statutory causes of action.  Oei v. N. Star Capital Acquisitions, LLC, 486 F.Supp.2d 1089 (C.D.Cal.2006). The litigation privilege immunizing participants from liability for torts arising from communications made during judicial proceedings is **absolute** in nature, applying to all publications, irrespective of malice. Optional Capital, Inc. v. Akin Gump Strauss, Hauer & Feld LLP, 18 Cal.App.5th 95 (2017) (emphasis added) *Any doubt about whether the litigation privilege immunizing participants from liability for torts arising from communications made during judicial proceedings applies is resolved in favor of applying it*. Id.

The litigation privilege is interpreted broadly in order to further its principal purpose of affording litigants and witnesses the utmost freedom of access to the courts and to other official proceedings without fear of harassment in derivative tort actions. Kerner v. Superior Court, 206 Cal.App.4th 84 (2012). The privilege applies to any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation. Finton Construction, Inc. v. Bidna & Keys, APLC, 238 Cal.App.4th 200 (2015).  Pleadings filed to commence an action in a court, all subsequent communications of judge, counsel, jurors, parties, and witnesses in actual course of judicial proceeding, are clothed with absolute privilege. West Inv. Co. v. Moorhead, 120 Cal.App.2d 837 (1953).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

*The privilege expressly bars claims for invasion of right to privacy regardless of how they are labeled*. Jacob B. v. County of Shasta, 40 Cal.4th 948 (2007).  In Jacob B., the court decided whether the privilege covered a letter that a supervisor of a county victim witness program wrote in connection with a confidential family law proceeding that involved visitation rights and had provided to counsel for the parents. The letter provided information regarding whether one of the persons being considered for visitation (Jacob B.) had molested his nephew a decade earlier.  The letter was then attached to a declaration and submitted to the court in a filing.  The uncle (Jacob B.) later filed suit against the County of Shasta and the supervisor of the witness program alleging, among other things, an invasion of privacy.  After the court concluded that the letter was written in connection with a judicial proceeding, the court examined whether the privilege bars causes of action for invasion of privacy and stated as follows:

> "If the policies underlying section 47(b) are sufficiently strong to support an absolute privilege, the resulting immunity should not evaporate merely because the plaintiff discovers a conveniently different label for pleading what is in substance an identical grievance arising from identical conduct as that protected by section 47(b)." (citation omitted.) Section 47(b)'s litigation privilege bars a privacy cause of action whether labeled as based on common law, statute, or Constitution." Id. at 962.

Regarding Defendants' underlying writ petition, Cal. Code. Civ. Proc. section 1085 states:

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

(a) A writ of mandate may be issued by any court to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled, and from which the party is unlawfully precluded by that inferior tribunal, corporation, board, or person.

Section 1094.5 states:

"(a)  Where the writ is issued for the purpose of inquiring into the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken, and discretion in the determination of facts is vested in the inferior tribunal, corporation, board, or officer, the case shall be heard by the court sitting without a jury.  **All or part of the record of the proceedings before the inferior tribunal, corporation, board, or officer may be filed with the petition**, may be filed with respondent's points and authorities, or may be ordered to be filed by the court." (Emphasis added.)

And most specifically, Ventura County Personnel Rules, section 2321 re Judicial Review, the rules to which Plaintiff availed himself, specifically states:

"Judicial review of a decision or order of the Commission may be had by filing and serving a petition for a writ of mandate in accordance with the provisions of the Code of civil Procedure. . . The party seeking judicial review

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

shall bear the cost of having a record of the proceedings prepared for the reviewing court."

Plaintiff's Complaint here admittedly and irrefutably sues Defendants, and their hired private outside counsel, for (1) breach of privacy rights; (2) in the filing of a section 1085 superior court writ petition; (3) based on filing Plaintiff's personnel records directly related to the determination of his termination appeal; and (4) expressly authorized by statute and County rules.  Plaintiff's Claims are improper and unlawful as violating the absolute litigation on all three counts:  (1) Jacob B. affirms that the litigation privilege bars all privacy claims; (2) section 47(b) expressly immunizes all publications specifically in section 1085 writ petitions, in addition to immunizing publication in **all** judicial proceedings; and (3) Plaintiff's Notice of Discipline was directly related to Defendants' writ petition seeking determination of the arbiter of Plaintiff's appeal from termination. See, also, Albertson v. Raboff, 46 Cal.2d 375 (1956) ["It is our opinion that the privilege applies to any publication…in the course of a judicial proceeding to achieve the objects of the litigation…";  Silberg v. Anderson, 50 Cal.3d 205 (1990); Falcon v. Long Beach Genetics, 224 Cal.App.4th 1263 (2014); Aronson v. Kinsella, 58 Cal.App.4th 254, 261-268 (1997), all affirming the litigation privilege as absolute.

