1  THE ZAPPIA LAW FIRM
   A Professional Corporation
2  Edward P. Zappia (SBN175099)
   ezappia@zappialegal.com
3  Brett Ehman (SBN 247205)
   behman@zappialegal.com
4  One Pacific Plaza
   7777 Center Avenue, Suite 625
5  Huntington Beach, CA  92647
   Telephone:  213-814-5550
6  Facsimile:   213-814-5560

7  Attorneys for All Defendants

8  VENTURA COUNTY COUNSEL
   Leroy Smith, (SBN 107702)
9  leroy.smith@ventura.org
   Matthew A. Smith (SBN 167320)
10 Matthew.Smith@ventura.org
   County Government Center
11 800 S. Victoria Ave., L/C #1830
   Ventura, CA 93009
12 Phone: 805-654-2581
   Facsimile: 805-654-2185
13
   Attorneys for All Defendants (except Edward Zappia)

14

15              **UNITED STATES DISTRICT COURT**

16     **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

17  TRACY TOWNER, an individual,          CASE NO: 2:19-cv-03584-VAP(GJS)
                                          Assigned to Hon. Virginia A. Phillips
18            Plaintiff,
19     vs.                                **DEFENDANTS' MEMORANDUM OF
                                          POINTS AND AUTHORITIES IN
20  COUNTY OF VENTURA, a public entity;   SUPPORT OF THEIR SPECIAL
21  VENTURA COUNTY OFFICE OF THE          MOTION TO STRIKE THE THIRD
    DISTRICT ATTORNEY (VCDA); a public    AND NINTH CLAIMS FOR RELIEF
22  department of the County of Ventura;  AND DEFENDANTZ ZAPPIA FROM
    GREGORY D. TOTTEN, individually and   PLAINTIFF'S COMPLAINT AND FOR
23  in his official capacity as District Attorney;  ATTORNEY'S FEES (ANTI-SLAPP)
24  MICHAEL D. SCHWARTZ, individually
    and in his official capacity as Deputy  **(Cal. Code of Civ. Proc. § 425.16)
25  District Attorney; JANICE L. MAURIZI,  Hearing**
    individually and in her official capacity;  Date:    June 10, 2019
26  EDWARD ZAPPIA, individually; CHIEF    Time:    2:00 PM
27                                        Crtrm:   8A
28

MICHAEL BARAY, individually and in his official capacity as Chief of the Bureau of Investigation; and DOES 1 through 20 inclusive;

        Defendants.

[**Notice of Motion and Motion, Declaration of Edward Zappia, Request for Judicial Notice, and Proposed Order filed concurrently herewith**]

Complaint filed:   April 17, 2019
Complaint served: April 19, 2019
Removal:          April 29, 2019

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR SPECIAL MOTION TO STRIKE

# **TABLE OF CONTENTS**

I.    INTRODUCTION ............................................................................. 1

II.   WHY THIS MOTION SHOULD BE GRANTED ................................... 2

III.  STATEMENT OF PERTINENT FACTS ............................................... 3

IV.  PLAINTIFF'S THIRD AND NINTH CLAIMS CHILL DEFENDANTS' BROAD RIGHT TO PETITION THE COURTS FOR REDRESS AND IMPERMISSIBLY SEEK TO CREATE A CONFLICT BETWEEN DEFENDANTS AND THEIR CHOSEN COUNSEL ................................. 4

V.   IT IS IRREFUTABLE THAT DEFENDANTS' PETITIONING THE COURT FOR REDRESS MEETS THEIR BURDEN OF ESTABLISHING THEY ENGAGED IN PROTECTED ACTIVITY UNDER THE STATUTE ........ 8

VI.  IT IS UNDISPUTED THAT PLAINTIFF'S THIRD AND NINTH CLAIMS ARISE FROM DEFENDANTS' PROTECTED ACTIVITY ................................ 11

VII.  PLAINTIFF CANNOT ESTABLISH A LIKELIHOOD OF SUCCESS ON HIS THIRD OR NINTH CLAIMS OR AGAINST DEFENDANT ZAPPIA BECAUSE THEY ARE REPLETE WITH FATAL LEGAL AND FACTUAL DEFECTS ............................................................. 14

    1.   The Absolute Litigation Privilege Bars Plaintiff's Third and Ninth Causes of Action ............................................................. 15

    2.   Neither California's POBR Nor Penal Code 832.7 Provide for a Civil Cause of Action for Invasion of Privacy ...................................... 20

    3.   Plaintiff Cannot Prevail against ZAPPIA on any Claim Because ZAPPIA had no Duty to Plaintiff and Was not Plaintiff's Supervisor ........... 22

VIII. CONCLUSION ........................................................................ 22

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR SPECIAL MOTION TO STRIKE

# **TABLE OF AUTHORITIES**

**Cases**

Bergstein v. Stroock & Stroock & Lavan LLP,
  236 Cal.App.4th 793 (2015) ............................................................. 15

Bradshaw v. City of Los Angeles,
  221 Cal.App.3d 908, 918-919 (1990) ............................................... 21

Briggs v. Eden Council,
  19 Cal.4th 1106, 1116 (1999) .................................................... 6, 7, 9

Cabral v. Martins,
  177 Cal.App.4th 471-479 (2009) ..................................................... 10

Cho v. Chang,
  219 Cal.App.4th 521, 527 (2013) ..................................................... 12

Church of Scientology v. Wollersheim,
  42 Cal.App.4th 628, 647-648 (1996) .................................................. 7

City of Cotati v. Cashman,
  29 Cal.4th 69, 78 (2002) ............................................................. 9, 11

City of Richmond v. Sup. Ct.,
  32 Cal.App.4th 1430, 1439 (1995) ................................................... 21

