THE ZAPPIA LAW FIRM
A Professional Corporation
Edward P. Zappia (SBN175099)
ezappia@zappialegal.com
Brett Ehman (SBN 247205)
behman@zappialegal.com
One Pacific Plaza
7777 Center Avenue, Suite 625
Huntington Beach, CA 92647
Telephone: 213-814-5550
Facsimile: 213-814-5560

Attorneys for All Defendants

VENTURA COUNTY COUNSEL
Leroy Smith, (SBN 107702)
leroy.smith@ventura.org
Matthew A. Smith (SBN 167320)
Matthew.Smith@ventura.org
County Government Center
800 S. Victoria Ave., L/C #1830
Ventura, CA 93009
Phone: 805-654-2581
Facsimile: 805-654-2185

Attorneys for All Defendants (except Edward Zappia)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| TRACY TOWNER, an individual,<br><br>        Plaintiff,<br>vs.<br><br>COUNTY OF VENTURA, a public entity; VENTURA COUNTY OFFICE OF THE DISTRICT ATTORNEY (VCDA); a public department of the County of Ventura; GREGORY D. TOTTEN, individually and in his official capacity as District Attorney; MICHAEL D. SCHWARTZ, individually and in his official capacity as Deputy District Attorney; JANICE L. MAURIZI, individually and in her official capacity; EDWARD ZAPPIA, individually; CHIEF MICHAEL BARAY, individually and in his official capacity as Chief of the Bureau of Investigation; and DOES 1 through 20 inclusive;<br><br>        Defendants. | CASE NO: 2:19-cv-03584-VAP(GJSx)<br>Assigned to Virginia A. Philips<br><br>**OPPOSITION OF DEFENDANTS TO PLAINTIFF'S APPLICATION TO FILE DOCUMENTS UNDER SEAL**<br><br>Date: N/A<br>Time: N/A<br>Crtrm: N/A<br><br>Motion to Dismiss: June 10, 2019<br>Anti-SLAPP: June 10, 2019<br><br>Complaint filed: April 17, 2019<br>Complaint served: April 19, 2019<br>Removal: April 29, 2019 |

1

OPPOSITION OF DEFENDANTS TO PLAINTIFF'S APPLICATION TO FILE
DOCUMENTS UNDER SEAL

TO THE HONORABLE COURT, PLAINTIFF AND HIS ATTORNEY OF RECORD:

Defendants COUNTY OF VENTURA, VENTURA COUNTY OFFICE OF THE DISTRICT ATTORNEY (VCDA), GREGORY D. TOTTEN, MICHAEL D. SCHWARTZ, JANICE L. MAURIZI, MICHAEL BARAY and EDWARD P. ZAPPIA (collectively "Defendants") oppose Plaintiff's Application to File Documents Under Seal as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff asks this Court for permission to file under seal certain of his personnel records which already are and remain in the public domain in the Ventura County Superior Court since August 2018.

There are numerous compelling reasons why Plaintiff illogical application should be denied and, why Plaintiff cannot establish present "compelling reasons" to overcome the strong public interest in court proceedings.

### II. LIST OF REASONS WHY PLAINTIFF'S APPLICATION TO FILE RECORDS UNDER SEAL SHOULD BE DENIED

1. <u>Plaintiff's personnel records have been and remain in the public domain in the Ventura County Superior Court since August 2018</u>. It is wholly unwarranted and illogical to move to seal records in this Court which are in the public domain as records of another court. Plaintiff therefore cannot meet his "high burden" of establishing "compelling reasons" that records in the public domain should be sealed here. See, <u>Kamakana v. City and</u>

County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). "Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. Foltz, 331 F.3d at 1135.[1] The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. Foltz, 331 F.3d at 1136."

