Mark R. Pachowicz (SBN 138108)
Jennie Hendrickson (SBN 144562)
LAW OFFICES OF MARK R. PACHOWICZ, APLC
4055 Mission Oaks Blvd., Suite A
Camarillo, CA 93012
Tel: (805) 987-4975 / Fax: (805) 987-4980
mark@pachowicz.com
jennie@pachowicz.com

Attorneys for Plaintiff, TRACY TOWNER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| TRACY TOWNER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF VENTURA, a public entity; VENTURA COUNTY OFFICE OF THE DISTRICT ATTORNEY (VCDA), a public department of the County of Ventura; GREGORY D. TOTTEN, individually and in his official capacity as District Attorney; MICHAEL D. SCHWARTZ, individually and in his official capacity as Deputy District Attorney and currently Chief Assistant District Attorney; JANICE L. MAURIZI, individually and in her official capacity; EDWARD ZAPPIA, individually; CHIEF MICHAEL BARAY, individually and in his official capacity as Chief of the Bureau of Investigation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. **2:19-cv-03584 VAP (GJSx)**<br>Assigned to the Honorable Virginia A. Phillips<br><br><br>**OPPOSITION OF PLAINTIFF TRACY TOWNER TO MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently with Request for Judicial Notice; Case Authority re LEXIS; Proposed Order]<br><br>**Date: June 10, 2019**<br>**Time: 2:00 p.m.**<br>**Dept: 8A**<br><br><br>Complaint filed:    April 17, 2019<br>Removal:             April 29, 2019 |

# TABLE OF CONTENTS

I.      FACTS AS ALLEGED IN PLANTIFF'S COMPLAINT, CK 1-1 ........... 1

II.     THE COURT SHOULD DENTY DEFENDANTS' MOTION TO
        DISMISS IN ITS ENTIRETY ................................................................. 1

III.    CALIFORNIA COURTS HAVE HELD THAT FEHA EXPANDS
        THE RIGHTS OF CALIFORNIA PUBLIC EMPLOYEES AND
        THE DEFENDANTS' ARGUMENT THAT THE FAILURE OF
        PLAINTIFF TO WAIT FOR THE CIVIL SERVICE COMMISSION
        TO DECIDE ON HIS EMPLOYMENT STATUS AS PRECLUDING
        THIS SUIT, IS UNSUPPORTED BY TH LEGAL AUTHORITY
        AS CITED BY DEFENDANTS ........................................................... 2, 3

IV.     THE STATUTORY 'LITIGATION PRIVILEGE' ENUNCIATED
        IN CIVIL CODE 47(b) MUST YIELD TO LEGISLATIVE
        INTENT AND PLAIN LANGUAGE OF THE PEACE OFFICERS
        BILL OF RIGHTS GOVERNMENT CODE 3300, ET SEQ. WHICH
        ON ITS FACE PREVENTS THE DISCLOSURE OF PERSONNEL
        RECORDS AND INCORPORATES THE PROVISIONS OF
        THE CALIFORIA PENAL CODE SECTIONS 832.5 AND 832.7,
        PERTAINING TO CONFIDENTIALITY OF PEACE OFFICER
        PERSONNEL FILES ................................................................................ 6

V.      AS PLED IN THE COMPLAINT, THE THIRD CLAIM FOR
        VIOLATIONS OF THE PEAC OFFICERS BILL OF RIGHTS IS A
        COGNIZABLE LEGAL CLAIM WITH RIGHTS OF ENTITLEMENT
        TO RELIEF AS PEACE OFFICER PERSONNEL FILES ARE
        CONFIDENTIAL AND NOT SUBJECT TO DISCLOSURE
        ABSENT COURT ORDER ..................................................................... 12

VI.     THE ARGUMENT THAT "WAIVER" BY PLAINTIFF COUNSEL
        SHOULD APPLY TO POBOR HAS NO BASIS IN FACT OR LAW .. 16

VII.    THE DEFENDANTS IGNORE DECADES OF CASE LAW AS
        CLAIMS FIVE AND SIX ENTITLED "POLICIES CUSTOMS AND
        PRACTICES CAUSING VIOLATION OF CIVIL RIGHTS" AND
        "INDIVIDUAL SUPERVISORY LIABILITY" ARE RECOGNIZED
        CLAIMS PURSUANT TO LEGAL AUTHORITY ................................ 16

-i-

VIII.   THE VCDA IS A GOVERNMENT ENTITY WITH THE CAPACITY
        TO BE SUED ......................................................................................... 19

IX.     PUBLIC EMPLOYEES ARE NOT GIVEN A GRANT OF ABSOLUTE
        IMMUNITY FOR THEY ARE SUBJECT TO LIABILITY FOR THEIR
        ACTS AND OISSIONS THE SAME AS PRIVATE PERSONS ........... 20

X.      PLAINTIFF HAS SUFFICIENLTY PLED A DENIAL OF HIS 14TH
        AMENDMENT RIGHT TO DUE PROCESS ......................................... 21

XI.     ZAPPIA SHOULD NOT BE DISMISSED AS A DEFENDANT FOR
        THERE EXISTS A DUTY OF CARE WHICH HAS BEEN PLED ...... 22

XII.    CONCLUSION

| OPPOSITION TO MOTION TO DISMISS | 2:19-cv-03584-VAP (GJSx) |

# TABLE OF AUTHORITIES

## CASES

*Action Apartment Association, Inc. v. City of Santa Monica*, 41 Cal. 4th 1232 (2007)...................................................................................9

*Albertson v. Raboff*, 46 Cal. 2d 375 (1956) ...........................................11

*Alston v. Read*, 663 F.3d 1094, 1098 (9th Cir. 2011) .............................21

*American Triticale, Inc. v. NYTCO Services, Inc.,* 664 F.2d 1136, 1143 (9th Cir. 1981)...............................................................................8

*Anderson v. Peninsula Fire Dist.* (E.D. Cal. March 31, 2016) 2016 U.S. Dist. LEXIS 44196 ........................................................................21

*Armendariz v. Penman*, 31 F.3d 860, 871 (9th Cir. 1994)........................18

*Aronson v. Kinsella*, 58 Cal. App. 4th 54 (1997).....................................11

*Banuelos v. LA Investment LLC,* 219 Cal. App. 4th 323 (2013) ...............9

*Balistreri v. Pacifica Police Department*, 901 F. 2d 696, 699 (9th Cir. 1990) ......................................................................................................2, 23

*Barren v. Harrington,* 152 F. 3d 1193, (9th Cir. 1998)...........................20

*Bd. of Regents v. Roth,* 408 U.S. 564, 573 (1972) ..................................22

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, (2007) ...............................................................................................2, 8, 15

*Biakanja v. Irving* (1958) 49 Cal.2d 647, 650–651 [320 P.2d 160] .......23

-iii-

*Botello v. Gammick,* 413 F.3d 971, 979 (9th Cir. 2005)..........................................18

*Castro v. County of Los Angeles,* 797 F 3d 654 (9th Cir 2015) ..............................19

*Chase v. State of California,* 67 Cal.App.3d 808, 812 (1997)....................................5

*City of Hemet v. Superior Court* 37 Cal. App. 4th 1411 (1995)..............................14

*City of Los Angeles v. Superior Court*, 29 Cal. 4th 1, 9 (2002)........3, 10, 11, 12, 13

*Clements v. Airport Authority of Washoe County*, 69 F.3d at 331-32 ....................21

*Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985) ..........................21

*Copley Press, Inc. v. Superior Court*, 39 Cal. 4th 1272 (2006)...............................10

