1   Mark R. Pachowicz (SBN 138108)
    Jennie Hendrickson (SBN 144562)
2   LAW OFFICES OF MARK R. PACHOWICZ, APLC
3   4055 Mission Oaks Blvd., Suite A
    Camarillo, CA 93012
4   Tel: (805) 987-4975 / Fax: (805) 987-4980
    mark@pachowicz.com
5   jennie@pachowicz.com

6   Attorneys for Plaintiff, TRACY TOWNER

7

8                  **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

10  | TRACY TOWNER, an individual, | **Case No.  2:19-cv-03584 VAP (GJSx)** |
    |---|---|
11  | Plaintiff, | Assigned to the Honorable Virginia A. Phillips |
12  | vs. | **OPPOSITION OF PLAINTIFF TO SPECIAL MOTION TO STRIKE AND OPPOSITION TO DEFENDANTS' REQUEST FOR ATTORNEY FEES PURSUANT TO** *CODE OF CIV. PROC.* **§ 425.16; PLAINTIFF'S REQUEST FOR ATTORNEY FEES IN OPPOSING MOTION; MEMORANDUM OF POINTS AND AUTHORITIES** |
13  |  |  |
14  | COUNTY OF VENTURA, a public entity; VENTURA COUNTY OFFICE OF THE DISTRICT ATTORNEY (VCDA), a public department of the County of Ventura; GREGORY D. TOTTEN, individually and in his official capacity as District Attorney; MICHAEL D. SCHWARTZ, individually and in his official capacity as Deputy District Attorney and currently Chief Assistant District Attorney; JANICE L. MAURIZI, individually and in her official capacity; EDWARD ZAPPIA, individually; CHIEF MICHAEL BARAY, individually and in his official capacity as Chief of the Bureau of Investigation; and DOES 1 through 20, inclusive, |  |
15  |  |  |
16  |  |  |
17  |  | **Date: June 10, 2019** |
18  |  | **Time: 2:00 p.m.** |
19  |  | **Dept: 8A** |
20  |  |  |
21  |  |  |
22  |  | [Filed concurrently with Request for Judicial Notice, Declaration of Jennie Hendrickson, Declaration of Tracy Towner; Proposed Order] |
23  |  |  |
24  |  |  |
25  | Defendants. |  |
26  |  | Complaint filed:   April 17, 2019 |
27  |  | Removal:           April 29, 2019 |

28

---

**OPPOSITION TO SPECIAL MOTION TO STRIKE        2:19-cv-03584-VAP (GJSx)**

1

# **TABLE OF CONTENTS**

2

3  I.    SUMMARY OF THE OPPOSITION ARGUMENT......................................1

4

5  II.  *CODE CIV. PROC.* § 425.16 SHOULD NOT APPLY TO

6       TOWNER'S THIRD AND NINTH CLAIMS BECAUSE THESE

7       CLAIMS ON THEIR FACE ARE CLEARLY NOT SUBJECT

8       TO THE SLAPP PROVISIONS ......................................................................3

9

10 III.  IN DETERMINING WHETHER *CODE CIV. PROC.* § 425.16

11       APPLIES, THE COURT MAY CONSIDER THE PARTIES'

12       LITIGATION HISTORY................................................................................9

13

14 IV.  IF DEFENDANTS' CONDUCT IS ILLEGAL AS A MATTER

15       OF LAW, THAT DEFEATS THE CLAIMED PROTECTED

16       ACTIVITY .....................................................................................................10

17

18 V.   AS DEFENDANTS CANNOT MEET THEIR BURDEN ON

19       THE FIRST STEP, THE COURT SHOULD DENY THIS MOTION

20       OUTRIGHT...................................................................................................10

21

22 VI.  ZAPPIA IS SUBJECT TO SUIT FOR HIS PUBLICATION

23       OF THE PERSONNEL FILE KNOWINGLY, INTENTIONALLY,

24       RECKLESSLY OR NEGLIGENTLY IN CONTRAVENTION

25       OF THE LAWS, AND NEITHER CASE NOR STATUTORY

26       AUTHORITY PROTECTS HIM OR DEFENDANTS.............................11

27

28

1   VII.  SHOULD THE COURT REACH THE SECOND PRONG
2         OF THE SLAPP ANALYSIS, PLAINTIFF IS LIKELY TO
3         PREVAIL ON THE MERITS OF BOTH THE THIRD AND
4         NINTH CLAIMS AS SET FORTH HEREIN AND IN THE
5         EVIDENCE SUBMITTED ..........................................................................12
6
7         A.   THE LITIATION PRIVILEGE WHICH DEFENDANTS
8              ALLEGE APPLIES TO THE CONFIDENTIAL PERSONNEL
9              FILE DOES NOT OPERATE TO BAR CLAIMS UNDER
10             THE THIRD AND NINTH CAUSES OF ACTION ...........................12
11
12        B.   PLAINTIFF IS LIKELY TO PREVAIL ON THE NINTH
13             CAUSE OF ACTION BECAUSE THE DEFENDANTS HAVE
14             VIOLATED THE STATUTE AS DESCRINBED IN THE
15             COMPLAINT AND IN THE EVIDENCE SUBMITTED .................15
16
17  VIII. WAIVER AS A DEFENSE IS INAPPLICABLE HERE...........................16
18
19  IX.  THE CASE AUTHORITY PROVIDED BY THE DEFENSE
20        SUPORT THEIR "ALLEGED PROTECTED RIGHT" TO FAIL
21        TO OBEY THE PENAL CODE AND EVIDENCE CODE IS NOT
22        APPLICABLE HERE..............................................................................17
23
24  X.   POBOR IS NOT JUST "PROCEDURAL" AND DOES
25        PROVIDE REMEDIES FOR VIOLATION OF PRIVACY
26        RIGHTS ................................................................................................18
27
28

-ii-

XI.    ZAPPIA IS NOT INSULATED FROM DUTY UNDER
       NEGLIGENCE PER SE, THE NINTH CLAIM.........................................18

XII.   SHOULD THE COURT BE INCLINED TO GRANT ALL
       OR PART OF THE SPECIAL MOTION TO STRIKE, PLAINTIFF
       WOULD REQUEST AN OPPORTUNITY FOR HEARING ON
       ATTORNEY FEES AND BRIEFING THE ISSUE ................................20

XIII.  PLAINTIFF REQUESTS COSTS AND FEES PURSUANT
       TO *CODE CIV. PROC.* 425(c)(1) AS DEFENDANTS' MOTION
       LACKS MERIT, AND IS INTENDED SOLELY TO CAUSE
       UNNECESSARY DELAY.......................................................................21

XIV.   CONCLUSION.........................................................................................22

1

# **TABLE OF AUTHORITIES**

2

## **CASES**

3    *Action Apartment Association, Inc. v. City of Santa Monica*

4    41 Cal.4th 1232 (2007) ........................................................... 14

5    *Averill v. Superior Court* 42 Cal.App.4th 1170 (1996) ............................................. 5

6    *Banuelos v. LA Investment LLC* 219 Cal.App.4th 323 (2013) ............................... 14

7    *Biakanja v. Irving* 49 Cal.2d 647 (1958) ........................................................ 19

8    *Cabral v. Martins* 177 Cal. App. 4th 471 (2009)........................................... 18