With respect to Defendant ZAPPIA, an attorney is absolutely privileged to publish communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of a judicial proceeding in which he participates as counsel,

if it has some relation thereto. <u>Friedman v. Knecht</u>, 248 Cal.App.2d 455 (1967).  For this additional reason, the litigation privilege bars all Claims against Defendant ZAPPIA.

## VIII.  <u>THE INDIVIDUAL DEFENDANTS MUST BE DISMISSED FROM PLAINTIFF'S THIRD, EIGHTH AND NINTH STATE LAW CLAIMS PURSUANT TO THE ABSOLUTE IMMUNITIES THEY ENJOY AS PUBLIC EMPLOYEES</u>

Cal. Govt. Code section 820.2 states: "a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the discretion vested in him whether or not such discretion is abused."  Section 820.2 bestows absolute immunity for "discretionary acts" by public employees. <u>Caldwell</u>, <u>supra</u>, 10 Cal.4th at 989.

"This common law immunity was to extend to all executive public officers when performing within the scope of their power acts which require exercise of discretion or judgment." <u>Hardy v. Vial</u>, 48 Cal.2d 577, 582 (1957).  "The immunity was absolute, and it protected an official 'notwithstanding malice or other sinister motive.'" <u>Ibid</u>. "The historical basis of the rule was that fear of civil lawsuits might deter officials from the zealous and unflinching discharge of their public duties." <u>Id</u>. at 582-583. "[W]e applied the rule liberally to protect the officials of public agencies…when they took discretionary actions within the scope of their authority and duty concerning the employment of…personnel." <u>Caldwell</u>, <u>supra</u>, 10 Cal.4th at 979.

In <u>Kemmerer v. County of Fresno</u>, 200 Cal.App.3d 1426 (2009), a public employee's supervisors disciplined the employee after another supervisor conducted an investigation and filed an interoffice report describing the investigation and recommending

the dismissal of the employee.  The court held that the decision to discipline the employee was a discretionary decision entitling the supervisors to immunity under Government Code section 820.2. Id. at 1438. The court also found there were "strong policy considerations in favor of upholding immunity." Ibid.  The court explained:

> "If every public entity employee who was found to have committed an act of misconduct and later disciplined were allowed to bring a tort action against his coworkers and superiors, this would certainly bode ill for the continuing efficiency and morale of the civil service system.  Supervisors within the civil service system would not be able to fulfill their function without the overhanging threat of legal action from employees subject to discipline." Id. at 1439.

Therefore, the court found that the individual defendants were immune from liability for discipline decisions under Government Code sections 820.2 and 821.6. Id. at 1435-39.

Furthermore, as stated above, section 821.6 provides "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." A supervisor's investigation and initiation of disciplinary proceedings against a public employee constitute conduct falling within the scope of an "administrative proceeding" and are immune from liability.  Kemmerer, 200 Cal.App.3d at 1436-37.

Again, in Kemmerer, the court found the institution of disciplinary proceedings and investigation were within the supervisors' scope of employment and "cloaked [them] with

16

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

immunity." Id. at 1436-37.

Pursuant to California's privileges and immunities afforded public employees, the individual Defendants should be dismissed from Plaintiff's third, eighth and ninth state law claims without leave to amend.

## IX. PLAINTIFF'S THIRD AND NINTH CLAIMS UNDER CALIFORNIA'S POBR AND PENAL CODE § 832.7 MUST BE DISMISSED BECAUSE NEITHER PROVIDES FOR A CIVIL CAUSE OF ACTION FOR INVASION OF PRIVACY

Plaintiff's Third and Ninth Claims under POBR and Negligence/Section 832.7 allege his privacy was violated when Defendants' filed certain of his personnel records in support of their section 1085 writ petition in August 2018.  In addition to being barred by the absolute litigation privilege, neither the POBR nor section 832.7 provide for a civil claim for invasion of privacy.  The POBR sets forth a public safety officer's procedural due process rights when subject of a discipline investigation. It also specifically provides only for a $25,000 penalty if the POBR is violated. (Cal. Gov't Code §§3300-3313).   Thus, the POBR simply does not provide for a cause of action for an alleged violation of privacy due to an alleged disclosure of a peace officer's personnel file.