Commonwealth Energy Corp. v. Investor Data Exchange,
  Inc., 110 Cal.App.4th 26, 31 (2003) ................................................... 8

ComputerXpress v. Jackson,
  93 Cal.App.4th 993, 999 (2001) ......................................................... 7

Copley Press v. Sup. Ct.,
  39 Cal.4th 1272 (2006) .................................................................... 21

Dupont Merck Pharm. Co. v. Super. Ct.,
  78 Cal. App. 4th 562, 568 (2002) ..................................................... 15

Equilon Enterprises v. Consumer Cause, Inc.,
  29 Cal.4th 53, 58-59 (2002) .............................................................. 9

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR SPECIAL MOTION TO STRIKE

Evans v. Unkow,
    38 Cal.App.4th 1490, 1497 (1995)................................................................15

Finton Construction, Inc. v. Bidna & Keys, APLC,
    238 Cal.App.4th 200 (2015)........................................................................17

Fox Searchlight Picture, Inc v. Paladino,
    89 Cal.App.4th 294 (2001)......................................................................8, 12

Fremont Reorganizing v. Faigin,
    198 Cal.App.4th 1153 (2011)......................................................................8

Friedman v. Knecht,
    248 Cal.App.2d 455 (1967)........................................................................19

G.R. v. Intelligator,
    185 Cal.App.4th 606, 612-616 (2010) .......................................................10

Globetrotter Software, Inc. v. Elan Computer Group, Inc.,
    63 F.Supp.2d 1127, 1128 (N.D. Cal.1999) ..................................................5

Greka Integrated, Inc. v. Lowrey,
    133 Cal.App.4th 1572, 1577 (2005)............................................................14

Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.,
    129 Cal.App.4th 1228, 1244 (2005)............................................................14

Jacob B. v. County of Shasta,
    40 Cal.4th 948 (2007)..........................................................................17, 18

Jarrow Formulas, Inc. v. LaMarche,
    31 Cal.4th 728, 734-35 (2003) ...................................................................11

Jesperson v. Zubiate,
    114 Cal.App 4th 624, 629 (2003) .................................................................8

Kentucky Fried Chicken v. Superior Court,
    4 Cal.4th 814, 819 (1997)..........................................................................22

Ladd v. County of San Mateo,
    12 Cal.4th 913, 917 (1996).........................................................................22

Mann v. Quality Old Time Service, Inc.,
    120 Cal.App.4th 90, 103 (2004)..................................................................12

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR SPECIAL MOTION TO STRIKE

Martinez v. Metabolife Internat., Inc.,
   113 Cal.App.4th 181, 188 (2003)..................................................................12

Navellier,
   29 Cal.4th 82, 90 (2002)...............................................................7, 8, 11, 14

Oei v. N. Star Capital Acquisitions, LLC,
   486 F.Supp.2d 1089 (C.D.Cal.2006)............................................................16

Optional Capital v. Akin Gump,
   18 Cal.App.5th 95, 114-115 (2017).........................................................6, 16

Paul for Council v. Hanyecz,
    85 Cal.App.4th 1356, 1367, (2001)..............................................................14

Robertson v. Rodriguez,
   36 Cal.App.4th 347, 358-59 (1995) ..............................................................15

Rosales v. City of Los Angeles,
   82 Cal.App.4th 419, 427-428 (2000) .............................................................21

Rusheen v. Cohen,
   37 Cal.4th 1048, 1056 (2006).........................................................................7

Scott v. Metabolife Internat., Inc,
   115 Cal.App.4th 404, 414 (2004) ..................................................................12

Sipple v. Foundation for National Progress,
   71 Cal.App.4th 226, 236 (1999) .....................................................................6

Vess v. Ciba-Geigy Corp. USA,
   317 F.3d 1097 (9th Cir. 2003) ........................................................................6

West Inv. Co. v. Moorhead,
   120 Cal.App.2d 837 (1953) ...........................................................................17

Wilcox v. Superior Court,
   27 Cal.App.4th 809, 824 (1994) ....................................................................14

**Statutes**

Cal. Civ. Code § 47(b) .........................................................................2, 16, 18

Cal. Code of Civ. Proc. §§ 425.16(e)(1)-(4) ....................................................9

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR SPECIAL MOTION TO STRIKE

Cal. Code of Civ. Proc. §425.16(a), (b) ........................................................2, 6

Cal. Gov't Code §3309.5(e) ..............................................................................20

Cal. Penal Code section 832.7 ....................................................................13, 20

Cal. Code of Civ. Proc. § 1085 .................................................................passim

Cal. Code of Civ. Proc. § 1084, et. seq. ...........................................................19

Cal. Code of Civ. Proc. § 425.16 ..............................................................passim

Cal. Code of Civ. Proc. § 425.16 (e) ..................................................................9

**Rules**

Ventura County Personnel Rules, Rule 2321 ......................................................9

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR SPECIAL MOTION TO STRIKE

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

The nine claims for relief in Plaintiff's Complaint primarily allege two things.  First, Plaintiff alleges that <u>during his employment</u> as a Ventura County District Attorney Investigator Commander, Defendants violated his Constitutional, due process and civil rights by subjecting him to retaliatory employment decisions for having provided testimony adverse to the County in 2007, 2011 and 2017.  Complaint, Causes of Action 1, 2, 4, 5, 6, 7, 8. [1]

Second, and pertinent to this motion, <u>after Plaintiff's employment</u> was involuntarily terminated for his dishonesty while testifying under oath, Plaintiff alleges that Moving Defendants COUNTY, VCDA, District Attorney TOTTEN, Chief Assistant District Attorney SCHWARTZ, and their hired counsel ZAPPIA, violated Plaintiff's privacy rights in his personnel files, arising from *Moving Defendants' decision and action of filing a Petition for Writ of Mandamus under California Code of Civil Procedure § 1085 in connection with Plaintiff's termination from employment*.  Complaint, Claims 3 and 9 for Public Safety Officers Procedural Bill of Rights Act ("POBR"), and Negligence Per Se.