2.  <u>Plaintiff never objected to his personnel records being on file in the Ventura County Superior Court for the past 10 months.</u>  Nor has Plaintiff ever moved to seal the personnel records in the Ventura County Superior Court action, where they remain in the public domain. Plaintiff's counsel even recently refused Defendants' proposed stipulation to seal the records in the Ventura County Superior Court to resolve any purported dispute over their presence there.[2] (Exh. 1 to Declaration of Edward P. Zappia) Plaintiff cannot meet his "high burden" of establishing "compelling reasons" why these records should be sealed here, when he has never taken action to seal them from the public domain in the superior court where they reside. See, Roesch v. De Mota, 24 Cal.2d 563, 572 (1944) [party

---

[1] Foltz v. State Farm Mutual Automobile Ins. Co., 331 F.3d 1122 (9th Cir. 2003)
[2] To be certain, Defendants remain firmly of the position that filing certain of Plaintiff's personnel records in support of their superior court writ petition was expressly permitted by law and in connection with that writ petition and, Plaintiff's suing Defendants over that violates Litigation Privilege and Anti-SLAPP statutes. Nonetheless, upon Plaintiff's decision to attempt to sue defendants for petitioning the courts for redress, Defendants recently proposed a stipulation to seal these records in the Ventura County Superior Court to resolve any such dispute. Plaintiff refused, forcing his personnel records at issue to remain in the public domain. (Exh. 1 to Zappia decl.)

who fails to assert rights waives those rights]; <u>Kern Sunset Oil Co. v. Good Roads Oil Co.</u>, 214 Cal. 435, 440–441 (1931) [same]; <u>DuBeck v. California Physicians' Service</u>, 234 Cal.App.4th 1254, 1265 (2015) [insurer's failure to assert its right to cancel its policy for 2 years constituted a waiver of that right]; <u>Gould v. Corinthian Colleges, Inc.</u>, 192 Cal.App.4th 1176, 1179 (2011) [a party's acceptance of benefits under a contract waived his rights to cancel the contract.]

   3. <u>FRCP, Rule 5.2(b)(2)</u> expressly exempts records of an administrative proceeding from being redacted at all in a federal court filing.  <u>FRCP, Rule 5.2(b)(3)</u> similarly exempts records on file with another court from being redacted at all in a federal court filing.

   4. <u>Plaintiff elected to file these federal claims alleging employment retaliation in this public forum</u>.  Any privacy rights Plaintiff may have had in his employment records were "drastically reduced" electing to file this lawsuit.  <u>See</u>, <u>Sirota v. Penske Truck Leasing Corp.</u>, 2006 WL 708910, at 2 (N.D. CA. 2006) [In civil rights/FEHA employment discrimination action, the court affirmed denial of Plaintiff's motion to quash subpoenas for his employment records from prior employers, stating: "Here, as Plaintiff initiated this lawsuit, his privacy interest is vastly reduced."] Plaintiff cannot overcome the strong presumption that federal court filings should remain public when he has elected to file this Complaint.

   5. <u>Plaintiff also elected to appeal his employment termination through the County's administrative/civil service procedures</u>.  Ventura County Personnel Rules

expressly authorize judicial review of all records of civil service decisions. Sirota, supra; see also, Ventura County Personnel Rules, Section 2321 re Judicial Review, expressly allowing for "Judicial review of a decision or order of the Commission [via] a petition for a writ of mandate in accordance with the provisions of the Code of civil Procedure"; see also, Cal. Code of Civ. Proc., §1094.5 re writ of mandate: [(a)…***All*** *or part of the record of the proceedings before the inferior tribunal, corporation, board, or officer may be filed with the petition…]* Again, any privacy right Plaintiff may have had in his personnel records was "drastically reduced," if not waived, by his own election to place his employment termination at issue.

6. Plaintiff's Complaint alleges that he was terminated in retaliation for speaking out on "matters of public concern." Complaint, ¶¶39-43, 109. California Courts have consistently held that the public interest substantially outweighs privacy rights of public employee personnel records on matters of public concern. City of Long Beach Peace Officers' Association v. City of Long Beach (LA Times), 59 Cal.4th 59, 75 (2014) [public's interest in knowing the identify of police officers involved in shootings "strongly" outweighs the officers' statutory privacy right to privacy of their identity]; Marken v. Santa Monica Unified School District 202 Cal.App.4th 1250 (2012) [public's interest in a personnel investigation into teacher's alleged sexual harassment substantially outweighs the teacher's right to privacy of that personnel investigation].