*Daugherty v. City and County of San Francisco*, 24 Cal. App. 5th 928, 94 (2018) .............................................................................................9

*Dimidowich v. Bell & Howell,* 803 F.2d 1473, 1482 (9th Cir. 1986).......................8

*DuBeck v. California Physicians Service,* 234 Cal. App. 4th 1254 (2015) ..................................................................................................16

*Goldberg v. Kelly,* 397 U.S. 254, 271 (1970) .........................................................21

*Goodman v. Kennedy*, 18 Cal.3d at p. 342 (1976)....................................................22

*Graham v. Conner*, 490 U.S. 386, 393-394 (1989) ..................................................17

*Gould v. Corinthian Colleges Inc.,* 192 Cal. App. 4th 1176 (2011)........................16

*Hackett v. Superior Court,* 13 Cal.App.4th 96, 100 (1993)......................................13

*Hunter v. Cnty. of Sacramento*, 652 F.3d 1225, 1233 (9th Cir. 2011) ....................18

*In re Crawford,* 194 F.3d 954, 958 (9th Cir. 1999) ................................................. 15

*In re Murchison,* 349 U.S. 133, 136 (1955).............................................................. 21

*Jacob B. v. County of Shasta,* 40 Cal. 4th 948 (2007) ............................................. 11

*Johnson v. City of Loma Linda,* 24 Cal. 4th 61, (2000)......................................... 5, 6

*Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978) .............................................. 20

*Johnson v. State of California,* 69 Cal. 2d 782, 787-788 (1968 .............................. 20

*Kern Sunset Oil Co. v. Good Roads Oil Co.,* 214 Cal 435 (1931) .......................... 16

*Karim-Panahi v. LAPD,* 839 F. 2d 621, 624 (9th Cir. 1988) .................................. 19

*Kentucky v. Graham,* 473 U.S. 159, 165 ................................................................. 17

*Larez v. Los Angeles,* 946 F.2d 630, 646-47 (9th Cir. 1991)............................. 18, 19

*L.G. v. M.B.,* 25 Cal. App. 5th 211 (2018).............................................................. 12

*Marsh v. San Diego,* 432 F. Supp. 2d 1035, 1057-1058 (S.D. Cal.
    May 5, 2006) ....................................................................................................... 14

*Mattco Forge, Inc. v. Arthur Young & Co.* (1995) 38 Cal.App.4th
    1337, 1355–1357 [45 Cal. Rptr. 2d 581] ........................................................... 23

*McDonald v. Antelope Valley Community College District,* 45 Cal.
    4th 88, (2008)......................................................................................................... 4

*Molsbergen v. United States,* 757 F.2d 1016, 1020 (9th Cir. 1985)......................... 8

*Monell  v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658,
    694, (1978) ................................................................................................ 17, 18, 19

-v-

*Moore v. Anderson Zeigler Disharoon Gallagher & Gray* (2003) 109
Cal.App.4th 1287, 1294–1307 [135 Cal. Rptr. 2d 888] .................................... 23

*Oei v. North Star Capital Acquisitions LLC*, 486 F. Supp. 2d 1089
(C.D. Cal. 2006) ........................................................................................ 11

*Olivera v. Vizzusi*, 2010 WL 4723712 (2010) ......................................... 15

*Osornio v. Weingarten* (2004) 124 Cal.App.4th 304, 320–321 [21 Cal.
Rptr. 3d 246] ............................................................................................ 23

*Page v. Los Angeles Probation Department*, 123 Cal. App. 1135
(2004) ......................................................................................................... 4

*Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998) ............................... 2

*Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.
1995) ........................................................................................................... 2

*People v. Mooc*, 26 Cal.4th 1216, 1220 (2001) ....................................... 14

*Redman v. County of San Diego*, 942 F. 2d 1435, 1446 (9th Cir 1991) ................. 18

*Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292 (4th Cir.
2006) ......................................................................................................... 22

*Rodriguez v. California Highway Patrol*, 89 F. Supp. 2d 1131 (N.D.
Cal. Mar. 13, 2000) ................................................................................. 20

*Roesch v. De Mota*, 24 Cal. 2d 563 ........................................................ 16

*Rosales v. City of L.A.*, 82 Cal. App. 4th 419, 428 (2d Dist. 2000) ........................ 15

OPPOSITION TO MOTION TO DISMISS                    2:19-cv-03584-VAP (GJSx)

*San Diego Police Officers Assn. v. City of San Diego Civil Service Commission*, 104 Cal. App. 4th 275 (2002) ........................................................ 13

*Schifando v. City of Los Angeles*, 31 Cal. 4th 1074, 1089 [December 2003] ................................................................................................ 3, 4, 6

*Scott v. Henrich,* 39 F.3d 912, 916 (9th Cir. 1994 ...................................... 17

*Shafer v. Los Angeles County Sheriff's Department*, 106 Cal. App. 4th 1388, 1400 (2003) ............................................................................... 12

*Stivers v. Pierce,* 71 F. 3d 732, 750 (9th Cir 1995) ................................... 17

*Streit v. County of L.A.,* 236 F. 3d 552 (9th Cir. 2001) ............................. 19

*Trevino v. Lassen Mun. Util. Dist.* (E.D. Cal. Feb. 13, 2009) 2009 WL 385792 ........................................................................................... 21

*Usher v. City of L.A.,* 828 F.2d 556, 561 (9th Cir. 1987) .......................... 14

*Ward v. Village of Monroeville,* 409 U.S. 57, 59-60 (1972) ...................... 21

*West Inv. Co v. Moorehead*, 120 Cal. App. 2d 837 (1953) ........................ 11

*Whalen v. Roe*, 429 U.S. 589, 599-600 (1977) ........................................ 15

*Wilson v. Layne*, 526 U.S. 603, 617, 119 S. Ct. 1692, 143 L. Ed. 2d 818 (1999) ....................................................................................... 21

*Winslett v. 1811 27th Avenue LLC*, 26 Cal. App. 5th 239 (2018) ............... 9

-vii-

## **STATUTES**

15 U.S.C.S. §§ 1692-1692 ........................................................................... 11

28 U.S.C. §§ 1367(a)-(c) .............................................................................. 2

42 U.S.C. § 1983 .......................................................................................... 17

Civil Code § 43 ............................................................................................ 14

Civil Code § 47(b)...................................................................................... 6, 9

Civil Code § 1942.5 ...................................................................................... 9

Code of Civil Procedure § 1085................................................................... 11

Code of Civil Procedure § 1094.5................................................................ 11

Evidence Code § 1043 .................................................................................. 13

Evidence Code § 1046 .................................................................................. 13

Evidence Code §§ 1043 through 1046.......................................................... 14

Federal Rule of Civil Procedure 17(b)(3) .................................................... 19

Federal Rule of Civil Procedure 21.............................................................. 2

Government Code § 811.2 ............................................................................. 19

Government Code § 820 ................................................................................ 20

Government Code § 820.2 ............................................................................. 20

Government Code § 832.7 ............................................................................. 6

Government Code § 905 ................................................................................. 5

Government Code § 905.2 .............................................................................. 5

Government Code § 910 ................................................................................. 5

Government Code § 911.6 .............................................................................. 5

Governement Code § 911.2 ........................................................................... 5

Government Code § 913 ................................................................................. 5

Government Code § 945 ............................................................................ 5, 19

Government Code § 945.6 .............................................................................. 5

Government Code § 1222 ............................................................................... 23

Government Code § 3300 ............................................................................ 6, 8

Government Code § 3301 ................................................................................ 8

Government Code § 3303 ................................................................................ 8

Government Code § 3304 ................................................................................ 7