9    *California Highway Patrol v. Superior Court* 84 Cal.App.4th 1010

10   (2000) .............................................................................................. 8

11   *Christian Research Institute v. Alnor* 165 Cal.App.4th 1315 (2008) .................... 20

12   *Church of Scientology v. Wollersheim* 42 Cal.App.4th 628 (1996) ........................ 9

13   *City of Hemet v. Superior Court* 37 Cal. App. 4th 1411 (1995).......................... 4,13

14   *County of Los Angeles v. Superior Court* 18 Cal. App. 4th 588 (1993)        13

15   *Daniel v. Wayans* 8 Cal.App.5th 367 (2017)........................................................ 10,12

16   *Daugherty v. City and County of San Francisco* 24 Cal.App.5th 928

17   (2018) .............................................................................................. 13

18   *Decker v. U.D. Registry, Inc.* 105 Cal.App.4th 1382 (2003)........................... 21

19   *DuBeck v. California Physicians Service*, 234 Cal.App.4th 1254

20   (2015) .............................................................................................. 16

21   *Equilon Enterprises v. Consumer Cause Inc.* 29 Cal.4th 53 (2002)....................... 9

22   *Flatly v. Mauro*, 39 Cal. 4th 299 (2006) ………………………………………10

23   *Fagan v. Superior Court* 111 Cal. App. 4th 607 (2003)...................................... 3, 7

24   *Fox Searchlight Pictures, Inc. v. Paladino* 89 Cal.App.4th 294 (2001) .......... 4, 12

25   *G.R.  v. Intelligator* 185 Cal.App.4th 606 (2010)...................................... 17

26   *Goodman v. Kennedy* 18 Cal.3d 335 (1976)............................................ 19

27   *Gould v. Corinthian Colleges Inc.* 192 Cal.App.4th 1176 (2011)........................ 16

28   *Hackett v. Superior Court* 13 Cal.App.4th 96 (1993).............................. 14

-iv-

1    *Jacob B. v. County of Shasta* 40 Cal.4th 948 (2007) ................................ 16

2    *Jarrow Formulas Inc. v. LaMarche* 31 Cal. 4th 728 (2003) ..................... 4

3    *Jesperson v. Zubiate-Beauchamp* 114 Cal.App.4th 624 (2003) .............. 11

4    *Kentucky Fried Chicken v. Superior Court* 4 Cal. 4th 814 (1997) .......... 19

5    *Kern Sunset Oil Co. v. Good Roads Oil Co.* 214 Cal. 435 (1931) .......... 16

6    *L.G. v. M.B.* 25 Cal.App.5th 211 (2018) ................................................ 17

7    *Ladd v. County of San Mateo* 12 Cal. 4th 913 (1996) ............................. 19

8    *Laker v. Board of Trustees of Cal. State University* 32 Cal.App.5th

9        745 (2019) ........................................................................................... 10

10   *Macias v. Hartwell* 55 Cal.App.4th 669 (1997) ......................................... 4

11   *Mattco Forge, Inc. v. Arthur Young & Co.* 38 Cal.App.4th1337 (1995) .............. 19

12   *Moore v. Anderson Zeigler Disharoon Gallagher & Gray* 109

13       Cal.App.4th 1287 (2003) ................................................................... 19

14   *Navellier v. Sletten* 29 Cal.4th 82 (2002) ................................................ 11

15   *Olivera v. Vizzusi* 2010 WL 4723712 (2010) .......................................... 15

16   *Osornio v. Weingarten* 124 Cal.App.4th 304 (2004) ................................ 20

17   *Padres L.P. v. Henderson* 114 Cal.App.4th 495 (2003) ............................ 4

18   *Park v. Board of Trustees of Cal. State University* 2 Cal.5th 1057

19       (2017) ...................................................................................................... 8

20   *Pitchess v. Superior Court* 11 Cal.3d 531 (1974) ................................... 12

21   *Roesch v. De Mota* 24 Cal.2d 563 (1944) ............................................... 16

22   *Rosales v. City of L.A.* 82 Cal.App.4th 419 (2d Dist. 2000) .................... 15

23   *Rusheen v. Cohen* 37 Cal.4th 1048 (2006) ............................................. 12

24   *San Diego Police Officers Assn. v. City of San Diego Civil Service*

25       *Commission* 104 Cal.App.4th 275 (2002) ........................................ 13

26   *San Diego Police Officers Assn. v. City of San Diego* 98 Cal.App.4th

27       779 (2002) ........................................................................................... 18

28   *San Francisco Police Officers Assn. v. Superior Court* 202

Cal.App.3d 183 (1988) ........................................................................ 8

*Shelton v. Rancho Mortgage & Investment Corp.* 94 Cal.App.4th

1337 (2002) ........................................................................................ 21

*Whalen v. Roe* 429 U.S. 589 (1977)....................................................... 15

**OPPOSITION TO SPECIAL MOTION TO STRIKE          2:19-cv-03584-VAP (GJSx)**

1

**STATUTES**

*Civil Code* § 47(b) ............................................................. 2, 11, 12, 14, 17

*Civil Code* § 1942.5 ................................................................................. 13

*Code Civ. Proc.* § 128.5 ............................................................................ 21

*Code Civ. Proc.* § 425(c)(1) ...................................................................... 21

*Code Civ. Proc.* § 425.16 ........................................... 2, 3, 4, 10, 11, 13, 20

*Code Civ. Proc.* § 1005 ............................................................................. 6

*Evidence Code* § 669 ................................................................................ 20

*Evidence Code* § 1043 ........................................................................ 5, 6, 8

*Evidence Code* § 1045 ............................................................................... 8

*Evidence Code* § 1046 ........................................................................... 5, 6

*Government Code* § 3300 ........................................................................... 1

*Government Code* § 3309.5 .................................................................. 1, 5, 15

*Government Code* § 3309.5(e) ............................................................... 1, 16

*Penal Code* § 832.5 ............................................................................ 5, 6, 9

*Penal Code* § 832.7 ................................................ 2, 4, 5, 6, 7, 8, 9, 15, 18, 20

*Penal Code* § 832.8 ........................................................................... 8, 18

**OTHER AUTHORITIES**

Attorney General Opinion  99-503 (1999) ........................................... 3, 8, 10

66 Ops.Cal.Atty.Gen. 128 (1983) (1983 Attorney General Opinion) ...................... 7

California Jury instructions (CACI) 418 ....................................................... 20

California Rules of Court, Rule 1.20 ............................................................. 18

Federal Rules of Civil Procedure, Rule 12(b) .................................................. 1

Federal Rules of Civil Procedure 12(b)(1) ...................................................... 1

Federal Rules of Civil Procedure, Rule 12(b)(6) ............................................... 1

OPPOSITION TO SPECIAL MOTION TO STRIKE     2:19-cv-03584-VAP (GJSx)

**COMES NOW PLAINTIFF TRACY TOWNER** with his Opposition to Defendants' Special Motion to Strike the Third and Ninth Claims for Peace Officers Bill of Rights" POBOR" and Negligence Per Se, and requests that the Special Motion to Strike be denied in its entirety. Concurrently with this Opposition, plaintiff has filed a Motion to Sever/Remand the State Law Claims to the County of Ventura Superior Court, and an Opposition to Defendants' Motion to Dismiss pursuant to *Federal Rules of Civil Procedure*, Rule 12(b) and 12(b)(1) and (6).