Further, it is clear that a POBR claim may be brought only against "a public safety department," and not individual defendants. Cal. Gov't Code §§ 3300, 3309.5.  Indeed, Cal. Gov't Code §3309.5(e) provides "An individual shall not be liable for any act for which **a public safety department** is liable under this section."

California Penal Code section 832.7 which again is **not** under the POBR, states on its face:

> (a) Peace officer or custodial officer personnel records and records maintained by any state or local agency pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code. **This section shall not apply to investigations or proceedings concerning the conduct of peace officers** or custodial officers, or an agency or department that employs those officers, conducted by a grand jury, a district attorney's office, or the Attorney General's office." (*Emphasis added*.)

Indeed, California courts have therefore specifically held that section 832.7 does not provide a civil cause of action for breach of privacy. <u>Rosales v. City of Los Angeles</u>, 82 Cal.App.4th 419, 427-428 (2000); <u>City of Richmond v. Sup. Ct.</u>, 32 Cal.App.4th 1430, 1439 (1995). The first sentence of <u>Rosales</u>, <u>supra</u>, states:

> "We are called upon in this case to decide whether a violation of the statutory procedures governing disclosure of police personnel records gives rise to a private cause of action by the police officer whose records were improperly disclosed. We hold that violation of such procedures does not give rise to a private cause of action and therefore affirm the trial court's judgment of dismissal of the officer's action." <u>Rosales</u>, 82 Cal.App.4th at 422.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Plaintiff's Third and Ninth claims for invasion of privacy under POBR and section 832.7 should therefore be dismissed as they are not viable civil privacy claims as a matter of law.

## X.   PLAINTIFF'S FIFTH AND SIXTH CLAIMS ARE NON-COGNIZABLE CLAIMS FOR RELIEF

Plaintiff's Fifth Claim alleges "Policy, Custom & Practice" under "Monell," while his Sixth Claim alleges "Supervisory Liability."  Both are properly dismissed as failing to constitute a cognizable legal claim upon which relief may be granted.  Both are merely principles for establishing liability for the acts of another, and not viable claims for relief.

In Rodriguez v. Taco Bell, 896 F.3d 952 (9th Cir. 2018), the Court affirmed dismissal of Plaintiff's Claim that employers' offering employees free meals - as long as they ate it in the restaurant – finding that allegation did not violate any existing wage/hour law.

Here, as a matter of law, Plaintiff's Claims for "Monell" and "Supervisory Liability" also do not plead any cognizable violation of any law, as they are mere respondeat superior type doctrines which, by definition, must be predicated on some other alleged violation of law.  Accordingly, Plaintiff's Fifth and Sixth Claims should be dismissed as adding nothing in the way of relief to the Complaint.  (See also, Naffe v. Frey, 789 F.3d 1030, 1035-36 (9th Cir. 2015); Crook v. Thibedeaux, 693 Fed.Appx. 714 (9th Cir. 2017); non-plausible claims which add nothing by way of relief are properly dismissed.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

**XI.  DEFENDANT ZAPPIA MUST BE DISMISSED FROM PLAINTIFF'S EIGHTH AND NINTH CLAIMS FOR NEGLIGENCE AS HE OWED NO DUTY TO PLAINTIFF AS A MATTER OF LAW AND WAS NOT A SUPERVISOR**

Plaintiff's Complaint admits that Defendant ZAPPIA is Defendants' private hired outside counsel, retained to represent Defendants against Plaintiff's appeal of his termination, and not a supervisor.  Complaint, ¶¶13, 16, 22.

It is the most basic of law that the threshold element of a negligence claim is Plaintiff establishing the Defendant owed him a legal duty. Ladd v. County of San Mateo, 12 Cal.4th 913, 917 (1996); Kentucky Fried Chicken v. Superior Court, 4 Cal.4th 814, 819 (1997) [A legal duty is the "well-established" threshold element of a negligence claim].

Here, ZAPPIA owed Defendants' a legal fiduciary duty in litigation to defendants, not to opposing party Plaintiff, and he should be dismissed.