These Claims, as well as suing Defendants' private counsel Zappia, fall squarely within the anti-SLAPP statutes on all counts and should be specially stricken.

---

[1] Plaintiff's Complaint expressly admits Defendant ZAPPIA is Defendants' hired counsel to represent their interests against Plaintiff's administrative appeals and related litigation, and "not a supervisor." (Complaint, ₱ 13; p.9:7-8)

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR SPECIAL MOTION TO STRIKE

## II.   <u>WHY THIS MOTION SHOULD BE GRANTED</u>

1.     Plaintiff's Third and Ninth Causes of Action unlawfully arise from and chill Moving Defendants' constitutional rights to petition the courts for redress in filing a statutorily authorized section 1085 Petition for Writ of Mandamus. Cal. Code of Civ. Proc. §425.16(a), (b).   They also impermissibly seek to manufacture a conflict and deprive Defendants of their chosen counsel.

2.     Defendants' writ petition was authorized by statute and County Rules and, all evidence attached thereto was in connection with the Petition. RJN, Exhs. 1, 2, 3.

3.     Plaintiff cannot establish a likelihood of prevailing against these causes of action because publications made when initiating and pursuing a section 1085 Petition for Writ of Mandamus are expressly privileged publications by statute. Cal. Civ. Code § 47(b), i.e. "litigation privilege."   Section 47(b) litigation privilege bars a privacy cause of action whether labeled as based on common law, statute, or Constitution.

4.     Plaintiff's Third and Ninth Claims allege privacy violations, as privacy claims are both: (1) expressly protected by California's Litigation Privilege; and (2) the anti-SLAPP statutes.

5.     Plaintiff cannot establish a likelihood of prevailing on his Third or Ninth Claims under the POBR  or Section 832.7 because neither provide Plaintiff a private cause of action for damages for invasion of privacy.

6.     Plaintiff cannot establish a likelihood of prevailing on his Eighth employment/failure to prevent claim against Defendant ZAPPIA as his Complaint

2

expressly pleads that ZAPPIA is Defendants' hired counsel and "not a supervisor."

7.     Plaintiff cannot establish a likelihood of prevailing on his Ninth Claim for negligence per se because Moving Defendants owed no duty to Plaintiff as adversaries in litigation.

## III.   <u>STATEMENT OF PERTINENT FACTS</u>

Plaintiff's Complaint repeatedly alleges/admits only several key facts pertinent to this motion:

1.     Defendant ZAPPIA is Defendants' outside counsel retained to represent Defendants against Plaintiff's allegations, and is not a supervisor.  (Complaint, 13, p.9:7-8);

2.     Plaintiff's Third and Ninth Claims (POBR & Negligence per se) allege breach of privacy arising from Defendants' privileged decisions and actions to hire outside counsel/Defendant ZAPPIA and to file a Petition for Writ of Mandamus pursuant to California Code of Civil Procedure § 1085. (Complaint, ¶¶ 12-16, 22, 25, 68, 69, 94, 99, 101, 102.)

3.     Defendants' section 1085 Writ Petition was filed in connection with Plaintiff's termination from employment and excerpts of Plaintiff's personnel file were in furtherance of the Writ Petition.  (Complaint, ¶¶ 61-65, 100, 149; RJN, Exhs. 1, 2, 3.)  As Plaintiff's Complaint admits that Defendants' section 1085 Writ Petition moved to disqualify the Civil Service Commission from hearing Plaintiff's appeal from termination for dishonesty, as that same Commission had previously found Plaintiff to be credible, and

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR SPECIAL MOTION TO STRIKE

that finding was in dispute.   (Complaint, ¶¶ 66, 94, 149.)   Thus, the Petition was in furtherance of Defendants' related rights and, Plaintiff's attached Notice of Termination was filed in connection with that action.

Based on these facts as pled, Plaintiff's Third and Ninth Claims, and suing Defendants' counsel ZAPPIA fall squarely within every aspect of the anti-SLAPP statute. Moreover, Plaintiff cannot establish a likelihood of success on either of the Claims due to the numerous legal defects in all of them.   Accordingly, this anti-SLAPP motion should be granted.

## IV. PLAINTIFF'S THIRD AND NINTH CLAIMS CHILL DEFENDANTS' BROAD RIGHT TO PETITION THE COURTS FOR REDRESS AND IMPERMISSIBLY SEEK TO CREATE A CONFLICT BETWEEN DEFENDANTS AND THEIR CHOSEN COUNSEL

**Anti-SLAPP Statute:** California and a number of other states have enacted statutes to counteract the filing of what are known as Strategic Lawsuits Against Public Participation (i.e., "anti-SLAPP" statutes).  California's anti-SLAPP statute, Code of Civil Procedure section 425.16, provides:

(a) The Legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.   The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process.

4

To this end, this section shall be construed broadly.

(b)(1)  A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

\*\*\*

(e)  As used in this section, "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes:  (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law…)

**Anti-SLAPP Purpose:** The anti-SLAPP statute "was enacted in order to provide for the early dismissal of meritless suits aimed at chilling the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." Globetrotter Software, Inc. v. Elan Computer Group, Inc., 63 F.Supp.2d 1127, 1128 (N.D. Cal.1999); Batzel v. Smith, 333 F.3d 1018, 1023-24 (9th Cir. 2003)("California law

provides for pre-trial dismissal of 'SLAPPs' ... [which are] lawsuits that 'masquerade as ordinary lawsuits' but are brought to deter common citizens from exercising their political or legal rights or to punish them for doing so."); Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097 (9th Cir. 2003) (purpose of the anti-SLAPP statute is "to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation").