7. Plaintiff's Complaint publicly accuses Defendants of terminating his employment in retaliation for his speaking out on matters of public concern. Plaintiff cannot

5

OPPOSITION OF DEFENDANTS TO PLAINTIFF'S APPLICATION TO FILE DOCUMENTS UNDER SEAL

make these public accusations against Defendants, and then move to keep private his personnel records which reveal Defendants' legitimate reasons and evidence for its employment decisions.

8. While Plaintiff seeks to keep his personnel records confidential, <u>he freely publicly pled reference to numerous other County employees' personnel matters</u>, specifically naming them. (Complaint, ¶¶ 48, 49, 50, 51, 56.)

9. Plaintiff's Application is incorrectly based on an argument that his peace officer personnel records are protected by California Evidence Code §§ 1043 and 1045. (Plaintiff's Application at p.4:20-25; and p.5:18-25; Hendrickson decl., ¶2 at p.2:18-23.) It is well established that federal courts do **not** apply Cal. Ev. Code §§ 1043 and 1045 when addressing disclosure of peace officer personnel records. "Federal agencies involved in lawsuits in this Court are expected to follow federal law. No good reason exists why state actors in a federal question case should be accorded preferential treatment in asserting privileges, merely because the California legislature has chosen to enact a statute making it more difficult for plaintiffs to obtain police personnel files in state cases." <u>Miller v. Pancucci</u>, (C.D. Cal. 1992) 141 F.R.D. 292, 299.

### III. CONCLUSION

For each of these reasons Plaintiff cannot meet his high burden of presenting compelling reasons why his own publicly available personnel records should be sealed in this Court in his employment retaliation case. To the contrary, Plaintiff waived any alleged

privacy in his personnel records which he placed at issue in this Complaint. Plaintiff's application to seal should be denied.

Dated: May 16, 2019            Respectfully submitted,

                                    THE ZAPPIA LAW FIRM
                                    A Professional Corporation

                           By: /s/ Edward Zappia
                                    Edward P. Zappia
                                    Brett M. Ehman

                                    VENTURA COUNTY COUNSEL
                                    Leroy Smith
                                    Matthew A. Smith

                                    Attorneys for All Defendants

## CERTIFICATE OF SERVICE

**CASE NAME: TRACY TOWNER v. COUNTY OF VENTURA, et al.**
**CASE NUMBER: 2:19-cv-03584-VAP(GJSx)**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is: THE ZAPPIA LAW FIRM, A Professional Corporation, One Pacific Plaza, 7777 Center Avenue, Suite 625, Huntington Beach, CA 92647.  On May 16, 2019, I served the document(s) described below on the interested parties in this action as follows:

**OPPOSITION OF DEFENDANTS TO PLAINTIFF'S APPLICATION TO FILE DOCUMENTS UNDER SEAL**

| | |
|---|---|
| Mark Pachowicz<br>mark@pachowicz.com<br>Jennie Hendrickson<br>jennie@pachowicz.com<br>LAW OFFICES OF MARK PACHOWICZ APLC<br>4055 Mission Oaks Blvd., Suite A<br>Camarillo, CA 93012<br>Add.   emails:   cheryl@pachowicz.com;<br>jonny@pachowicz.com;<br>kat@pachowicz.com;<br>susan@pachowicz.com | Leroy Smith,<br>leroy.smith@ventura.org<br>Matthew A. Smith<br>matthew.smith@ventura.org<br>VENTURA COUNTY COUNSEL<br>County Government Center<br>800 S. Victoria Ave., L/C #1830<br>Ventura, CA 93009 |
| Attorneys for Plaintiff,<br>TRACY TOWNER | Co-counsel for All Defendants<br>(Except Edward Zappia) |

**[XX] TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LR, the foregoing document will be served by the court via NEF and hyperlink to the document. On May 16, 2019, I checked the CM/ECF docket for this case and determined that the email addresses listed above are on the Electronic Mail Notice List to receive NEF transmission at the email addresses listed above.

**[XX] FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the above is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  Executed on May 16, 2019 at Huntington Beach, California.

_____
Linnda Hing