Government Code § 3309.5 ............................................................................. 7

Government Code § 3309.5(e) ....................................................................... 12

Government Code § 12900 .............................................................................. 3

Penal Code § 832.5 ........................................................................................ 6

Penal Code § 832.7 ................................................................................... 7, 14

1

## <u>OTHER AUTHORITIES</u>

2

1963 Tort Claims Act ................................................................................ 20

3

4

Attorney General Opinion 99-503 .......................................................... 23

5

Ninth Circuit Model Jury Instruction 9.3 ............................................... 18

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**OPPOSITION TO MOTION TO DISMISS**          **2:19-cv-03584-VAP (GJSx)**

## I.  FACTS AS ALLEGED IN PLAINTIFF'S COMPLAINT, DKT 1-1

Plaintiff TOWNER's entire career of 30 years has been as a peace officer in some capacity. Initially, he was a police officer and then an investigator for the Los Angeles County District Attorney's Office. For the last 20 years, TOWNER was employed in the Bureau of Investigation for the defendant Ventura County Office of the District Attorney, "VCDA". Dkt. 1-1 ¶ 28. When TOWNER was terminated on April 23, 2018, he held the rank of Commander, with the COUNTY and VCDA. [Dkt. 1-1; ¶¶ 36 and 45.]  In addition to his years of service as a District Attorney Investigator for the County of Ventura, Mr. Towner was elected as board member to represent all of the safety members of Ventura County on the Ventura County Employees' Retirement Association, also known as VCERA. Out of his over 19 years on the VCERA Board, Mr. Towner spent approximately 15 years as Chair or Vice-Chair. On April 22, 2018, Mr. Towner was the chair of VCERA and was trusted to help manage $5.4 billion of investments. [Dkt. 1-1, p. 13, ¶ 39].

Mr. TOWNER was terminated for alleged "dishonesty" by the COUNTY and VCDA, and named defendants, after he provided defendants with a polygraph, taken voluntarily, and which results indicated he passed the polygraph and was telling the truth. [Dkt. 1-1, ¶¶ 44-45, 46, 47, 140].

Plaintiff alleges the decision to terminate him was an abuse of power taken in retaliation for repeatedly telling the truth in prior litigation (on behalf of former COUNTY employees) and in retaliation for his right to speak freely on behalf of VCERA and its members. [Dkt. 1-1, p. 15, ¶ 45, and commencing at p.16, ¶¶ 48-69 and continuing; ¶ 109, p. 35; ¶ 112, at p. 36, ¶ 120, p. 37].

### MEMORANDUM OF POINTS AND AUTHORITIES

### II. THE COURT SHOULD DENY DEFENDANTS' MOTION TO DISMISS IN ITS ENTIRETY.

A Rule 12(b) Motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.*" Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1964-65, (2007) (internal citations omitted). "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. In considering a motion pursuant to Federal Rule 12, a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. *Pareto v. F.D.I.C.,* 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. *Parks Sch. of Bus., Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department,* 901 F. 2d 696, 699 (9th Cir. 1990).

In addition to this filed Opposition, and on today's date, May 20, 2019, plaintiff has filed a Motion to Sever and Remand the State Law Causes of Action (Claims) in the Complaint, Dkt. 1-1, pursuant to FRCP Rule 21, 28 U.S.C. §§ 1367(a)-(c), in that removal jurisdiction is proper and the Court should decline to exercise supplemental jurisdiction over the state law claims.

Plaintiff has agreed to enter into a stipulation removing the individual defendants from the First Claim.

### III. CALIFORNIA COURTS HAVE HELD THAT FEHA EXPANDS THE RIGHTS OF CALIFORNIA PUBLIC EMPLOYEES AND THE DEFENDANTS' AGRUMENT THAT THE FAILURE OF PLAINTIFF TO WAIT FOR THE CIVIL SERVICE COMMISSION TO DECIDE ON HIS EMPLOYMENT STATUS AS PRECLUDING THIS SUIT, IS UNSUPPORTED BY THE LEGAL AUTHORITY AS CITED BY DEFENDANTS.

There is no failure to exhaust, for TOWNER's avenue of redress with the Civil Service Commission, is supplemented by the FEHA alternative, not foreclosed by it. "As we have recognized, the FEHA, (Fair Employment and Housing Act (Government Code § 12900, et.seq.)) was enacted to expand, not to limit employees' rights to remedy discrimination (in this case, retaliation). [citations omitted]. It would be inconsistent with this legislative purpose to hold that aggrieved employees must exhaust their remedies (under a city charter) contemporaneous with or before filing a claim with the Department, (DFEH)." *Schifando v. City of Los Angeles,* 31 Cal. 4th 1074, 1089 [December 2003]. "Requiring City's employees to pursue remedies under both the City Charter and through the Department would frustrate the Legislature's intent....the Legislature's intent was to give public employees the same tools in the battle against employment discrimination that are available to private employees." *Schifando* at p. 1085. The court then reasoned that the FEHA was meant to "supplement" not "supplant" any existing anti-discrimination remedies, and that the enforcement, procedures and protections of the FEHA go beyond any of those available under the Civil Service Act (of the State). *Id.,* at 1085-1086.

The holding in *Schifando,* is not as defendants represent. Dkt 9-1, p. 15:1-16. There the court held that a city employee who claimed employment discrimination, based on disability, does not have to have exhausted city charter internal remedies before filing a complaint with the DFEH. Further in *Schifando,* plaintiff filed a FEHA claim only, and the Court did not decide whether if he would have filed a claim under the charter, if such claim would bar any other claim.[1]

---

[1] Schifando, supra at footnote 6.

-3-

Nor is *Page v. Los Angeles Probation Department*, 123 Cal. App. 1135 (2004), as **"exactly"** on point as defendants assert. *Page* concerns the principle of judicial exhaustion. "There, the plaintiff elected to pursue her discrimination claim before a civil service commission, which held numerous hearings **and ultimately entered an adverse ruling. Rather than challenge the ruling through available judicial avenues, the plaintiff filed a complaint with the DFEH.** The Court of Appeal held that the plaintiff had failed to exhaust her judicial remedies by not seeking mandamus, the civil service commission's findings were binding until set aside, and those findings barred her FEHA complaint from going forward." (*Page*, at pp. 1143–1144.*), and see McDonald v. Antelope Valley Community College District*, 45 Cal. 4th 88, 113 (2008), emphasis added.  TOWNER, although still in the ongoing closed Civil Service Commission process for the past year, has had numerous COUNTY delays, which has forced the filing of his Complaint prior to the conclusion of the CSC hearing. [Dkt. 1-1- at p. 8; ¶¶17-18.] He has received no rulings from the CSC, has no judicial exhaustion bar, and is still bound by the Tort Claims Act, as he was required to file suit following rejection of his tort claim within six months, or be otherwise barred.