## I. SUMMARY OF THE OPPOSITION ARGUMENT:

The Complaint's Third Claim [Dkt.1-1] is a state law statutory claim pursuant to *Government Code § 3300, et. seq.*, based on the Peace Officers Bill of Rights (POBAR), also known as the Public Safety Officers Procedural Bill of Rights Act, upon which plaintiff is likely to prevail.  The statute does not specifically exclude individuals from liability to this claim, but in its provisions provides the public safety department is to be liable for civil penalties and actual damages of this chapter. [*Government Code § 3309.5(e)*]. This claim should not be subject to a Special Motion to Strike, for Plaintiff does not assert and did not plead that by mere virtue of petitioning the court for redress and filing a mandamus action, seeking a "neutral" hearing officer, the County and defendants breached plaintiff's privacy or rights or confidentiality rights under POBOR.  Plaintiff asserts the pleading attachments to the mandamus action, which the defendants published to the world, including plaintiff's internal affairs file, investigations, and statements attributable to plaintiff and others, were filed unsealed and in direct contravention to the laws, without judicial order. [Dkt. 1-1, page 5, para. 8; page 33-35, paras. 100-104; page 43, para. 149]. The defendants' rights to make arguments, statements, and pursue their rights of redress and position in Court via

///

///

OPPOSITION TO SPECIAL MOTION TO STRIKE          2:19-cv-03584-VAP (GJSx)

Writ of Mandate do not include the right to publish confidential peace officer files, without first seeking a judicial order, or sealing them from the public record. [1]

In order to bring a First Amended Complaint (or Complaint) for Writ of Mandate, defendants were not under any legal or other duty to publish the actual portions of the internal affairs file, investigative reports, or personnel records of TOWNER. Defendants have cited no authority which gives them the latitude to ignore the laws and file confidential documents, and neither the cited "absolute publication" privilege nor the litigation privilege, under *Civil Code* § 47(b) protects them.

The Ninth Claim, for Negligence Per Se, pursuant to *Penal Code* § 832.7, upon which plaintiff is likely to prevail, likewise should not be subject to a Special Motion to Strike, for Plaintiff does not assert and did not plead that by mere virtue of petitioning the court for redress and filing a mandamus action, the County and defendants breached *Penal Code* § 832.7. Plaintiff asserts the attachments to the mandamus action, which the defendants published to the world, including plaintiff's internal affairs file, investigations, and statements attributable to plaintiff and others, were filed unsealed in direct contravention to the laws, and hence this claim is not one within the statutory purview of *Code Civ. Proc.* § 425.16.

The district attorney, (and his County department, staff and personnel, and hired agents) have the duty to maintain the non-public nature of the personnel files

---

[1]    The personnel file of Towner was disclosed to the public at large in a filing in *County of Ventura v. Ventura County Civil Service Commission, Real Party in Interest TOWNER, Case 56-2018-00515881 CU-WM- VTA,* commencing on August 3, 2018 with the Original Writ and again on August 23, 2018, with the First Amended Complaint for Writ of Mandate [Dkt. 10-3, pages 42-44, Items 1 and 7]. Contents of his personnel file were on the internet and in the newspaper.

**OPPOSITION TO SPECIAL MOTION TO STRIKE**            **2:19-cv-03584-VAP (GJSx)**

1  absent judicial review under the Evidence Code. *Fagan v. Superior Court,* 111
2  Cal. App. 4th 607, 614-615 (2003). Defendants independently know they must
3  keep peace officer personnel files confidential, as the Attorney General has issued
4  a legal opinion, in direct response to this inquiry from the Ventura County DA, Mr.
5  TOTTEN [See RJN, item 3, July 9, 2012 letter from California League of Cities].
6  Further pursuant to the Attorney General's Opinion No. 99-503, "Is Disclosing
7  Peace Officer Personnel Records a Crime?" (1999) [RJN 4], disclosing peace
8  officer personnel files is a "duty enjoined by law" which may be enforced by
9  criminal sanctions. *Id., at p. 2.*

10  Plaintiff is further likely to prevail against defendant Zappia, on his claims;
11  as outlined above, and there is no legal authority that the intentional, reckless
12  and/or negligent publication of the confidential materials by the defendants and
13  Zappia, then shifts the burden to plaintiff and his counsel, to seal the records, and
14  clean up the "illegal" mess created by defendants.  Once the material became
15  publicly available through its disclosure, and on the internet and in the press, the
16  state court horse had already left the barn.

17  None of the authorities cited by defendants mandate a "waiver", as argued.
18  Further, the defendants and their agents have had knowledge, at least since the
19  filing and submission to the Board of Supervisors in October 2018, of Towner's
20  tort claim that confidential records had been published and that they took no steps
21  whatsoever to remedy that breach of confidentiality. [Request for Judicial Notice,
22  hereafter RJN, Item 1, Tort Claim, pages 12-13; re: records publication.]

23
24  **MEMORANDUM OF POINTS AND AUTHORITIES**
25
26  **II. *CODE CIV. PROC.* § 425.16 SHOULD NOT APPLY TO TOWNER'S**
27  **THIRD AND NINTH CLAIMS BECAUSE THESE CLAIMS ON THEIR**
28  **FACE ARE CLEARLY NOT SUBJECT TO THE SLAPP PROVISIONS.**

OPPOSITION TO SPECIAL MOTION TO STRIKE          2:19-cv-03584-VAP (GJSx)

The purpose of *Code Civ. Proc.* § 425.16 is to encourage participation in matters of public significance by allowing a court to promptly dismiss unmeritorious actions or claims that are brought to chill another's valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. *Padres L.P. v. Henderson,* 114 Cal. App. 4th 495, 509 (Cal. App. 4th Dist. Dec. 17, 2003). Legislative intent is gleaned from the statute as a whole. *Fox Searchlight Pictures, Inc. v. Paladino,* 89 Cal.App.4[th] 294 (2001). In *City of Hemet v. Superior Court,* 37 Cal. App. 4th 1411 (1995), a newspaper filed a request with a City under the California Public Records Act, "CPRA" (Government Code section 6254). The Court found that the Penal Code section 832.7 would be illusory unless its provisions were incorporated into the CPRA. *Id., at 1430.*

A defendant bringing an anti-SLAPP motion to strike must make a prima facie showing that the plaintiff's suit is subject to *Code Civ. Proc.* § 425.16, i.e., that the defendant's challenged acts were taken in furtherance of his constitutional rights of petition for redress or free speech in connection with a public issue, as defined by the statute. *Jarrow Formulas Inc. v. LaMarche,* 31 Cal. 4th 728, 733-34 (2003). Only if defendant makes such a showing does the burden shift to the plaintiff to demonstrate, by admissible and competent evidence, a reasonable probability that he will prevail on the merits at trial. (*Code Civ. Proc.* § 425.16(b)(1). The defendants here have not met their initial threshold showing under *Code Civ. Proc. § 425.16.*

A SLAPP suit (*Code Civ. Proc.* § 425.16) has been described as a meritless suit filed primarily to chill the defendant's exercise of First Amendment rights. One of the purposes of the statute is to eliminate meritless litigation at an early stage in the proceedings. *Macias v. Hartwell,* 55 Cal.App.4th 669, (Cal. App. 2d Dist. June 5, 1997). SLAPP plaintiffs do not intend to win their suits; rather, they are filed solely for delay and distraction and to punish activists by imposing

litigation costs on them for exercising their constitutional right to speak and petition the government for redress of grievances. *Averill v. Superior Court,* 42 Cal.App.4th 1170, 1175 (1996). That is not the case here, for Plaintiff does not assert and did not plead that by mere virtue of petitioning the court for redress and filing a mandamus action, seeking a "neutral" hearing officer, the County and defendants breached Plaintiff's privacy or rights or confidentiality rights under POBOR.