**Waiver:**  Further, since Plaintiff alleges that his privacy rights continue to be violated since his personnel records remain available in the superior court for eight months – it is his own counsel which owed him a duty of care to move for a protective order or to seal the record if warranted had there been any such violation.  Having failed to do so, Plaintiff's Third and Ninth Claims alleging breach of privacy have been **waived**.  Failure to exercise a right may be construed by a court as a waiver of that right.  Roesch v. De Mota, 24 Cal.2d 563, 572 (1944); Kern Sunset Oil Co. v. Good Roads Oil Co., 214 Cal. 435, 440–441 (1931).  In DuBeck v. California Physicians' Service, 234 Cal.App.4th 1254, 1265 (2015), an insurer's failure to assert its right to cancel its policy for 2 years constituted

a waiver of that right.  In <u>Gould v. Corinthian Colleges, Inc</u>., 192 Cal.App.4th 1176, 1179 (2011), the court held that a party's acceptance of benefits under a contract waived his rights to cancel the contract.

## XII. PLAINTIFF'S SEVENTH CLAIM FOR FOURTEENTH AMENDMENT DUE PROCESS FAILS AS THE COMPLAINT ITSELF ESTABLISHED HE WAS PROVIDED HIS PUBLIC EMPLOYEE DUE PROCESS RIGHTS

Plaintiff's Seventh Cause of action alleges a violation of his Procedural Due Process. Specifically, he alleges that the defendants acted with bias or with an impermissible appearance of bias because they rejected the evidence Plaintiff presented at his <u>Skelly</u> hearing.  However, there is no law that requires these defendants (or any public employer) to accept the arguments and/or evidence presented at a pre-disciplinary <u>Skelly</u> meeting. Indeed, all that is required is that Plaintiff be provided an opportunity to be heard before discipline is implemented and an evidentiary appeal hearing after discipline is implemented.  <u>Skelly v. State Personnel Bd.</u>, 15 Cal.3d 194 (1975)),

To establish a due process claim, Plaintiff must show that a person acting under the color of state law deprived him of a right, privilege or immunity protected by the Constitution or federal law. <u>Gomez v. Toledo</u>, 446 U.S. 635, 640 (1980). A "procedural due process claim hinges on proof of two elements: (1) a protectable liberty or property interest; and (2) a denial of adequate procedural protections." <u>Thornton v. City of St. Helens</u>, 425 F.3d 1158, 1164 (9th Cir. 2005). The Ninth Circuit has consistently held that "some form of hearing is required before an individual is finally deprived of a property

21

interest." <u>Mathews v. Eldridge</u>, 424 U.S. 319, 333 (1976) (citations omitted). Thus, the fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." <u>Armstrong v. Manzo</u>, 380 U.S. 545, 552 (1965). Even in the context of a termination proceeding, the hearing "need not be elaborate"—"[i]n general, 'something less' than a full evidentiary hearing is sufficient prior to adverse administrative action." <u>Cleveland Bd. of Educ. v. Loudermill</u>, 470 U.S. 532, 545 (1985) (citing Mathews, 424 U.S. at 343).

Moreover, even if as alleged, Defendant MAURIZI was not impartial, there is no due process liability because the final decisionmaker is the Civil Service Commission, which Plaintiff asserts is impartial.  <u>Walker v. City of Berkeley</u>, 951 F.2d 182, 184 (9th Cir. 1991) ("[T]he failure to provide an impartial decisionmaker at the pre-termination stage, of itself, does not create [due process] liability, so long as the decisionmaker at the post-termination hearing is impartial."); <u>Ramirez v. Cnty. of Marin</u>, 2011 WL 5080145, at 12 (N.D.Cal. Oct. 25, 2011) ("Because an independent post-termination hearing was available, plaintiff's allegations of bias at the pre-termination stage do not state a due process claim.")

Here, Plaintiff's own complaint concedes he was provided with such a hearing before MAURIZI and alleges that he "took advantage of his right to a Skelly hearing." (Complaint ¶45) Plaintiff alleges that he provided to MAURIZI 75 pages worth of materials "proving that the decision to terminate him was an abuse of power taken in retaliation for

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

repeatedly telling the truth and exercising his right to speak freely on behalf of VCERA and its members."  Id.