**Anti-SLAPP Broadly Construed**:  The anti-SLAPP statute specifies that it should be "construed broadly" and allows a defendant to move to strike a plaintiff's complaint if the complaint stems "from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution in connection with a public issue."  Cal. Code Civ. Proc. §§ 425.16(a), 425.16(b)(1) (emphasis added).

> "Some courts have failed to understand that this statute covers any conduct in furtherance of the constitutional rights of petition and of free speech with a public issue or with any issue of public interest." (June 23, 1997, Assembly Judiciary Committee Analysis 76; Senate Third Reading Analysis; Sipple v. Foundation for National Progress, 71 Cal.App.4th 226, 236 (1999).)

**Petition for Redress and Court Filings Covered: All** petition for redress related activity is covered, even if no public issue is involved. Briggs v. Eden Council, 19 Cal.4th 1106, 1116 (1999).  Section 425.16 is construed broadly, to protect the right of litigants to the utmost freedom of access to the courts without the fear of being harassed subsequent by derivative tort actions.  Optional Capital v. Akin Gump, 18 Cal.App.5th 95, 114-115

(2017) [law firm's representation of client in state court litigation was a "prima facie showing that Plaintiff's claims arise from Defendants' constitutional protected activity"].

Any and all statements or writings made in the course of judicial proceedings are protected by the anti-SLAPP statute.  Litigation-related activities, such as the filing of a lawsuit, reflect the exercise of a person's constitutional guaranteed right to petition the government for grievances. <u>Navellier</u>, 29 Cal.4th 82, 90 (2002); <u>Briggs</u>, <u>supra</u>, 19 Cal.4th at 1115.

Actions based on the filing of judicial pleadings – petitioning activity – are protected by the anti-SLAPP statute. <u>Church of Scientology v. Wollersheim</u>, 42 Cal.App.4th 628, 647-648 (1996).  The Constitutional right to petition includes the basic act of filing litigation or otherwise seeking administrative action. <u>ComputerXpress v. Jackson</u>, 93 Cal.App.4th 993, 999 (2001).

Although defamation claims are the typical causes of action in a SLAPP suit, "the Legislature recognized that all kinds of claims could achieve the objective of a SLAPP suit – to interfere with and burden the defendant's exercise of his or her rights." <u>Navellier</u>, <u>supra</u>, 29 Cal. 4th at 92-93) ("Nothing in the statute itself categorically excludes any particular type of action from its operation . . . . [T]o adopt such a narrowing construction . . . would contravene the Legislature's express command that section 425.16 'shall be construed broadly'"); <u>Church of Scientology of California v. Wollersheim</u>, 42 Cal.App.4th 628, 652-653 (1996) (anti-SLAPP statute applies to any claim intended to "bludgeon the opposition into submission" or "chill" the defendants' opposition).

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR SPECIAL MOTION TO STRIKE

**Attorneys Covered**:  The anti-SLAPP statutes apply to "other persons" acting on behalf of others to protect that person's petitioning and free speech activities. <u>Rusheen v. Cohen</u>, 37 Cal.4th 1048, 1056 (2006).  Specifically, an attorney who files or prosecutes a civil action on behalf of a client qualifies for protection under the anti-SLAPP statutes. <u>Jesperson v. Zubiate</u>, 114 Cal.App 4th 624, 629 (2003) [applying anti-SLAPP to a malicious prosecution action based on written and oral statements made by a party's attorney in prior litigation].

**Privacy Claims Covered**:  Finally, *claims alleging disclosure of confidential or privileged information are specifically subject to anti-SLAPP motions.* <u>Fox Searchlight Picture, Inc v. Paladino</u>, 89 Cal.App.4th 294 (2001) [anti-SLAPP motion granted, dismissing a claim by corporation against former in-house attorney for disclosing confidential personnel information to her attorney in connection with her wrongful termination claim.  Further, a corporation could not create conflict of interest by suing Plaintiff's counsel]; <u>Fremont Reorganizing v. Faigin</u>, 198 Cal.App.4th 1153 (2011) [claims alleging breach of confidence are specifically subject to anti-SLAPP motions].

**V.**  **IT IS IRREFUTABLE THAT DEFENDANTS' PETITIONING THE COURT FOR REDRESS MEETS THEIR BURDEN OF ESTABLISHING THEY ENGAGED IN PROTECTED ACTIVITY UNDER THE STATUTE**

Plaintiff's Complaint repeatedly admits that his Third & Ninth Claim arise from Defendants' filing a section 1085 writ petition.  Complaint, ¶¶ 13, 16, 100.

Courts evaluate anti-SLAPP motions using a two-step process.  <u>Commonwealth</u>

8

Energy Corp. v. Investor Data Exchange, Inc., 110 Cal.App.4th 26, 31 (2003).  In the first step, the court determines whether "the defendant has made a threshold showing that the challenged cause of action is one arising from a protected activity."  Navellier, supra, 29 Cal.4th at 88.  Protected activities include "any act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue." Code Civ. Proc. § 425.16(e).  Specifically included in these protected activities are: (1) "any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law;" (2) "any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law;" (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest;" and (4) "or any other conduct in furtherance of the exercise of the constitutional right of free speech in connection with a public issue or an issue of public interest."  Cal. Civ. Proc. Code §§ 425.16(e)(1)-(4).  The latter two (2) categories require a specific showing the action concerns a matter of public interest; the first two (2) categories do not.  Briggs, supra, , 19 Cal.4th at 1117-18 .