In *McDonald v. Antelope Valley Community College District*, 45 Cal. 4th 88, (2008), the court found the exhaustion of internal administrative remedies prior to filing a California Fair Employment and Housing Act claim is not mandatory, even though equitable tolling may be available. *See also Schifando, supra,* at 1092. "The filing of an administrative claim, whether mandated or not, affords a defendant notice of the claims against it so that it may gather and preserve evidence…." Thus, satisfying the statute of limitations policy. *McDonald, supra,* at 102. Here TOWNER complied with the provisions of the Tort Claims Act, filing his tort claim with the Ventura County Board of Supervisors on October 19, 2018, which claim was rejected the same day (Dkt 1-1, at p. 8, ¶ 17, Req. Jud. Notice, Ex. 1). Then he complied with the requirements of the Tort Claims Act,

-4-

Government Code § 945.6, by timely filing suit in state court within the statutory time frame of six months. All this time, he was pursuing a Civil Service hearing as negotiated in his position's MOU, or Memorandum of Agreement with the COUNTY; which hearing has dragged on and on because of COUNTY delays. [Dkt 1-1, ¶ 17, p. 8; ¶ 68, p. 22.] TOWNER was terminated, not suspended or placed on leave with pay, while the COUNTY and defendants engaged in the investigative and subsequent Civil Service Commission hearing processes. [Dkt. 1-1; p. 23 ¶ 69.] This termination has also deprived him of his place on the VCERA Board, as a peace officer, as his seat on the board must be filled by a peace officer. [Dkt. 1-1, ¶ 39, p.13.]

All the while, he was still required to comply with the Tort Claims Act or risk a bar to pursuit of his claims.  The California "Tort Claims Act" (§ 910 et seq.) describes the specific steps which must be taken before a civil action for money or damages may be brought against a public entity. First, plaintiff must present a claim (§§ 905, 905.2, 915) to the appropriate agency within 180 days after accrual of the cause of action (§ 911.2). Thereafter, the agency has 45 days within which to accept or reject the claim (§ 911.6). If the claim is rejected in writing (§ 913), plaintiff has six months thereafter within which to bring a court action (§ 945.6). It has been held that "The prescribed statutes of limitations for commencement of actions against the state 'are mandatory and must be strictly complied with . . . .' [Citations.]" *(Chase v. State of California,* 67 Cal.App.3d 808, 812 (1997).

In *Johnson v. City of Loma Linda,* 24 Cal. 4th 61, (2000) the court held that when employees avail themselves of administrative remedies of a local statute **and** have received an adverse finding (which has not happened here); that finding is

binding on the courts, in any subsequent FEHA action, or a subsequent mandamus proceeding/petition.[2] *See Schifando, supra,* at 109, *and Johnson, supra,* at 76.

These cases, as cited by the defense, do not stand for the proposition that TOWNER's causes of action or claims, for which defendants seek removal and plaintiff opposes, for FEHA violations, 1, 2 and 8,[3] should be dismissed. Assuming for the sake of this argument, that the CSC reinstates TOWNER, their decision would be limited to the Personnel Rules and Regulations of Ventura County. [RJN, Ex. 2]. Section 2303 provides that in event of termination, an employee may file a petition for hearing. The Commission may order reinstatement with back pay or without. Section 2318. The PRR does not give the CSC the authority to adjudicate damages to reputation, humiliation, and emotional losses, or punitive damages for the egregious retaliatory behavior resulting from the initial loss of the Commander position, damage to reputation, false characterizations of dishonesty, and abuse of power as a result of the pled customs, policies and practices of this County. Dkt. 1-1, in ¶¶.18-68. [See RJN, item 2.]

**IV. THE STATUTORY 'LITIGATION PRIVILEGE' ENUNCIATED IN CIVIL CODE § 47(b) MUST YIELD TO LEGISLATIVE INTENT AND PLAIN LANGUAGE OF THE PEACE OFFICERS BILL OF RIGHTS, GOVERNMENT CODE § 3300, ET SEQ, WHICH ON ITS FACE PREVENTS THE DISCLOSURE OF PERSONNEL RECORDS AND INCORPORATES THE PROVISIONS OF THE CALIFORNIA PENAL CODE §§ 832.5 AND 832.7, PERTAINING TO CONFIDENTIALITY OF PEACE OFFICER PERSONNEL FILES**

The Complaint, Dkt.1-1, p. 31 provides:

---

[2] Equitable tolling and exhaustion are two distinct issues. *Johnson at p. 114*

[3] It should be noted that the 8th Claim is for Negligence, a state law cause of action and that claims 1,2, 3, 8 and 9 are the subject of a motion to sever and remand filed by plaintiff.

OPPOSITION TO MOTION TO DISMISS                    2:19-cv-03584-VAP (GJSx)

*"Government Code* § 3304 provides in pertinent part:

"(a) No public safety officer shall be subjected to punitive action, or denied promotion, or be threatened with any such treatment, because of the lawful exercise of the rights granted under this chapter, or the exercise of any rights under any existing administrative grievance procedure."

*"Government Code* § 3309.5 also provides as follows:

"(a) It shall be unlawful for any public safety department to deny or refuse to any public safety officer the rights and protections guaranteed to him or her by this chapter.
(b) Nothing in subdivision (h) of Section 11181 shall be construed to affect the rights and protections afforded to state public safety officers under this chapter or under Section 832.5 [4]of the Penal Code.
(c) The superior court shall have initial jurisdiction over any proceeding brought by any public safety officer against any public safety department for alleged violations of this chapter.

*Penal Code* § 832.7 provides in part as follows:

"(a) Except as provided in subdivision (b), the personnel records of peace officers and custodial officers and records maintained by any state or local agency pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code...

Dkt 1-1, Page 44.

---

[4] Section 832.5 (a)(2) provides that "Each department or agency that employs custodial officers, as defined in Section 831.5, may establish a procedure to investigate complaints by members of the public against those custodial officers employed by these departments or agencies, provided however, that any procedure so established shall comply with the provisions of this section and with the provisions of Section 832.7."

**OPPOSITION TO MOTION TO DISMISS**          **2:19-cv-03584-VAP (GJSx)**

Government Code § 3303 provides: "When any public safety officer is under investigation and subjected to interrogation by his or her commanding officer . . . that could lead to punitive action, the interrogation shall be conducted under the following conditions. . . ." "Punitive action" is defined in that section as "any action that *may* lead to dismissal, demotion, suspension, reduction in salary, written reprimand, or transfer for purposes of punishment." Subsection (f) of § 3303 further provides: "No statement made during interrogation by a public safety officer under duress, coercion, or threat of punitive action shall be admissible in any subsequent civil proceeding....."

When interpreting state law, a federal district court is bound by the decision of the highest state court. *Dimidowich v. Bell & Howell,* 803 F.2d 1473, 1482 (9th Cir. 1986), reh'g denied, op. modified, 810 F.2d 1517 (9th Cir. 1987). In the absence of such a decision, a federal court would predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance. *Molsbergen v. United States,* 757 F.2d 1016, 1020 (9th Cir. 1985), cert. dismissed, 473 U.S. 934 (1985). However, "'in the absence of convincing evidence that the highest court of the state would decide differently,'" *American Triticale, Inc. v. NYTCO Services, Inc.,* 664 F.2d 1136, 1143 (9th Cir. 1981)*,* a federal court is obligated to follow the decisions of the state's intermediate court.

The general litigation privilege does not immunize conduct that a specific statute prohibits. POBAR, Government Code §§ 3300, 3301, et seq. Government Code § 3301 specifically provides that the California Legislature, "hereby finds and declares that the rights and protections provided to peace officers under this chapter constitute a matter of statewide concern. The Legislature further finds and declares that effective law enforcement depends upon the maintenance of stable employer-employee relations, between public safety employees and their employers...." See also *Daugherty v. City and County of San Francisco,* 24 Cal.

App. 5th 928, 94 (2018)-protection of peace officers is the "essence" of the statute. It is unlawful to deny any peace officer/public safety officer the rights and privileges contained in the Peace Officers Bill of Rights, by publishing any portion of his personnel/internal affairs file, as was done in this case. [Dkt. 9-2 at 43, and Dkt. 10-3, outlines the Writ of Mandate, wherein this publication by defendants occurred.] The intent behind POBAR would be obliterated if anyone could publish the peace officer's file at will, and then say their conduct is privileged.