Plaintiff asserts the attachments to the mandamus action, which the defendants published to the world, when they filed their action for the Writ, including plaintiff's internal affairs file, investigations, and statements attributable to plaintiff and others, were filed unsealed and in direct contravention to the laws, without seeking a judicial order pursuant to statute and the Evidence Code, and Government Code, and without redaction or request to seal. [*Government Code* § 3309.5, *Penal Code* §§ 832.5, 832.7 and *Evidence Code* §§ 1043 and 1046.] [Dkt. 1-1, page 5, para. 8; page 33-35, paras. 100-104; page 43, para. 149]. There is not a privilege available that the defendants can use as a defense, because these peace officer personnel records and internal affairs files do not lose their confidentiality simply because defendants decided on their own to attach them to a Writ.

*Government Code* § 3309.5 also provides as follows:

(a) It shall be unlawful for any public safety department to deny or refuse to any public safety officer the rights and protections guaranteed to him or her by this chapter.

(b) Nothing in subdivision (h) of Section 11181 shall be construed to affect the rights and protections afforded to state public safety officers under this chapter or under Section 832.5 of the Penal Code.

-5-

(c) The superior court shall have initial jurisdiction over any proceeding brought by any public safety officer against any public safety department for alleged violations of this chapter.

*Penal Code* § 832.7 provides in part as follows:

(a) Except as provided in subdivision (b), the personnel records of peace officers and custodial officers and records maintained by any state or local agency pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code. This section shall not apply to investigations or proceedings concerning the conduct of peace officers or custodial officers, or an agency or department that employs those officers, conducted by a grand jury, a district attorney's office, or the Attorney General's office.

*Evidence Code* § 1043 provides:

(a) In any case in which discovery or disclosure is sought of peace or custodial officer personnel records or records maintained pursuant to Section 832.5 of the Penal Code or information from those records, the party seeking the discovery or disclosure shall file a written motion with the appropriate court or administrative body upon written notice to the governmental agency which has custody and control of the records. The written notice shall be given at the times prescribed by subdivision (b) of Section 1005 of the Code of Civil Procedure. Upon receipt of the notice the governmental agency served shall immediately notify the individual whose records are sought.

In *Fagan v. Superior Court,* 111 Cal. App. 4th 607 (2003), it was held **the** individual District Attorney had to maintain the confidential nature of files of such public safety personnel absent judicial review pursuant to *Evidence Code* §§ 1043 and 1046. [See also *Penal Code* § 832.7]. The *Fagan* Court explored the opinion of the Attorney General where the AG had been asked to consider "what restrictions are placed upon a district attorney in obtaining access to the personnel records of a police officer … ." (66 Ops.Cal.Atty.Gen. 128 (1983) (1983 Attorney General Opinion).) Applying an exception as long as the district attorney is duly investigating 'the conduct of police officers or a police agency' as specified in *Penal Code* § 832.7, he need not first obtain a court order for access to the records in question." (66 Ops.Cal.Atty.Gen., *supra,* at p. 128.); but he cannot then destroy the confidentiality of the records by publishing them, without court order. The Attorney General considered what it meant for the files to be confidential. 'Confidential' information," the Attorney General observed, is "'not publicly disseminated.'" As applied in *Fagan, supra,* the court reviewed the same exception for investigations of officer conduct, and held a district attorney properly obtained the results of urinalysis tests (as a result of officers being involved in a street fight) contained in confidential peace officer personnel files in investigating off-duty criminal conduct by the officers.

The DA's access to the urinalysis tests did not mean that the tests results themselves contained in the peace officer files were no longer confidential. *Fagan, supra,* at 617-618. *Fagan* concluded that, while the district attorney properly accessed the test results, the district attorney was obligated to maintain the nonpublic nature of the files absent judicial review of the relevance of the information" through a motion under Section 1043. *Id.* Here it was the publication of the peace officer confidential material filed in direct contravention to the laws, by Mr. Zappia, and COUNTY, VCDA and at the direction of others as

alleged, [Dkt. 1-1 pages 30-35; paras.93-105].   Per the Complaint for Writ of Mandate seeking a "neutral" hearing officer after the Civil Service Commission had twice defended its decision in Superior Court that TOWNER'S testimony was credible [Dkt. 10-3, page 11, para. 7], TOWNER made no contention that the right of the County and VCDA to petition for such a hearing in and of itself, violated POBOR or *Penal Code § 823.7.*

"The mere fact that an action was filed after protected activity took place does not mean the action arose from that activity for the purposes of the anti-SLAPP statute." *Park v. Board of Trustees of Cal. State University,* 2 Cal.5th 1057, 1063 (2017). "While discrimination may be carried out by means of speech, such as a written notice of termination, and an illicit animus may be evidenced by speech, neither circumstance transforms a discrimination suit to one arising from speech.  What gives rise to liability is not that the defendant spoke, but that the defendant denied the plaintiff a benefit, or subjected the plaintiff to a burden, on account of a discriminatory or retaliatory consideration." *Park v. Board of Trustees of Cal. State University, supra,* 2 Cal. 5th 1057, 1066.

Further pursuant to the Attorney General's Opinion no. 99-503, "Is Disclosing Peace Officer Personnel Records a Crime (1999) [RJN 4], disclosing peace officer personnel files is a "duty enjoined by law" which may be enforced by criminal sanctions. *Id., at p.* 2. In 1978 the legislature codified the Pitchess doctrine by enacting *Penal Code §§ 832.7, 832.8 and Evidence Code §§ 1043 and 1045.* The purpose of the bills was to protect the peace officer files from random discovery and dissemination. *San Francisco Police Officers Assn v. Superior Court,* 202 Cal.App.3d 183, 189 (1988). Additionally, the purpose was to place safeguards on the disclosure of confidential peace officer files. *California Highway Patrol v. Superior Court ,*84 Cal.App.4th 1010, 1022 (2000).

Accordingly, defendants cannot overcome the first prong, that simply because the Writ of Mandate involves an employment action, and was filed, with

OPPOSITION TO SPECIAL MOTION TO STRIKE          2:19-cv-03584-VAP (GJSx)

1 confidential attachments, that such act of publication subjects TOWNER's third

2 and ninth claims to a Special Motion to Strike under SLAPP. TOWNER is not

3 challenging the right of defendants or public entities or their personnel to file for

4 judicial redress, but is challenging the publication of his personnel file-made an

5 exhibit, without court order, redaction or being sealed, in direct contravention to

6 statutory law. *See Penal Code* §§ 832.5 and 832.7 as cited above.