Plaintiff also concedes that he was provided a post-disciplinary hearing, which remains pending.  (Complaint ¶¶68, 73.)  Yet, he alleges that because MAURIZI was biased and because she upheld the termination, he was somehow denied his due process rights.  However, regardless of whether MAURIZI was biased, because Plaintiff's post-termination appeal is being heard by the CSC, who he has alleged previously is unbiased, he has failed to state a due process claim.  Thus, the Seventh Cause of Action fails to state a claim upon which relief may be granted as a matter of law.

Finally, pursuant to Page, Schifando and Johnson above, Plaintiff's due process claims are premature as he admittedly has not yet completed his administrative due process remedies.

## XIII.  **DEFENDANT VCDA IS NOT A LEGAL ENTITY AND HAS NO CAPACITY TO SUE OR BE SUED**

Defendant COUNTY is a legal entity existing under the laws of the State of California.  (California Constitution, Article XI, Section I)  VCDA is not.  It is merely a department of the County. Accordingly, it has no legal capacity to sue or be sued, and should be dismissed.

## XIV.  **CONCLUSION**

For all of the reasons set forth above, this court should enter an order:

1.    Dismissing Plaintiff's First, Second and Eighth claims for failure to exhaust

23

his ongoing administrative remedies.

2.     Dismissing Plaintiff's Third and Ninth Claims for unlawfully suing Defendants and their outside counsel for exercising their absolute right to file a superior court action authorized by law and directly related to Plaintiff's termination proceedings.

3.     Dismissing the individual Defendants from Plaintiff's First, Third, Eighth and Ninth state law claims pursuant to their absolute immunity against claims arising from discretionary actions taken with the course and scope of their employment.

4.     Dismissing Plaintiff's Third and Ninth claims for breach of privacy under California's POBR and Penal Code section 832.7, as neither allow for a civil breach of privacy claim.

5.     Dismissing Plaintiff's Sixth and Seventh Claims for "Monell" and "Supervisory Liability" as neither constitutes a plausible claim alleging a violation of any existing law.

6.     Dismissing Defendant ZAPPIA from Plaintiff's Third, Eighth and Ninth Claims under POBR and Negligence pursuant to litigation privilege and because, as Defendants' hired counsel, he had no employment decision-making authority and owed not duty to Plaintiff as opposing counsel in litigation.

7.     Dismissing the Individual Defendants from Plaintiff's Seventh Claim for Fourteenth Amendment Due Process/Section 1983, as there is no showing they had any knowledge of Plaintiff's alleged protected activity of speaking against the County in his capacity as a VCERA officer.

8.    Dismissing Defendant VCDA because it is not a legal entity with the capacity to sue or be sued.

Dated: May 9, 2019                    Respectfully submitted,

                                      THE ZAPPIA LAW FIRM
                                      A Professional Corporation

                              By: /s/ Edward P. Zappia
                                   _____
                                      Edward P. Zappia
                                      Brett M. Ehman


                                      VENTURA COUNTY COUNSEL
                                      Leroy Smith
                                      Matthew A. Smith

                                      Attorneys for All Defendants

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

## CERTIFICATE OF SERVICE

**CASE NAME: TRACY TOWNER v. COUNTY OF VENTURA, et al.**

**CASE NUMBER: 2:19-cv-03584-VAP(GJS)**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is: THE ZAPPIA LAW FIRM, A Professional Corporation, One Pacific Plaza, 7777 Center Avenue, Suite 625, Huntington Beach, CA 92647.  On May 9, 2019, I served the document(s) described below on the interested parties in this action as follows:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Mark Pachowicz
mark@pachowicz.com
Jennie Hendrickson
jennie@pachowicz.com
LAW OFFICES OF MARK
PACHOWICZ APLC
4055 Mission Oaks Blvd., Suite A
Camarillo, CA 93012
Add.    emails:    cheryl@pachowicz.com;
                          jonny@pachowicz.com;
                          kat@pachowicz.com;
                          susan@pachowicz.com

Leroy Smith,
leroy.smith@ventura.org
Matthew A. Smith
matthew.smith@ventura.org
VENTURA COUNTY COUNSEL
County Government Center
800 S. Victoria Ave., L/C #1830
Ventura, CA 93009

Attorneys for Plaintiff,
TRACY TOWNER

Co-counsel for All Defendants
(Except Edward Zappia)

**[XX]    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LR, the foregoing document will be served by the court via NEF and hyperlink to the document. On May 10, 2019, I checked the CM/ECF docket for this case and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses listed above.

**[XX]    FEDERAL:**  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 9, 2019 at Huntington Beach, California.

_____
Linnda Hing