To meet their burden, defendants need only to make a prima facie showing that the challenged suit "arose" from actions covered by the Anti- SLAPP statute by establishing that the underlying conduct falls within one of the four protected categories enumerated in Section 425.16 (e). City of Cotati v. Cashman, 29 Cal.4th 69, 78 (2002).  The Defendants

9

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR SPECIAL MOTION TO STRIKE

need not show that the lawsuit was brought with the subjective intent to "chill" their rights or demonstrate that their rights were actually chilled. <u>Equilon Enterprises v. Consumer Cause, Inc</u>., 29 Cal.4th 53, 58-59 (2002).

Cal. Code of Civ. Proc. §1085 expressly authorizes:

(a)  A writ of mandate may be issued by any court to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled, and from which the party is unlawfully precluded by that inferior tribunal, corporation, board, or person."

As set forth above, all petition for redress related activity is covered, even if no public issue is involved. <u>Briggs</u>, <u>supra</u>, 19 Cal.4th at 1116.

Further, Ventura County Personnel Rules, Rule 2321, to which Plaintiff availed himself, states:

"<u>Judicial review of a decision or order of the Commission may be had by filing and serving a petition for a writ of mandate in accordance with the provisions of the Code of civil Procedure</u>. . . The party seeking judicial review shall bear the cost of having a record of the proceedings prepared for the reviewing court." (*Emphasis added*.)

Even filings which are in violation of court rules or statutes are afforded anti-SLAPP protections.  <u>G.R. v. Intelligator</u>, 185 Cal.App.4th 606, 612-616 (2010) [filing of an

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR SPECIAL MOTION TO STRIKE

unredacted private credit report with a post-dissolution motion, in violation of Cal. Rules of Court, was protected activity];   Cabral v. Martins, 177 Cal.App.4th 471-479 (2009) [lodging a will in probate proceedings constituted protected activity even though in violation of child support evasion statutes].

Here, Defendants filed a writ petition under Code of Civil Procedure § 1085 in Ventura County Superior Court seeking to disqualify the Ventura County Civil Service Commission from hearing the administrative appeal of Plaintiff's termination from employment.  The filing of such a lawsuit, as Defendants did here, is "indisputably a statement or writing made before a judicial proceeding." See Navellier, 29 Cal.4th at 82. As a result, under the Anti-SLAPP statute, Defendants engaged in an enumerated and expressly protected activity.  It also was in connection with Plaintiff' stermination, and his attached Notice of Termination was in furtherance of the action.

## VI.   IT IS UNDISPUTED THAT PLAINTIFF'S THIRD AND NINTH CLAIMS ARISE FROM DEFENDANTS' PROTECTED ACTIVITY

Plaintiff's Complaint repeatedly admits that his Third & Ninth Claims arise from Defendants' filing a section 1085 writ petition.  The next question is whether Plaintiff's lawsuit arose from Defendants' indisputable protected activity.  In determining whether the "arising from" requirement is met, the critical question is whether the cause of action is based on the defendant's free speech activity. City of Cotati v. Cashman, 29 Cal.4th 69, 78 (2002); Navellier, supra, , 29 Cal.4th at 89.  The court should look to the gravamen of the plaintiff's cause of action to determine whether the cause of action "arises from"

11

protected activity.   As the Supreme Court has explained, "[t]he anti-SLAPP statute's definitional focus is not the form of the plaintiff's cause of action but, rather, the defendant's activity that gives rise to his or her asserted liability—and whether that activity constitutes protected speech or petitioning."   Navellier, supra, 29 Cal.4th at 92; Jarrow Formulas, Inc. v. LaMarche, 31 Cal.4th 728, 734-35 (2003) (the statute does not categorically exempt any particular type of action).

"[W]here a cause of action alleges both protected and unprotected activity, the cause of action will be subject to section 425.16 unless the protected activity is 'merely incidental' to the unprotected conduct."   Mann v. Quality Old Time Service, Inc., 120 Cal.App.4th 90, 103 (2004); Martinez v. Metabolife Internat., Inc., 113 Cal.App.4th 181, 188 (2003).   As one court explained, "if the allegations of protected activity are only incidental to a cause of action based essentially on nonprotected activity, the mere mention of the protected activity does not subject the cause of action to an anti-SLAPP motion. [Citation.]" Scott v. Metabolife Internat., Inc, 115 Cal.App.4th 404, 414 (2004).  But if the allegations concerning the protected activity are more than "merely incidental" or "collateral," the cause of action is subject to a motion to strike.   Mann, 120 Cal.App.4th at 103-105.   Moreover, if a cause of action is based on both protected and non-protected activity, the Court may strike those claims or allegations that invoke protected activity. Cho v. Chang, 219 Cal.App.4th 521, 527 (2013).

In Fox Searchlight Pictures, Inc. v. Paladino, 89 Cal.App.4th 294 (2001), an employer sued a former employee for disclosing confidential information to the attorneys

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR SPECIAL MOTION TO STRIKE

representing her in a wrongful termination action and for refusing to return the confidential material.  The employee moved to strike the employer's complaint as a SLAPP suit.  The employer argued, inter alia, the employee's refusal to return the allegedly confidential material was not an act in furtherance of her right of petition or free speech.  Because each cause of action in the employer's complaint included an allegation of such wrongful conduct, the employer maintained that each cause of action was immune from a motion to strike under the SLAPP statute.  Fox, 89 Cal.App.4th at 307-308.