Specific statutory construction must prevail over the general litigation privilege contained in Civil Code § 47(b). See litigation privilege yielding to retaliatory eviction remedies, Civil Code § 1942.5; *Banuelos v. LA Investment LLC* 219 Cal. App. 4th 323 (2013), and *Action Apartment Association, Inc. v. City of Santa Monica,* 41 Cal. 4th 1232 (2007). The *Action* court stated:

> "We have observed that the litigation privilege does not apply to the following crimes: perjury PC section 118; subornation of perjury (id., § 127); criminal prosecution under Business and Professions Code section 6128; false report of a criminal offense *(Pen. Code, § 148.5); and "attorney solicitation through the use of 'runners' or 'cappers' " (Rubin, supra, 4 Cal.4th at p. 1198, quoting Bus. & Prof. Code, §§ 6152–6153; see Silberg, supra, 50 Cal.3d at pp. 218–219; Hagberg, supra, 32 Cal.4th at p. 361).* State Bar discipline of attorneys who engage in solicitation and enforcement of the antisolicitation statute is also excepted from the litigation privilege....Our recognition that prosecutions of these crimes and specified State Bar actions are not barred by the litigation privilege does not reflect that an exception for criminal prosecutions is inherent in the litigation privilege itself. Instead our recognition of these exceptions to the litigation privilege has been guided by the rule of statutory construction that particular provisions will prevail over general provisions." *Id.* at p. 1246.

Each of the statutes, as well as the POBAR is more specific than the litigation privilege itself under Civil Code § 47(b) and the statutes would be rendered wholly inoperable if their enforcement were prevented because they conflict with the 47(b) privilege. *Id.,* see also *Winslett v. 1811 27th Avenue LLC,* 26 Cal. App. 5th 239 (2018), [Court of Appeal reversing order granting landlord's

anti-SLAPP and finding litigation privilege does not bar tenant's claims for retaliatory eviction, and retaliation nor does it prevent her from showing probability of success on those claims].

In *Copley Press, Inc. v. Superior Court*, 39 Cal. 4th 1272 (2006), the California Supreme Court stated "Section 832.7's protection would be wholly illusory unless [we read] that statute ...to establish confidentiality status for [the specified] records beyond criminal and civil proceedings.[citation omitted]. We cannot conclude the Legislature intended to enable third parties, by invoking the CPRA, so easily to circumvent the privacy protection granted under section 832.7" *Id.,* at 1286. [5]

The *Copley* court also made the following observation:

"(POBRA) prohibits a 'public agency' from taking 'punitive action ... against any [nonprobationary] public safety officer ... without providing the public safety officer with an opportunity for administrative appeal.' We have explained that this provision sets forth one of the "basic rights" that "must be accorded individual public safety officers *by the public agencies which employ them.*" (*White v. County of Sacramento* (1982) 31 Cal.3d 676, 679 [183 Cal. Rptr. 520, 646 P.2d 191] (*White*), italics added; see also *Pasadena Police Officers Assn. v. City of Pasadena* (1990) 51 Cal.3d 564, 569 [273 Cal. Rptr. 584, 797 P.2d 608] [POBRA "sets forth the basic rights that law enforcement agencies must provide to their peace officer employees"]; *Baggett v. Gates* (1982) 32 Cal.3d 128, 138 [185 Cal. Rptr. 232, 649 P.2d 874] [statute "require[s] the city to provide peace officers 'an opportunity for administrative appeal' "].) As described by our Courts of Appeal, the "purpose" of this provision is, in part, to give a peace officer "an opportunity ... 'to convince *the employing agency* to reverse its decision' " to take punitive action. (*Binkley v. City of Long Beach* (1993) 16 Cal.App.4th 1795, 1806 [20 Cal. Rptr. 2d 903] (*Binkley*), italics added, quoting *Browning v. Block* (1985) 175 Cal. App. 3d 423, 430 [220 Cal. Rptr. 763]; see also *Riveros v. City of*

---

[5]      The *Copley* court also disapproved *Bradshaw v. City of Los Angeles, 221 Cal. App. 3d. 908 (1990)* to the extent it was inconsistent with the court's conclusions related to the confidentiality of records/files per Penal Code section 832.7

1   *Los Angeles* (1996) 41 Cal.App.4th 1342, 1359 [49 Cal. Rptr. 2d
2   238] [appeal under Gov. Code, § 3304, gives peace officer "a chance to
3   … try to convince his employer to reverse its decision." *Copley, supra*
    *at 1287.*

4       As cited by the defense, the following cases are inapposite: *West Inv. Co v.*
5   *Moorehead*, 120 Cal. App. 2d 837 (1953), overruled and not citeable, [privilege
6   applies to publication of *lis pendens*.] Also red flagged as not citeable, *Albertson v.*
7   *Raboff*, 46 Cal. 2d 375 (1956) [defendant's statements during plaintiff's divorce
8   case fell within the scope of the statutory litigation privilege]. *Oei v. North Star*
9   *Capital Acquisitions LLC,* 486 F. Supp. 2d 1089 (C.D. Cal. 2006) held the
10  California litigation privilege was preempted by the Fair Debt Collection Practices
11  Act (FDCPA), 15 U.S.C.S. §§ 1692-1692 which prohibits a debt collector from
12  making false or misleading representations and from engaging in various abusive
13  and unfair practices. The FDCPA states, for example, that a debt collector may not
14  use violence, obscenity, or make repeated annoying phone calls.

15      In *Aronson v. Kinsella,* 58 Cal. App. 4th 54 (1997),  libel per se case wherein
16  the court held that because defendant had a good faith belief in his claim, the
17  attorney's demand letter to plaintiff's company that threatened litigation if plaintiff
18  persisted in making disputed claims was absolutely privileged as a prelitigation
19  statement. No California case authority is provided overriding the POBAR,
20  Evidence or Penal Codes. The Code of Civil Procedure §§ 1085 and 1094.5, do not
21  override the Government, Evidence or Penal Codes, and do not anywhere in their
22  terms, provide that confidential personnel records, which are subject to seal,
23  should or can be published just because defendants filed a Writ of Mandate.

24      Defendants also drastically overstate the holding in *Jacob B. v. County of*
25  *Shasta,* 40 Cal. 4th 948 (2007), litigation privilege applied to letter concerning past
26  alleged abuse affecting visitation rights; in the family law context, as the court
27  specifically in ruling on child visitation was entitled to the "maximum amount of
28  relevant information" in deciding who has visitation privileges. ] *Id.* at 955. Civil

-11-

Code § 47, subd. (b)(1), creates an exception to this litigation privilege for an allegation or averment contained in any pleading or affidavit filed in an action for marital dissolution or legal separation made of or concerning a person by or against whom no affirmative relief is prayed in the action. This is a marital dissolution exception (sometimes called the divorce proviso). *L.G. v. M.B.*, 25 Cal. App. 5th 211 (2018).

The POBAR, Evidence and Penal Code sections as cited herein do not exclude the actions of outside counsel, defendant ZAPPIA, nor the individual defendants.[6] [See as Cited at p.13:21 3309(e).] No authority is provided for the assertion that defendants as COUNTY personnel or hired to represent the COUNTY cannot be found in violation of the POBAR and Penal Code as cited herein. The trial court has broad discretion in fashioning remedies for this act. *Shafer v. Los Angeles County Sheriff's Department*, 106 Cal. App. 4th 1388, 1400 (2003). [Deposition re workplace injury used in appeal of discharge-not subject to POBAR].