7

8 **III.  IN DETERMINING WHETHER *CODE CIV. PROC.* § 425.16 APPLIES,**
**THE COURT MAY CONSIDER THE PARTIES' LITIGATION HISTORY.**

9

10 When a party to a lawsuit engages in a course of oppressive litigation

11 conduct designed to discourage the opponents' right to utilize the courts to seek

12 legal redress, the trial court may properly apply *Code of Civ. Proc.* § 425.16, and

13 in determining whether the statute applies, may properly consider the litigation

14 history between the parties. *Church of Scientology v. Wollersheim,* 42 Cal.App.4th

15 628, 648-649, (1996) overruled in part re: "chilling intent", court not required to

16 engage in inquiry into subjective motivations.  *Equilon Enterprises v. Consumer*

17 *Cause Inc.,* 29 Cal.4th 53 (2002).

18 The "litigation history" of these parties (plaintiff and COUNTY defendants)

19 spanned over 20 years, involved several varied lawsuits, legal proceedings and

20 civil service commission hearings, one of which is still going on, with defendant

21 Zappia representing the County and VCDA. [See Decl. Towner at paras. 5 and 6;

22 and see Dkt. 1-1-, paras. 34, 48, 51, 52, 65 ]. As alleged in Dkt. 1-1, to "testify

23 truthfully" in such proceedings, if it is not the County's truth, results in retaliation.

24 As further described in the Complaint, his prior testimony in support of

25 other former employees of the VCDA and County and actions with VCERA,

26 should be given freely without fear of retaliation, and he should also be free to

27 speak on behalf of VCERA and VCERA members even when the position was

28 inconsistent with the County's position.  [Decl. Towner at para. 5 and 7; and Dkt

**OPPOSITION TO SPECIAL MOTION TO STRIKE**            **2:19-cv-03584-VAP (GJSx)**

1   1-1 para 120].

2

3   **IV.  IF DEFENDANTS' CONDUCT IS ILLEGAL AS A MATTER OF LAW,**
    **THAT DEFEATS THE CLAIMED PROTECTED ACTIVITY.**
4

5        The conduct of the defendants as alleged was illegal in violation of the

6   *Penal Code* § 832.7. In their moving papers, defendants admit to their conduct-

7   publication by filing the peace officer's personnel file with their Writ [see Notice

8   of Motion and Motion, Dkt 10, page 4, para 4]. Where conduct is illegal as a

9   matter of law, that will defeat a defendants' showing of protected activity. *Laker*

10  *v. Board of Trustees of Cal. State University,* 32 Cal.App.5th 745, 761 (Ct. Appeal

11  6th Dist. February 28, 2019). See also *Flatly v. Mauro,* 39 Cal.4th 299 (2006)

12  [attorney's motion to strike a well-known entertainer's civil extortion complaint

13  against the attorney was properly denied, where the activity by the attorney that

14  formed the basis for the motion to strike constituted extortion as a matter of law].

15  Here there was no motion filed in any court seeking judicial review prior to the

16  public disclosure of the personnel files [Dkt. 10-3, Exhibit 3, the "Docket" in the

17  Superior Court action and reflecting no redaction or motion to seal indicated in the

18  Writ or attached exhibits]. The excerpted peace officer's personnel file was

19  published, illegally, in violation of the Penal Code, Evidence Code and POBOR.

20  [See also 1999 Attorney General Opinion, re Req. Jud. Notice #4].

21

22  **V.  AS DEFENDANTS CANNOT MEET THEIR BURDEN ON THE FIRST**
    **STEP, THE COURT SHOULD DENY THIS MOTION OUTRIGHT.**
23

24       "Only a cause of action that satisfies both prongs of the anti-SLAPP statute

25  i.e. that arises from protected speech or petitioning and lacks even minimal merit is

26  subject to being stricken under the statute." (referring to *Code Civ. Proc. §*

27  *425.16.*)  *Daniel v. Wayans,* 8 Cal.App.5th 367, 380 (Ct. Appeal 2d. Dist. 2017)

28  [comparing black cartoon character to movie extra, and calling him a name-not

OPPOSITION TO SPECIAL MOTION TO STRIKE        2:19-cv-03584-VAP (GJSx)

1  subject to being stricken].  See also *Navellier v. Sletten,* 29 Cal.4th 82 (2002).

2  Accordingly, because the first prong cannot be met, this Motion should be denied.

3

4  **VI.  ZAPPIA IS SUBJECT TO SUIT FOR HIS PUBLICATION OF THE**

5  **PERSONNEL FILE KNOWINGLY, INTENTIONALLY, RECKLESSLY**
   **OR NEGLIGENTLY IN CONTRAVENTION OF THE LAWS, AND**

6  **NEITHER CASE NOR STATUTORY AUTHORITY PROTECTS HIM OR**

7  **DEFENDANTS.**

8      In *Jesperson v. Zubiate-Beauchamp,* 114 Cal.App.4th 624 (2d. Dist Ct.

9  Appeal (2003)), the court did not hold that any attorney who prosecutes "a civil

10 action" qualifies for protection under the SLAPP law.  [Dkt 10-1 page 15 lines 4-

11 7].  The finding in *Jesperson, supra,* was that the alleged garden variety

12 malpractice did not arise out of the attorneys' First Amendment right to petition.

13 Rather the malpractice alleged by the clients was the attorneys' negligent failure to

14 protect the clients' rights in an underlying civil action in which the clients had

15 been named as defendants. The court found that an attorney sued for malpractice

16 based on a written or oral statement on behalf of a client in a judicial proceeding

17 may have standing to bring a SLAPP motion but it does not follow that "a legal

18 malpractice action may be subject to a SLAPP motion merely because it shares

19 some similarities with a malicious prosecution action and involves attorneys and

20 court proceedings." "[T]he mere fact an action was filed after protected activity

21 took place does not mean it arose from that activity." [Citations omitted] *Id.* at 630.

22     Appellants in *Jesperson* admitted to a failure to comply with a discovery

23 statute and two court orders, that was the basis for malpractice suit.  In TOWNER,

24 there was no motion filed in any court seeking judicial review prior to the public

25 disclosure of the personnel file [Dkt. 10-3, Exhibit 3, the "Docket"], and no

26 redaction or motion to seal indicated in the Writ or attached exhibits. The file was

27 published, illegally, in violation of the Penal Code and POBOR. [See Request for

28 Judicial Notice, Items 1, page 12-13; and Exhibit 2].  The litigation privilege *Civil*

*Code* § 47(b) is discussed below.

Any "act" includes communicative conduct such as the filing, funding, and prosecution of a civil action. This includes qualifying acts committed by attorneys in representing clients in litigation." [citations omitted]. *Rusheen v. Cohen*, 37 Cal.4th 1048, 1056 (2006). As set forth above, there is no cited case authority that stands for the proposition that attorneys for the County can publish a peace officers file with impunity in violations of the laws, without compliance with the appropriate procedures.[2]

## VII.  SHOULD THE COURT REACH THE SECOND PRONG OF THE SLAPP ANALYSIS, PLAINTIFF IS LIKELY TO PREVAIL ON THE MERITS OF BOTH THE THIRD AND NINTH CLAIMS AS SET FORTH HEREIN AND IN THE EVIDENCE SUBMITTED.