The court rejected the employer's argument for two separate and independently sufficient reasons.  The court stated that it could not determine from the record that "as a matter of law maintenance of this material was not an act in furtherance of" the employee's First Amendment right to petition.  Id. at 308.  The court further stated even if the retention of the confidential material was not an act protected under section 425.16, "a plaintiff cannot frustrate the purposes of the SLAPP statute through a pleading tactic of combining allegations of protected and nonprotected activity under the label of 'cause of action.'"  Id. "[T]he only thing the defendant needs to establish to invoke the [potential] protective of the SLAPP statute is that the challenged lawsuit arose from an act on the part of the defendant in furtherance of [its] right of petition or free speech."  Id. at 307.

Here, there can be no reasonable dispute that the Third and Ninth Claims arose from Defendants' protected activity.  Specifically, Plaintiff's Complaint admits that Defendants filed the writ petition in Ventura County Superior Court, the filings included contents of his personnel file.  The protected activity of filing a lawsuit is the action from which the

13

alleged violation of Plaintiff's privacy arose.  RJN, Exhs. 1, 2, 3.  Without the court filing, there is no alleged privacy violation as there is no alleged disclosure.  Thus, the filing of the lawsuit was not incidental or collateral to the alleged violation of privacy.  It was the vehicle by which the alleged violation occurred.  As a result, the allegations of violations of Plaintiff's privacy rights in the Third and Ninth Claims in Plaintiff's Complaint arise directly from Defendants' protected activity of filing a writ petition in Superior Court.

## VII. PLAINTIFF CANNOT ESTABLISH A LIKELIHOOD OF SUCCESS ON HIS THIRD OR NINTH CLAIMS OR AGAINST DEFENDANT ZAPPIA BECAUSE THEY ARE REPLETE WITH FATAL LEGAL AND FACTUAL DEFECTS

Once a defendant establishes the activity is protected under one of the four enumerated categories, the court then determines "whether the plaintiff has demonstrated a probability of prevailing on the claim."  Navellier, supra, 29 Cal.4th at 88; Equilon, 29 Cal.4th at 67; Greka Integrated, Inc. v. Lowrey, 133 Cal.App.4th 1572, 1577 (2005).  "[T]o establish a probability of prevailing on the claim a plaintiff responding to an anti-SLAPP motion must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited."  Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc., 129 Cal.App.4th 1228, 1244 (2005) (citations omitted).

To succeed in this regard, Plaintiff must establish a likelihood of prevailing on each of the elements of each cause of action, and must also show a likelihood of defeating any applicable affirmative defenses—this is similar to the standard for determining a motion

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR SPECIAL MOTION TO STRIKE

for nonsuit or directed verdict.  Wilcox v. Superior Court, 27 Cal.App.4th 809, 824 (1994); see also Paul for Council v. Hanyecz, 85 Cal.App.4th 1356, 1367, (2001) overruled on other grounds in Equilon, 29 Cal.4th at 68; Robertson v. Rodriguez, 36 Cal.App.4th 347, 358-59 (1995).

Additionally, "substantiation" requires more than mere allegations in an unverified complaint; it requires sufficient evidence to permit the court to determine whether "there is a probability that the plaintiff will prevail on the claim."  Dupont Merck Pharm. Co. v. Super. Ct., 78 Cal. App. 4th 562, 568 (2002). "In making its determination, the [C]ourt shall consider the pleadings, and supporting and opposing affidavits." See Cal. Civ. Proc. Code § 425.16(b)(2). However, the Court should only consider evidence that will be admissible at trial.  Evans v. Unkow, 38 Cal.App.4th 1490, 1497 (1995) (concluding that because an averment on information and belief is inadmissible at trial for lack of personal knowledge, it is inadequate to show a probability of prevailing on the claim within the context of a special motion to strike a SLAPP suit).) By application of this two-step process, discussed further below, Plaintiff's claims fail and must be stricken.

Here, Plaintiff cannot establish a probability of prevailing on the merits of either the Third or Ninth Causes of Action for several reasons.

### 1. The Absolute Litigation Privilege Bars Plaintiff's Third and Ninth Causes of Action

A plaintiff cannot establish a probability of prevailing under the anti-strategic lawsuit against public participation (SLAPP) statute if the litigation privilege precludes the

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR SPECIAL MOTION TO STRIKE

defendant's liability on the claim.   <u>Bergstein v. Stroock & Stroock & Lavan LLP</u>, 236 Cal.App.4th 793 (2015).   Here, the Litigation Privilege alone precludes defendants' liability on the Third and Ninth Causes of Action.

   <u>Cal. Civ. Code §47(b)</u> immunizes a party for any publication made in "any judicial proceeding," and further expressly specifies publications in the initiation and pursuit of a section 1085 writ as privileged, stating:

   "A **privileged publication** or broadcast is one made:

   ***

   (b)  In any (1) legislative proceeding, (2) **judicial proceeding**, (3) in any other official proceeding authorized by law, or (4) **in the initiation or course of any other proceeding authorized by law…commencing with Section 1084…of the Code of Civil Procedure**…"   (Emphasis added.)

   Sections 47(b)(1)-(4) then expressly identify the only four exceptions to this privilege: (1) any pleading or affidavit filed in an action for marital dissolution; (2) an act of intentional destruction or alteration of physical evidence; (3)  knowingly concealing the existence of an insurance policy; and (4) a recorded lis pendens.