**V. AS PLED IN THE COMPLAINT, THE THIRD CLAIM FOR VIOLATIONS OF THE PEACE OFFICERS BILL OF RIGHTS IS A COGNIZABLE LEGAL CLAIM WITH RIGHTS OF ENTITLEMENT TO RELIEF AS PEACE OFFICER PERSONNEL FILES ARE CONFIDENTIAL AND NOT SUBJECT TO DISCLOSURE ABSENT COURT ORDER.**

The public disclosure of personnel records is addressed in the preceding section outlining the statute's provisions, and is not repeated herein. Individual liability is not specifically excluded under POBAR, and as such can be pled by plaintiff under POBAR. See Government Code § 3309.5(e), Dkt 1-1, ¶ 96, which specifically addresses that the superior court can find the public safety department, its employees, agents or assigns responsible for the malicious violations of the act-

---

[6] As also explained in section V below, in *Rosales v. City of Los Angeles.*

including its "contracted" persons. No one, nor their attorney, gets to make the decision to disclose a peace officer's personnel file, absent Court order, in compliance with the Evidence Code, wherein the court has the authority to weigh the presumptively confidential records.

In *San Diego Police Officers Assn. v. City of San Diego Civil Service Commission,* 104 Cal. App. 4th 275 (2002) (disclosure of records in a CSC hearing), the court made it clear that **regardless of the context** in which the records are sought, police officer files are confidential.

> "However, as explained above, because we have concluded that the correct interpretation of the statute is that the Legislature intended to establish that personnel records are confidential and then created a limited exception in the civil/criminal discovery context, the fact that *Pitchess* procedures do not logically apply here does not render the disclosure prohibition inapplicable. (See *Hackett v. Superior Court* (1993) 13 Cal.App.4th 96, 100 [16 Cal. Rptr. 2d 405] ["Although it is clear the [statute] was conceived as a legislative response to *Pitchess* . . ., it is equally clear from its plain language . . . [that the statute] was intended to create a privilege for *all* information in peace officers' personnel files"].) *Id.* at 286, emphasis in original.

Employing agencies may not disclose the records at public hearings. *Id.* at 287. Evidence Code §§ 1043, 1046 codify the *Pitchess* motion procedure requiring a good cause finding and an in camera examination to a judge for in camera review, before peace officer personnel information may be disclosed in discovery to civil or criminal litigants. *City of Los Angeles v. Superior Court,* 29 Cal. 4th 1, 9 (2002). By enacting these code sections, the Legislature "balanced [a litigant's] need for disclosure of relevant information with the law enforcement officer's

legitimate expectation of privacy in his or her personnel records." *(People v. Mooc* 26 Cal.4th 1216, 1220 (2001)].*)*[7]

See also *City of Hemet v. Superior Court* 37 Cal. App. 4th 1411 (1995). That court notes that § 832.8 defines quote personnel records "to include, inter alia, the records of investigations of complaints against the named officer." *Id.,* at 1423. The cases that interpret Evidence Code §§ 1043 through 1046 generally "refused to disclose verbatim reports or records of any kind from peace officer personnel files, ordering instead that the agency reveal only the name, address, and phone number of any prior complaints and witnesses and the dates of the incidents in question." The court in *Hemet* stated, "it has repeatedly been held that Evidence Code section 1043 et seq. constitute the *exclusive* means by which a litigant in a civil action may obtain discovery of records governed by those statutes." (Emphasis in original). *Id.* at 1423.

Mr. Towner had a reasonable expectation in the privacy of his still pending disciplinary action and the contents of his closed hearing and confidential personnel documents which are so stamped "Confidential". In order for Penal Code § 832.7 to have any real meaning for Mr. Towner or any peace officer, who is, after all a co-equal holder of the privilege, the law must extend to him a right to enforce the rights given to him under the statutory provisions in existence.

In deciding whether a plaintiff has stated a claim, the court must assume that the plaintiff's allegations are true and draw all reasonable inferences in the plaintiff's favor. *Usher v. City of L.A.,* 828 F.2d 556, 561 (9th Cir. 1987).   To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a

---

[7] California Civil Code § 43 codifies causes of action for invasion of privacy, providing, "[b]esides the personal rights mentioned or recognized in the Government Code, every person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his personal relations." (Cal. Civ. Code § 43). In *Marsh v. San Diego* 432 F. Supp. 2d 1035, 1057-1058 (S.D. Cal. May 5, 2006), the court found that plaintiff had sufficiently alleged his right to privacy was violated by the County and individual defendants. (See also *Simons v. County of Marin* 682 F. Supp. 1463 (N.D. Cal. 1987).)

OPPOSITION TO MOTION TO DISMISS                    2:19-cv-03584-VAP (GJSx)

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Plaintiff has pled publication of POBOR materials and violations as follows: Dkt 1-1 p. 31, ¶ 94, p. 33-35, ¶¶ 100-102, which publication was willingly and recklessly engaged in, in retaliation for Towner telling the truth in all other suits, and hearings filed by former Ventura County employees against the County, and in exercising his free speech rights as to VCERA legislation. Dkt. 1-1, ¶¶ 42-45, 48-84.

The Ninth Circuit has also held that the Constitution protects an "individual interest in avoiding disclosure of personal matters." *In re Crawford*, 194 F.3d 954, 958 (9th Cir. 1999) (internal quotation marks omitted). Again, the defense argument misinterprets the actual holding in *Rosales v. City of Los Angeles*, at p. 18, of the brief.  In *Rosales v. City of L.A.,* 82 Cal. App. 4th 419, 428 (2d Dist. 2000) the Court's holding that § 832.7 does not authorize a private cause of action for improper disclosure, applied solely in the discovery context where the city and its counsel disclosed a peace officer's sexual misconduct internal affairs files, **to an explorer Scout who was the litigant suing the City**-for that actual officer misconduct, and the Court applied the right of privacy. The City and its counsel were forced to concede they did not use the appropriate request for disclosure per the Evidence Code. *Id.* at 827.  *Rosales, Id.*, did not stand for the holding that no individuals could be held responsible for POBOR violations. *Rosales* is based upon the theory that the officer "could not have a reasonable expectation that his personnel records would not be disclosed in that particular civil suit against the city."

The United States Supreme Court has held that the constitutional right to privacy protects individuals from government disclosure of personal information. (*Whalen v. Roe,* 429 U.S. 589, 599-600 (1977).) [See also *Olivera v. Vizzusi*, 2010 WL 4723712 (2010) plaintiffs plausibly plead a reasonable expectation of privacy that personnel records would not be disclosed.]

-15-

## VI. THE ARGUMENT THAT "WAIVER" BY PLAINTIFF COUNSEL, SHOULD APPLY TO POBOR HAS NO BASIS IN FACT OR IN LAW.

Plaintiff pled that defendants knew of the confidential nature of the personnel files, and intentionally published same in a court filing, [Dkt. 1-1, p. 33-34.] When defendants became aware of the Tort Claim filed 10/2018, consisting of 24 pages, and rejected the same day, they clearly would have seen POBOR violations were specifically referenced, and those defendants that published it could have had it sealed then. [Dkt. 1-1, p. 7, ¶ 17]. Defendants were aware of the confidential nature of the documents, as some were stamped "confidential" and further they were published in the court file and in the County newspaper in print and online, on or about August 24, 2018.