Under *Code Civ. Proc.* § 425.16, there is a two-part test: if defendant has met the threshold requirement that the challenged cause of action is one arising from protected activity, then plaintiff must show that he is likely to prevail on the challenged claims. *Daniel, supra,* at p. 379. As set forth herein, in the Opposition to the Motion to Dismiss, submitted Declarations and below, plaintiff can meet this burden.

### A.  THE LITIGATION PRIVILEGE WHICH DEFENDANTS ALLEGE APPLIES TO THE CONFIDENTIAL PERSONNEL FILE DOES NOT OPERATE TO BAR CLAIMS UNDER THE THIRD AND NINTH CAUSES OF ACTION.

*Fox Searchlight Picture, Inc. v. Paladino*, 89 Cal. App. 4th 294 (2001), did not hold that claims re confidential or privileged information are specifically subject to anti-SLAPP motions. In *Fox*, Plaintiff corporation sued former in house counsel, once it learned defendant was going to sue for wrongful termination.

---

[2] Even in cases involving Pitchess motions (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531 the court reviews the material under seal.

-12-

Defendant moved to strike the Complaint under *Code Civ. Proc.* § 425.16. Plaintiff filed motions to disqualify defendant's attorneys due to conflict of interest. Held that limited disclosures of **employer-client** confidences to plaintiff's attorney did not violate in house counsel's duty of confidentiality and party bringing suit under SLAPP provisions, need not show that suit was "intended to chill" the rights of defendant. *Id.* at 307. [emphasis added, the *Fox* case applied to lawyer client confidences.]

In *City of Hemet v. Superior Court*, 37 Cal. App. 4th 1411 (1995), a newspaper filed a request with a City under the California Public Records Act, "CPRA" (Government Code section 6254). The Court found that the Penal Code section 832.7 would be illusory unless its provisions were incorporated into the CPRA. *Id., at 1430.* "It has been repeatedly held that Evidence Code section 1043, et. seq., constitute the *exclusive* means by which a litigant *in a civil action* may obtain discovery of records governed by those statutes." [*Id., at 1423*, Citations omitted, emphasis in original.] In *County of Los Angeles v. Sup. Court,* 18 Cal. App. 4th 588 (1993), disclosure of peace officer personnel files could not be ordered  because the "ultimate purpose" of the request under the CPRA made by a legal secretary, was to discover information governed by the Penal Code sections 832.5, and 832.7. See *City of Hemet, supra* at 1424-1425.

In *San Diego Police Officers Assn. v. City of San Diego Civil Service Commission,* 104 Cal.App.4th 275 (2002) (disclosure of records in a CSC hearing), the court made it clear that **regardless of the context** in which the records are sought, police officer files are confidential.

"However, as explained above, because we have concluded that the correct interpretation of the statute is that the Legislature intended to establish that personnel records are confidential and then created a limited exception in the civil/criminal discovery context, the fact that *Pitchess* procedures do not logically

apply here does not render the disclosure prohibition inapplicable. (See *Hackett v. Superior Court* 13 Cal.App.4th 96, 100 [16 Cal. Rptr. 2d 405] (1993) ["Although it is clear the [statute] was conceived as a legislative response to *Pitchess* . . ., it is equally clear from its plain language . . . [that the statute] was intended to create a privilege for *all* information in peace officers' personnel files"].) *Id.* at 286, *emphasis in original.*

Employing agencies may not disclose the records at public hearings. *Id.* at 287. Please see also Plaintiff's Opposition to Motion to Dismiss. Specific statutory construction must prevail over the general litigation privilege contained in *Civil Code* § 47(b). See litigation privilege yielding to retaliatory eviction remedies, *Civil Code* § 1942.5; *Banuelos v. LA Investment LLC* (2013) 219 Cal.App.4th 323, and *Action Apartment Association, Inc. v. City of Santa Monica,* (2007) 41 Cal.4th 1232. [Mtn. Dismiss Opposition at pages 11 and 12].

The Legislature further finds and declares that effective law enforcement depends upon the maintenance of stable employer-employee relations between public safety employees and their employers...." See also *Daugherty v. City and County of San Francisco,* 24 Cal.App.5th 928, 947 (2018) - protection of peace officers is the "essence" of the statute. It is unlawful to deny any peace officer/public safety officer the rights and privileges contained in the Peace Officers Bill of Rights, by publishing any portion of his personnel/internal affairs file, as was done in this case. Please see RJN, Item 2, and Exs. 2, 3, 4, 8-11, requested to be submitted under seal Dkt.16, 16-1, (application subsequently denied), the personnel file of Towner was disclosed to the public at large in a filing in *County of Ventura v. Ventura County Civil Service Commission, Real Party in Interest TOWNER, Case 56-2018-00515881 CU-WM- VTA,* commencing on August 3, 2018, with the Original Writ and again on August 23, 2018, with the First Amended Complaint for Writ of Mandate [Dkt.10-3, Exhibit 3, pages 41-43].

OPPOSITION TO SPECIAL MOTION TO STRIKE            2:19-cv-03584-VAP (GJSx)

1
2
3
4

As set forth in the accompanying Declaration of TOWNER, this publication by defendants caused him humiliation, distress, tension, anxiety, fear and embarrassment, as well as interference with his duties on the Board of VCERA. [Decl. TOWNER at para. 10].

5
6
7
8

### B. PLAINTIFF IS LIKELY TO PREVAIL ON THE NINTH CAUSE OF ACTION BECAUSE THE DEFENDANTS HAVE VIOLATED THE STATUTE AS DESCRIBED IN THE COMPLAINT AND IN THE EVIDENCE SUBMITTED .

9
10
11
12
13
14
15

As set forth in the opposition in sections II through VI, defendants have filed the peace officer confidential records, in direct contravention of the laws. The Complaint alleges that this was done in retaliation for TOWNER's exercise of his right to engage in protected political speech and to testify in litigation and before the Civil Service Commission on the cases of former employees of the County as alleged commencing at DKT. 1-1, para. 43, 43-45 and 109 and continuing throughout the complaint in each claim.

16
17
18
19
20
21
22
23
24
25
26
27

In *Rosales v. City of Los Angeles,* 82 Cal.App.4th 419, 428 (2d Dist. 2000) the Court's holding that *Penal Code* § 832.7 does not authorize a private cause of action for improper disclosure, applied solely in the discovery context where the city and its counsel disclosed a peace officer's sexual misconduct internal affairs files, **to an explorer Scout-the litigant suing the City** - for that actual officer misconduct, and the Court applied the right of privacy. The City and its counsel were forced to concede they did not use the appropriate request for disclosure per the Evidence Code. *Id.* at 827. *Rosales, id.,* did not stand for the holding that no individuals could be held responsible for POBOR violations. The United States Supreme Court has held that the constitutional right to privacy protects individuals from government disclosure of personal information. (*Whalen v. Roe* 429 U.S. 589, 599-600 (1977) [See also *Olivera v. Vizzusi,* 2010 WL 4723712 (2010)

28

plaintiffs plausibly plead a reasonable expectation of privacy that personnel records would not be disclosed.]