   The intent of the privilege set forth in section 47 is to provide immunity from tort liability for communications made in judicial proceedings or other proceedings authorized by law, and which includes statutory causes of action.  <u>Oei v. N. Star Capital Acquisitions, LLC</u>, 486 F.Supp.2d 1089 (C.D.Cal.2006).  Moreover, the litigation privilege immunizing participants from liability for torts arising from communications made during judicial

proceedings is absolute in nature, applying to all publications, irrespective of malice. Optional Capital, Inc. v. Akin Gump Strauss, Hauer & Feld LLP, 18 Cal.App.5th 95 (2017)(emphasis added). Any doubt about whether the litigation privilege immunizing participants from liability for torts arising from communications made during judicial proceedings applies is resolved in favor of applying it. Id.

The litigation privilege is interpreted broadly in order to further its principal purpose of affording litigants and witnesses the utmost freedom of access to the courts and to other official proceedings without fear of harassment in derivative tort actions.  Kerner v. Superior Court, 206 Cal.App.4th 84 (2012) The privilege applies to any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation.  Finton Construction, Inc. v. Bidna & Keys, APLC, 238 Cal.App.4th 200 (2015).  Pleadings filed to commence an action in a court, all subsequent communications of judge, counsel, jurors, parties, and witnesses in actual course of judicial proceeding, are clothed with absolute privilege.  West Inv. Co. v. Moorhead, 120 Cal.App.2d 837 (1953).

Here, the alleged confidential information allegedly improperly disclosed in the Writ Proceeding was all set forth in pleadings or attachments to pleadings.  Indeed, the information in question related to communications regarding the investigation leading to Plaintiff's termination and Plaintiff's termination from employment.  Because the information was included in pleadings and exhibits attached thereto, the information clearly constitutes communications or publications made in connection with a judicial proceeding.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR SPECIAL MOTION TO STRIKE

Moreover, the **litigation privilege bars claims for invasion of right to privacy** regardless of how they are labeled.  Jacob B. v. County of Shasta, 40 Cal.4th 948 (2007). In Jacob B., the court decided whether the privilege covered a letter that a supervisor of a county victim witness program wrote in connection with a family law proceeding that involved visitation rights and had provided to counsel for the parents.  Id.  The letter provided information regarding whether one of the persons being considered for visitation (Jacob B.) had molested his nephew a decade earlier.  Id.  The letter was then attached to a declaration and submitted to the court in a filing.  Id.

The uncle (Jacob B.) later filed suit against the County of Shasta and the supervisor of the witness program alleging, among other things, an invasion of privacy.  Id.  After the court concluded that the letter was written in connection with a judicial proceeding, the court examined whether the privilege bars causes of action for invasion of privacy and stated as follows:

> "If the policies underlying section 47(b) are sufficiently strong to support an absolute privilege, the resulting immunity should not evaporate merely because the plaintiff discovers a conveniently different label for pleading what is in substance an identical grievance arising from identical conduct as that protected by section 47(b)." (citation omitted.) Section 47(b)'s litigation privilege bars a privacy cause of action whether labeled as based on common law, statute, or Constitution." Id. at 962.

To be clear, the Third and Ninth Causes of Action for violation of the POBR and

18

negligence per se (violation of Penal Code § 832.7) stem from an alleged violation of Plaintiff's privacy right due to the alleged disclosure of contents of his personnel file in the writ proceeding.  As <u>Jacob B.</u> makes clear, however, regardless of whether Plaintiff labeled his causes of action as a violation of the POBR, negligence per se (violation of Cal. Penal Code §832.7) or an invasion of his constitutional right to privacy, the litigation privilege bars it and provides absolute immunity to the defendants.

The Litigation Privilege also expressly immunizes any privileged communications made in furtherance of actions brought under Chapter 2 of Section 1 of Part 3 of the California Code of civil Procedure, (CCP 1084, et. seq.).  That chapter of the Code of Civil Procedure involves writ petitions.  The action in which the alleged violation of Plaintiff's privacy rights were violated was a writ of mandate (1085) and/or writ of prohibition (1102) brought by the County to have the CSC disqualified from hearing Plaintiff's appeal of his termination.  (RJN , Exh.1.)  Thus, any published communications in connection with that action, including any alleged disclosure of confidential peace officer information, is absolutely privileged and defendants are immune from any subsequent liability, including any liability arising out of a statute.

With respect to Defendant ZAPPIA, an attorney at law is absolutely privileged to publish communications, even those alleged to be false and defamatory, preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of a judicial proceeding in which he participates as counsel, if it has some relation thereto. <u>Friedman v. Knecht</u>, 248 Cal.App.2d 455 (1967).  For this additional reason, the litigation

19

privilege bars both the Third and Ninth Causes of Action and Plaintiff cannot establish a probability that he will prevail on the merits.

### 2. Neither California's POBR Nor Penal Code 832.7 Provide for a Civil Cause of Action for Invasion of Privacy

Plaintiff's Third and Ninth Claims under POBR and Negligence/Section 832.7 allege his privacy was violated when Defendants' filed certain of his personnel records in support of their section 1085 writ petition.  In addition to being barred by the absolute litigation privilege and subject to immunities as set forth above, neither the POBR nor section 832.7 provide for a civil claim for invasion of privacy.  The POBR sets forth a public safety officer's procedural due process rights when subject of a discipline investigation. It also specifically provides only for a $25,000 penalty if the Act is violated. Cal. Gov't Code §§3300-3313.  The POBR simply does not provide for a cause of action for an alleged violation of privacy due to an alleged disclosure of a peace officer's personnel file.

Further, it is clear that a POBR claim may only be brought only against "a public safety department," and not individual defendants. Cal. Gov't Code §§ 3300, 3309.5. Indeed, Cal. Gov't Code § 3309.5(e) provides "An individual shall not be liable for any act for which a public safety department is liable under this section."