None of the cases cited in defendants' Notice of Motion nor Motion applied waiver to any context close to the issue defendants asserted, that plaintiff's counsel should have had plaintiff's records sealed after the defendants were responsible for publishing the file in direct contravention to the laws. *Roesch v. De Mota,* 24 Cal. 2d 563, [parties did not know notes were usurious at time they were entered into.] *Gould v. Corinthian Colleges Inc.,* 192 Cal. App. 4th 1176 (2011) [accepting benefits under lease means lessor waives early termination benefit] *Kern Sunset Oil Co. v. Good Roads Oil Co.,* 214 Cal 435 (1931) [landlord accepts rent, waives breach of lease.] *DuBeck v. California Physicians Service,* 234 Cal. App. 4th 1254 (2015) [material misrepresentation in health insurance policy]. It is true the cases all use the term "waiver", but none form the basis for the assertion plaintiff has waived his rights to assert the third cause of action.

## VII. THE DEFENDANTS IGNORE DECADES OF CASE LAW AS CLAIMS FIVE AND SIX ENTITLED "POLICIES CUSTOMS AND PRACTICES CAUSING VIOLATIONS OF CIVIL RIGHTS" AND "INDIVIDUAL SUPERVISORY LIABILITY", ARE RECOGNIZED CLAIMS PURSUANT TO LEGAL AUTHORITY.

42 U.S.C. § 1983 itself, is not a source of substantive rights, but provides a cause of action against any person who under color of state law, deprives an individual of federal constitutional or statutory rights. *Graham v. Conner,* 490 U.S. 386, 393-394 (1989). *Monell* liability requires an underlying constitutional violation, adequately pled. *Dixon v. Wallowa County,* 336 F. 3d 1013 (9th Cir. 2003). In *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 694, (1978), to be liable, the defendant must act as a "lawmaker or . . [one] whose edicts may fairly be said to represent official policy." *Id.* at 691.      Under *Monell,* municipal liability must be based upon enforcement of a municipal policy or custom that causes the deprivation of a plaintiff's constitutional right, and not upon the municipality's mere employment of a constitutional tortfeasor. *Id.* Municipalities are "persons" also under 42 U.S.C. § 1983 and hence may be subjected to 1983 liability. *Id.* To maintain a § 1983 claim against a public entity defendant or a supervisor not personally involved in the alleged violation, a plaintiff must allege that her constitutional injury resulted from a policy, practice or custom of the local entity. *Id.* "While the liability of municipalities doesn't turn on the liability of individual officers, it is contingent on a violation of constitutional rights." *Scott v. Henrich,* 39 F.3d 912, 916 (9th Cir. 1994). Personal capacity suits seek to impose personal liability upon a government official for action undertaken under color of state law. *Kentucky v. Graham,* 473 U.S. 159, 165. Official capacity suits represent another way of pleading against an entity of which an officer is an agent. *Monell, supra,* at 690. Any purported argument that because the defendants' actions may have been undertaken under the course of their duties, they can only be sued under 1983 in their official capacity would be wrong. *Stivers v. Pierce,* 71 F. 3d 732, 750 (9th Cir 1995).

Plaintiff has clearly alleged that the policies practices and customs of the COUNTY and VCDA have deprived him of his civil liberties ability to engage in free speech and tell the truth, and equal protection under the laws, both to testify in

lawsuits and proceedings brought by other County employees, and to speak publicly regarding VCERA matters. Plaintiff has pled this extensively as outlined in Dkt 1-1, commencing at para. 1 through 120 and continuing-that the pattern and practice of the County, VCDA and Totten is to retaliate and get rid of employees who tell it like it is. A custom or practice can be inferred from evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded. *Hunter v. Cnty. Of Sacramento*, 652 F.3d 1225, 1233 (9th Cir. 2011). A *Monell* claim can be brought against the County for acts taken by the district attorney that was "outside the scope of active criminal prosecutions and outside the scope of prosecutorial discretion" and "specifically adopted a policy of retaliation against plaintiff for his speech and ratified acts." *(Botello v. Gammick* 413 F.3d 971, 979 (9th Cir. 2005).)

Supervisory liability may arise from either the supervisors' personal involvement in the constitutional deprivation or a sufficient causal connection between the violation and supervisor's conduct.[8] *Armendariz v. Penman*, 31 F.3d 860, 871 (9th Cir. 1994) affirmed in part, reversed in part on other grounds, 75 F. 3d 1311 (9th Cir 1996). A supervisor's liability can also arise where the supervisor "implemented a policy so deficient that the policy "itself is a repudiation of constitutional rights" and is the "moving force" of the constitutional violation. *Redman v. County of San Diego*, 942 F. 2d 1435, 1446 (9th Cir 1991). Liability here is direct, not vicarious, and supervisors are also liable if they set into motion a series of acts by others or refuse to terminate a series of acts by others they knew or should have known would lead to others inflicting constitutional injury. *Larez v. Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991).

---

[8] "Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy "itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." Ninth Circuit Model Jury Instruction 9.3.

Supervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others. *See Larez, supra.* "An informal policy, on the other hand, exists when a plaintiff can prove the existence of a widespread practice that, although not authorized by an ordinance or an express municipal policy, is "so permanent and well settled as to constitute a custom or usage with the force of law. [Citation omitted.]" *Castro v. County of Los Angeles,* 797 F 3d 654 (9th Cir 2015) [savage attack in jail cell]. Essentially each paragraph in this Complaint is rife with the allegations adequately pled amounting to *Monell* and supervisory liability on behalf of COUNTY, VCDA, SCHWARTZ, TOTTEN, MAURIZI, and BARAY. (Please also see Dkt. 1-1, p. 40, ¶¶ 128-131).

## VIII. THE VCDA IS A GOVERNMENT ENTITY WITH THE CAPACITY TO BE SUED.

The VCDA is a government agency in and of itself, and remains a defendant. See Federal Rule of Civil Procedure 17(b)(3). The VCDA's capacity to be sued would be governed by California law in federal or state court.  See Section 945 of the California Government Code which provides that "[a] public entity may sue or be sued." Section 811.2 of the Government Code defines a "public entity to include "the state, the Regents of the University of California, ….a county, city, district, public authority, public agency, and any other political subdivision or public corporation in the State." See *also Karim-Panahi v. LAPD,* 839 F. 2d 621, 624 (9th Cir. 1988) municipal police departments are public entities-and can be sued for civil rights violations. Los Angeles Sheriff's Department was a separately sueable entity. *Streit v. County of L.A.,* 236 F. 3d 552 (9th Cir. 2001).

## IX. PUBLIC EMPLOYEES ARE NOT GIVEN A GRANT OF ABSOLUTE IMMUNITY FOR THEY ARE SUBJECT TO LIABILITY FOR THEIR ACTS AND OMISSIONS THE SAME AS PRIVATE PERSONS

A public employee is liable for injury caused by his act or omissions to the same extent as a private person as long as the function was not discretionary. Cal. Government Code §§ 820 and 820.2. The 1963 Tort Claims Act did not alter the basic premise that in negligence the rule is liability and immunity is the exception. Thus, courts should not casually decree governmental immunity, and Government Code § 820.2, should not, by delving into the meaning of "discretionary" (to determine, as a purely literal matter, where ministerial and imperative duties end and "discretionary" powers begin), be made a catchall section broadly encompassing every decision exercised at every governmental level. *Johnson v. State of California,* 69 Cal. 2d 782, 787-788 (1968). Where a complaint alleged that the supervisory personnel of the state were consciously aware of the racially discriminatory nature of a program for training police officers and encouraged and commended discriminatory tactics, the allegations were broad enough to encompass conduct not within the scope of the immunity provisions; the court could not resolve the immunity issue at the pleading stage. *See Rodriguez v. California Highway Patrol,* 89 F. Supp. 2d 1131 (N.D. Cal. Mar. 13, 2000).