Government Code § 3309.5(e) specifically states that an individual may not be held liable for the **same** act a public safety department is liable for but further provides for any act constituting a malicious violation/intent to injure found with respect to a "public safety department, its employees, agents or assigns," such conduct can result in liability under the act; and this may include government contractors [emphasis added].

## VIII.  WAIVER AS A DEFENSE IS INAPPLICABLE HERE

Plaintiff pled that defendants knew of the confidential nature of the personnel files, and intentionally and/or under the claim of negligence per se, published same in a court filing, without judicial order or redaction or sealing. [Dkt. 1-1, p. 33-34.]  Plaintiff filed the Tort Claim in October 2018, consisting of 24 pages, and rejected the same day, had they read it, they would have seen POBOR violations were specifically referenced, and those that published it could have had it sealed then. [Dkt. 1-1, Page 7, para 17].  As pled in the Notice, but not in the Motion, Dkt 10 page 6, waiver cannot operate as a defense here.

None of the cases cited in defendants' Notice of Motion [Dkt. 10, page 6, lines 12-20] applied waiver in any context close to the issue defendants asserted, that plaintiff's counsel should have had plaintiff's records sealed after the defendants were responsible for publishing the file in direct contravention to the laws. *Roesch v. De Mota,* 24 Cal.2d 563 (1944) [parties did not know notes were usurious at time they were entered into.]  *Gould v. Corinthian Colleges Inc.,* 192 Cal.App.4th 1176 (2011)  [accepting benefits under lease means lessor waives early termination benefit]; *Kern Sunset Oil Co. v. Good Roads Oil Co.,* 214 Cal. 435 (1931) [landlord accepts rent, waives breach of lease.]; *DuBeck v. California Physicians Service,* 234 Cal.App.4th 1254 (2015)  [material misrepresentation in

1    health insurance policy].

2         It is true the cases all use the term "waiver", but none form the basis for the

3    assertion plaintiff has waived his rights to assert the third cause of action.  Waiver

4    does not excuse a violation of the laws.

5         Defendants also drastically overstate the holding in *Jacob B. v. County of*

6    *Shasta* 40 Cal.4th 948 (2007), litigation privilege applied to letter concerning past

7    alleged abuse affecting visitation rights; in the family law context, as the court

8    specifically in ruling on child visitation was entitled to the "maximum amount of

9    relevant information" in deciding who has visitation privileges. ] *Id.* at 955. *Civil*

10   *Code* § 47(b)(1), creates an exception to this litigation privilege for an allegation or

11   averment contained in any pleading or affidavit filed in an action for marital

12   dissolution or legal separation made of or concerning a person by or against whom

13   no affirmative relief is prayed in the action.  This is a marital dissolution exception

14   (sometimes called the divorce proviso).  *L.G. v. M.B.*, 25 Cal.App.5th 211 (2018) .

15        The POBAR, Evidence and Penal Code sections as cited herein do not

16   exclude the actions of outside counsel, defendant ZAPPIA, nor the individual

17   defendants.   No authority is provided for the assertion that defendants as

18   COUNTY personnel or hired to represent the COUNTY cannot be found in

19   violation of the POBAR and Penal Code as cited herein.

20

21   **IX.   THE CASE AUTHORITY PROVIDED BY THE DEFENSE TO**
     **SUPPORT THEIR "ALLEGED PROTECTED RIGHT" TO FAIL TO**
22   **OBEY   THE   PENAL   CODE   AND   EVIDENCE   CODE   IS   NOT**
     **APPLICABLE HERE.**
23

24        In *G.R.   v. Intelligator,* 185 Cal.App.4th 606 (2010), wife's attorney

25   (Intelligator) in dissolution proceedings filed the husband's credit report without

26   redacting personal information. In that context, the Court held the "illegality"

27   exclusion in the course of this family law matter, did not apply in violation of the

28

1   *California Rules of Court,* Rule 1.20. As a part of normal, routine legal services,
2   Intelligator attached the credit reports of the parties, in support of the motion.
3   Unfortunately, she failed to redact certain personal identifiers, as required by
4   *California Rules of Court,* Rule 1.20. This is drastically different from publishing
5   a personnel file that denigrates the character and integrity of the plaintiff, a peace
6   officer with a stellar 30 year career, that did not have to be filed in support of a
7   Writ and was not filed as part of "normal" or "routine" legal services.

8       Also *Cabral v. Martins,* 177 Cal. App. 4th 471 (Ct. Appeal 1st Dist. 2009) is
9   inapposite as against attorneys who did not violate child support statutes or attempt
10  to evade them, by revising estate plan of deceased mother of ex-husband.

11

12  **X. POBOR IS NOT JUST "PROCEDURAL" AND DOES PROVIDE**
    **REMEDIES FOR VIOLATION OF PRIVACY RIGHTS.**
13

14      POBAR and its provisions cover any reports or writings, including raw
15  notes and tape recordings. *San Diego Police Officers' Ass'n v. City of San Diego*
16  98 Cal.App.4th 779, 783 (2002). *Penal Code* § 832.8 defines "personnel records,"
17  as used in *Penal Code* § 832.7, to mean "any file maintained under that
18  individual's name by his or her employing agency" and containing records relating
19  to specified matters, including employee discipline, "[c]omplaints, or
20  investigations of complaints, concerning an event or transaction in which he or she
21  participated, or which he or she perceived, and pertaining to the manner in which
22  he or she performed his or her duties," and "[a]ny other information the disclosure
23  of which would constitute an unwarranted invasion of personal privacy." *(Penal*
24  *Code* § 832.8, subds. (d), (e), and (f).)

25

26  **XI. ZAPPIA IS NOT INSULATED FROM DUTY UNDER NEGLIGENCE**
27  **PER SE, THE NINTH CLAIM.**

28

OPPOSITION TO SPECIAL MOTION TO STRIKE        2:19-cv-03584-VAP (GJSx)

1   Statutory immunity from liability protects defendants, (County and its
2   employees - of which defendant Zappia is neither) from liability when a juvenile
3   ward self-inflicted an injury. *Ladd v. County of San Mateo* 12 Cal. 4th 913, 917
4   (1996). The California Vehicle Code does permit liability against a public entity
5   for negligent operation of a motor vehicle by its employee. Neither of these two
6   premises as cited by defendants in the *Ladd v. County of San Mateo* (1996) 12
7   Cal.4th 913, 917 case is applicable in the TOWNER case. *Kentucky Fried Chicken*
8   *v. Superior Court* 4 Cal. 4th 814, 819 (1997), stands for the proposition that a
9   business proprietor is not an insurer of an invitee's safety, which is inapplicable
10  here. Zappia is not just an attorney for his client, he is an officer of the Court, and
11  cannot knowingly, recklessly, make confidential documents public.