Moreover, Cal. Penal Code section 832.7, which is not a part of the POBR, states on its face:

(a) Peace officer or custodial officer personnel records and records maintained

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR SPECIAL MOTION TO STRIKE

by any state or local agency pursuant to Section 832.5, or information

obtained from these records, are confidential and shall not be disclosed in

any criminal or civil proceeding except by discovery pursuant to Sections

1043 and 1046 of the Evidence Code. **This section shall not apply to**

**investigations or proceedings concerning the conduct of peace officers**

**or custodial officers, or an agency or department that employs those**

**officers**, conducted by a grand jury, a district attorney's office, or the

Attorney General's office.

Indeed, California courts have therefore specifically held that section 832.7 does not

provide a civil cause of action for breach of privacy.  Rosales v. City of Los Angeles, 82

Cal.App.4th 419, 427-428 (2000); City of Richmond v. Sup. Ct., 32 Cal.App.4th 1430,

1439 (1995); Bradshaw v. City of Los Angeles, 221 Cal.App.3d 908, 918-919 (1990),

disapproved on other grounds by Copley Press v. Sup. Ct., 39 Cal.4th 1272 (2006).  The

first sentence of Rosales, supra, states:

"We are called upon in this case to decide whether a violation of the statutory

procedures governing disclosure of police personnel records gives rise to a

private cause of action by the police officer whose records were improperly

disclosed. We hold that violation of such procedures does not give rise to a

private cause of action and therefore affirm the trial court's judgment of

dismissal of the officer's action." Rosales, 82 Cal.App.4th 422.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR SPECIAL MOTION TO
STRIKE

### 3. Plaintiff Cannot Prevail against ZAPPIA on any Claim Because ZAPPIA had no Duty to Plaintiff and Was not Plaintiff's Supervisor

In additional to Litigation Privilege, Plaintiff cannot establish a likelihood of prevailing on his Ninth Claim for Negligence Per Se against Defendant ZAPPIA because ZAPPIA owed no duty to Plaintiff.  It is the most basic of law that the first element of negligence is establishing a legal duty to the Plaintiff.  <u>Ladd v. County of San Mateo</u>, 12 Cal.4th 913, 917 (1996);  <u>Kentucky Fried Chicken v. Superior Court</u>, 4 Cal.4th 814, 819 (1997) [A legal duty is the "well-established" threshold element of a negligence claim]. Here, Plaintiff alleges/admits that ZAPPIA is opposing counsel, not Plaintiff's counsel. Complaint, 13, 16.   Accordingly, any duty to Plaintiff to seal the court record, had there been any noticeable violation, belonged to Plaintiff's attorney to move to seal the record, and that right has been waived.

For all these reasons, Plaintiff simply cannot establish a likelihood of prevailing on the merits in either the Third or Ninth Claims.

### VIII. <u>CONCLUSION</u>

Plaintiff's Third and Ninth Claims and Defendant ZAPPIA are subject to the protections of California's anti-SLAPP statute as Plaintiff's allegations arise from Defendants' petition activity of filing in superior court.   This irrefutably chills the Defendants' Constitutionally protected right to seek redress.  Further, Plaintiff

/ / /

/ / /

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR SPECIAL MOTION TO STRIKE

cannot establish a likelihood of success on any of those claims as each has numerous legal defects.  As a result, they must be stricken and Defendants are entitled to attorney's fees.


Dated: May 9, 2019                          Respectfully submitted,

                                            THE ZAPPIA LAW FIRM
                                            A Professional Corporation

                                      By: /s/ Edward P. Zappia
                                            Edward P. Zappia
                                            Brett M. Ehman


                                            VENTURA COUNTY COUNSEL
                                            Leroy Smith
                                            Matthew A. Smith

                                            Attorneys for All Defendants

23

# CERTIFICATE OF SERVICE

**CASE NAME: TRACY TOWNER v. COUNTY OF VENTURA, et al.**

**CASE NUMBER: 2:19-cv-03584-JPR**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is: THE ZAPPIA LAW FIRM, A Professional Corporation, One Pacific Plaza, 7777 Center Avenue, Suite 625, Huntington Beach, CA 92647.  On May 9, 2019, I served the document(s) described below on the interested parties in this action as follows:

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR SPECIAL MOTION TO STRIKE THE THIRD AND NINTH CLAIMS FOR RELIEF AND DEFENDANTZ ZAPPIA FROM PLAINTIFF'S COMPLAINT AND FOR ATTORNEY'S FEES (ANTI-SLAPP)**

| | |
|---|---|
| Mark Pachowicz | Leroy Smith, |
| mark@pachowicz.com | leroy.smith@ventura.org |
| Jennie Hendrickson | Matthew A. Smith |
| jennie@pachowicz.com | matthew.smith@ventura.org |
| LAW OFFICES OF MARK PACHOWICZ APLC | VENTURA COUNTY COUNSEL |
| 4055 Mission Oaks Blvd., Suite A | County Government Center |
| Camarillo, CA 93012 | 800 S. Victoria Ave., L/C #1830 |
| Add.   emails:   cheryl@pachowicz.com; | Ventura, CA 93009 |
| jonny@pachowicz.com; | |
| kat@pachowicz.com; | |
| susan@pachowicz.com | |

| | |
|---|---|
| Attorneys for Plaintiff, | Co-counsel for All Defendants |
| TRACY TOWNER | (Except Edward Zappia) |

**[XX]** **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LR, the foregoing document will be served by the court via NEF and hyperlink to the document. On May 9, 2019, I checked the CM/ECF docket for this case and determined that the email addresses listed above are on the Electronic Mail Notice List to receive NEF transmission at the email addresses listed above.

**[XX]** **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the above is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 9, 2019 at Huntington Beach, California.

Linnda Hing