Further, should the defendants be implying that they are entitled to absolute, "qualified" immunity, they are not. To state a § 1983 claim against a specific defendant, "[a] plaintiff must allege facts, not simply conclusions, that show that [the defendant] [caused or] was personally involved in the deprivation of his civil rights." *Barren v. Harrington,* 152 F. 3d 1193, (9th Cir. 1998).   "The requisite causal connection can be established" by alleging facts indicating that a defendant set "in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978)). *Wilson v. Layne,* 526 U.S. 603, 617, 119

-20-

S. Ct. 1692, 143 L. Ed. 2d 818 (1999). The plaintiff bears the burden of demonstrating that the right at issue was clearly established. *See Alston v. Read*, 663 F.3d 1094, 1098 (9th Cir. 2011). Terminating Mr. Towner for a fabricated charge of dishonesty, in retaliation for speaking the truth time and time again, would qualify as one of those questions beyond debate, such that no reasonable officer could have believed his actions were lawful.

## X. PLAINTIFF HAS SUFFICIENTLY PLED A DENIAL OF HIS 14TH AMENDMENT RIGHT TO DUE PROCESS.

The "root requirement of the Due Process Clause [is] that an individual be given an opportunity for a hearing before he is deprived of any significant property interest." (*Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985).) Although the pre-termination hearing "need not be elaborate, 'some kind of hearing' must be afforded to the **employee prior to termination**." *Clements*, 69 F.3d at 331-32 (quoting *Loudermill*, 470 U.S. at 541). At a minimum, Due Process also requires a hearing before an impartial tribunal. *Clements*, 69 F.3d at 333 (citing *Ward v. Village of Monroeville*, 409 U.S. 57, 59-60 (1972)); see also *In re Murchison*, 349 U.S. 133, 136 (1955) ("A fair trial in a fair tribunal is a basic requirement of due process"); *Goldberg v. Kelly*, 397 U.S. 254, 271 (1970) (an impartial decision-maker is essential to due process). The requirement that proceedings which "adjudicate individuals' interests in life, liberty, or property be free from bias and partiality has been 'jealously guarded." *Clements*, 69 F.3d at 333. See *Anderson v. Peninsula Fire Dist.* (E.D. Cal. March 31, 2016) 2016 U.S. Dist. LEXIS 44196, in which the court found that there existed genuine issues of material fact as to whether one of the Fire Department's board members was biased, thus tainting the employment termination proceedings and violating due process. In *Trevino v. Lassen Mun. Util. Dist.* (E.D. Cal. Feb. 13, 2009) 2009 WL 385792, the court found that the process afforded to a public police officer employee was minimal. This fact, combined with concerns of whether the

decision maker was neutral and impartial, created a due process issue. In fact, the court found that the long delay in the post-termination hearing violated due process given the plaintiff's "important interest" in his continued employment. There also exists a procedural due process right when government action threatens a person's liberty interest in his reputation and choice of occupation. (*Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292 (4th Cir. 2006) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 573 (1972)). This claim is rooted in the centuries old principle that a state may not deprive a person of the freedom to engage in any of the common occupations of life" without due process. In *Ridpath*, the court found that the public employee stated a valid cause of action under the "stigma-plus" test when he was demoted and his reputation was wrongfully stigmatized as being dishonest and immoral. Here, because the defendants have publically fraudulently brandished plaintiff as dishonest—which in his profession of law enforcement basically renders him unemployable, as alleged, due to *Brady's* disclosure requirement—his substantive due process rights were violated because it has completely prohibited him from reentering into that profession, among other careers.

## XI. ZAPPIA SHOULD NOT BE DISMISSED AS A DEFENDANT FOR THERE EXISTS A DUTY OF CARE WHICH HAS BEEN PLED.

The question whether a duty of care exists, or should be found, "is one of law, and the determination is reached by balancing policy considerations under the circumstances of the particular case." (*Goodman v. Kennedy, supra*, 18 Cal.3d at p. 342.) These factors include: (1) the extent to which the transaction was intended to affect the plaintiff; (2) the foreseeability of harm to the plaintiff; (3) the degree of certainty that plaintiff suffered injury; (4) the closeness of the connection between the defendant's conduct and the injury suffered; (5) the moral blame attached to the defendant's conduct; (6) the policy of preventing future harm; (7) the likelihood that imposition of liability might interfere with the attorney's ethical

-22-

duties to the client; and (8) the likelihood that such liability would impose an undue burden on the legal profession. (*Biakanja v. Irving* (1958) 49 Cal.2d 647, 650–651 [320 P.2d 160]; *Mattco Forge, Inc. v. Arthur Young & Co.* (1995) 38 Cal.App.4th 1337, 1355–1357 [45 Cal. Rptr. 2d 581]; *Moore v. Anderson Zeigler Disharoon Gallagher & Gray* (2003) 109 Cal.App.4th 1287, 1294–1307 [135 Cal. Rptr. 2d 888]; *Osornio v. Weingarten* (2004) 124 Cal.App.4th 304, 320–321 [21 Cal. Rptr. 3d 246].)

Publication of a personnel file of a peace officer as addressed herein and in the Opposition to the Special Motion to Strike, is in direct contravention to the laws, which any lawyer who professed to practice POBAR law, is required to uphold. A blanket litigation privilege, as explained herein does not offer a defense. Violation of the laws are attributable to Mr. ZAPPIA as an individual, not as a supervisor. See also *Attorney General Opinion 99-503* [Req. Jud. Notice, Ex. 3], such publication considered a crime. "Every willful omission to perform any duty enjoined by law upon any public officer, or person holding any public trust or employment, where no special provision is made for the punishment of such delinquency, is punishable as a misdemeanor." Government Code § 1222.

## XII. CONCLUSION

In the event the Court is inclined to grant all or a portion of the Defendants' 12(b) Motion, plaintiff requests leave to amend. "[L]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Balistreri, supra,* at 701.

Dated: May 20, 2019                                    /s/Jennie Hendrickson
                                                                    Mark R. Pachowicz
                                                                    Jennie Hendrickson
                                                                    Attorneys for Plaintiff TRACY TOWNER

## CERTIFICATE OF SERVICE

**CASE NAME:**  *Tracy Towner v. County of Ventura, et al.*
**CASE NO.:**     **2:19-cv-03584-VAP (GJSx)**

I am employed in the County of Ventura, State of California.  I am over the age of 18 and not a party to the within entitled action.  My business address is: 4055 Mission Oaks Blvd., Ste. A, Camarillo, California 93012.

On the date shown below, I served the foregoing document described as **OPPOSITION OF PLAINTIFF TRACY TOWNER TO MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

| | |
|---|---|
| Edward P. Zappia | Leroy Smith |
| Brett Ehman | Matthew A. Smith |
| THE ZAPPIA LAW FIRM | VENTURA COUNTY COUNSEL |
| A Professional Corporation | 800 S. Victoria Avenue L #1830 |
| One Pacific Plaza | Ventura, CA 93009 |
| 7777 Center Avenue, Suite 625 | Ph: (805) 654-2581 |
| Huntington Beach, CA 92647 | Fax: (805) 654-2185 |
| Ph: (213) 814-5550 | leroy.smith@ventura.org |
| Fax: (213) 814-5560 | matthew.smith@ventura.org |
| ezappia@zappialegal.com | |
| behman@zappialegal.com | |

☑     **BY ELECTRONIC SERVICE:**  I hereby certify that on May 20, 2019, I electronically filed the following documents with the U.S. District Court, Central District, by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 20, 2019, at Camarillo, California.

_____
Stephanie E. Swain