12  Mr. Zappia's duty to exercise reasonable care and avoid recklessness in
13  publication of the file and peace officer records, exists. The question whether a
14  duty of care exists, or should be found, "is one of law, and the determination is
15  reached by balancing policy considerations under the circumstances of the
16  particular case." (*Goodman v. Kennedy* 18 Cal.3d 335, 342 (1976).) These factors
17  include: (1) the extent to which the transaction was intended to affect the plaintiff;
18  (2) the foreseeability of harm to the plaintiff; (3) the degree of certainty that
19  plaintiff suffered injury; (4) the closeness of the connection between the
20  defendant's conduct and the injury suffered; (5) the moral blame attached to the
21  defendant's conduct; (6) the policy of preventing future harm; (7) the likelihood
22  that imposition of liability might interfere with the attorney's ethical duties to the
23  client; and (8) the likelihood that such liability would impose an undue burden on
24  the legal profession. (*Biakanja v. Irving* 49 Cal.2d 647, 650–651 [320 P.2d 160]
25  (1958); *Mattco Forge, Inc. v. Arthur Young & Co.* 38 Cal.App.4th 1337, 1355–
26  1357 [45 Cal. Rptr. 2d 581] (1995); *Moore v. Anderson Zeigler Disharoon*
27  *Gallagher & Gray* 109 Cal.App.4th 1287, 1294–1307 [135 Cal. Rptr. 2d 888]
28

-19-

(2003); *Osornio v. Weingarten* 124 Cal.App.4th 304, 320–321 [21 Cal. Rptr. 3d 246] (2004).)

"The determination whether in a specific case the defendant will be held liable to a third person not in privity is a matter of policy and involves the balancing of various factors, among which are the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, and the policy of preventing future harm." *Biakanja, supra,* at 650.

California Jury instructions (CACI) 418 provides that if defendant violated a law (*Penal Code* § 832.7, cited herein at pgs. 7, 8, 10, 18) and the violation was a substantial factor in bringing about the harm, then negligence must be found. [*See also Evidence Code* § 669]. The Declaration of Towner outlines the harm caused by the release and publication of his confidential peace officer personnel files. [Towner Decl. at paras. 8-10].

**XII.  SHOULD THE COURT BE INCLINED TO GRANT ALL OR PART OF THE SPECIAL MOTION TO STRIKE, PLAINTIFF WOULD REQUEST AN OPPORTUNITY FOR HEARING ON ATTORNEY FEES AND BRIEFING THE ISSUE.**

As set forth in the Decl. of Jennie Hendrickson, the amount of attorney fees requested for the Motion, which was filed three days after the conference of counsel on May 6, 2019, is unreasonable and excessive on its face, considering that defense counsel claims fees for a week of his time. Attorney entitled only to reasonable attorney fees, and not necessarily to the entire amount requested. (*Christian Research Institute v. Alnor,* 165 Cal.App.4th 1315 (2008). No billing records or time sheets were submitted with the motion. Additionally, some of the arguments and case authority as exist in the Notice of Motion and Motion re

-20-

1   Special Motion to Strike are duplicative of the Motion to Dismiss arguments [Dkt.
2   9], for which attorney fees are unavailable. The SLAPP motion addresses only two
3   claims, the third and ninth, not the entire complaint, Dkt. 1-1.

4       The reference to *Code Civ. Proc.* § 128.5 in *Code Civ. Proc.* § 425.16(c)
5   means a court must use the procedures and apply the substantive standards of *Code*
6   *Civ. Proc.* § 128.5 in deciding whether to award attorney fees under the anti-
7   SLAPP statute. (*Decker v. U.D. Registry, Inc.* 105 Cal.App.4th 1382, 1392 [129
8   Cal. Rptr. 2d 892] (2003).)   While the trial court may infer subjective bad faith
9   from the pursuit of a frivolous tactic [citation], 'it is within a court's discretion not
10  to draw that inference if convinced the party was acting in the good faith belief the
11  action was meritorious.' [Citation.]" (*Shelton v. Rancho Mortgage & Investment*
12  *Corp.* 94 Cal.App.4th 1337, 1346 [115 Cal. Rptr. 2d 82] (2002).

13  **XIII. PLAINTIFF REQUESTS COSTS AND FEES PURSUANT TO *CODE***
14  ***CIV. PROC.* 425(c)(1) AS DEFENDANTS' MOTION LACKS MERIT, AND**
15  **IS INTENDED SOLELY TO CAUSE UNNECESSARY DELAY**

16      *Code Civ. Proc.* § 425.16 provides in part as follows: "(c)(1)  Except as
17  provided in paragraph (2), in any action subject to subdivision (b), a prevailing
18  defendant on a special motion to strike shall be entitled to recover his or her
19  attorney's fees and costs.   If the court finds that a special motion to strike is
20  frivolous or is solely intended to cause unnecessary delay, the court shall award
21  costs and reasonable attorney's fees to a plaintiff prevailing on the motion,
22  pursuant to Section 128.5."

23      Plaintiff would submit that the Special Motion to Strike was not in good
24  faith; was pursued only in an attempt to cause unnecessary delay, and as cited
25  herein, without basis in statutory or case authority

26      As set forth in the declaration of Jennie Hendrickson, plaintiff spent in
27  excess of twelve hours, opposing this motion, and drafting the accompanying
28  declarations, request for judicial notice and proposed order and deducted 2.0 hours

-21-

for any overlapping research affiliated with the Opposition re Motion to Dismiss and requests in fees the amount of $5,000.00 (at a rate of 500.00 p/h) payable to Plaintiff and his counsel of record. Plaintiff will submit billing records, if the court is so inclined to hear the issue.

## XIV. CONCLUSION:

Plaintiff requests that the Special Motion to Strike be denied in its entirety.

Dated:                                    Respectfully submitted,

                                          Law Offices of Mark R. Pachowicz, APLC

                                          /s/ Jennie Hendrickson
                                          Mark R. Pachowicz
                                          Jennie Hendrickson
                                          Attorneys for Plaintiff TRACY TOWNER

-22-

**CERTIFICATE OF SERVICE**

**CASE NAME:** *Tracy Towner v. County of Ventura, et al.*
**CASE NO.:**     **2:19-cv-03584-VAP (GJSx)**

I am employed in the County of Ventura, State of California. I am over the age of 18 and not a party to the within entitled action. My business address is: 4055 Mission Oaks Blvd., Ste. A, Camarillo, California 93012.

On the date shown below, I served the foregoing document described as **OPPOSITION OF PLAINTIFF TO SPECIAL MOTION TO STRIKE AND OPPOSITION TO DEFENDANTS' REQUEST FOR ATTORNEY FEES PURSUANT TO *CODE OF CIV. PROC.* § 425.16; PLAINTIFF'S REQUEST FOR ATTORNEY FEES IN OPPOSING MOTION; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

| | |
|---|---|
| Edward P. Zappia | Leroy Smith |
| Brett Ehman | Matthew A. Smith |
| THE ZAPPIA LAW FIRM | VENTURA COUNTY COUNSEL |
| A Professional Corporation | 800 S. Victoria Avenue L #1830 |
| One Pacific Plaza | Ventura, CA 93009 |
| 7777 Center Avenue, Suite 625 | Ph: (805) 654-2581 |
| Huntington Beach, CA 92647 | Fax: (805) 654-2185 |
| Ph: (213) 814-5550 | leroy.smith@ventura.org |
| Fax: (213) 814-5560 | matthew.smith@ventura.org |
| ezappia@zappialegal.com | |
| behman@zappialegal.com | |

☑ **BY ELECTRONIC SERVICE:** I hereby certify that on May 20, 2019, I electronically filed the following documents with the U.S. District Court, Central District, by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 20, 2019, at Camarillo, California.

_____
Stephanie E. Swain