Mark R. Pachowicz (SBN 138108)
Jennie Hendrickson (SBN 144562)
LAW OFFICES OF MARK R. PACHOWICZ, APLC
4055 Mission Oaks Blvd., Suite A
Camarillo, CA 93012
Tel: (805) 987-4975 / Fax: (805) 987-4980
mark@pachowicz.com
jennie@pachowicz.com

Attorneys for Plaintiff, TRACY TOWNER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| TRACY TOWNER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF VENTURA, a public entity; VENTURA COUNTY OFFICE OF THE DISTRICT ATTORNEY (VCDA), a public department of the County of Ventura; GREGORY D. TOTTEN, individually and in his official capacity as District Attorney; MICHAEL D. SCHWARTZ, individually and in his official capacity as Deputy District Attorney and currently Chief Assistant District Attorney; JANICE L. MAURIZI, individually and in her official capacity; EDWARD ZAPPIA, individually; CHIEF MICHAEL BARAY, individually and in his official capacity as Chief of the Bureau of Investigation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. **2:19-cv-03584 VAP (GJSx)**<br><br>Assigned to the Honorable Virginia A. Phillips<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SEVER AND REMAND STATE LAW CLAIMS OR IN THE ALTERNATIVE REMAND ENTIRE ACTION**<br><br>[Filed concurrently with Notice of Motion and Motion to Sever and Remand; Declaration of Jennie Hendrickson; Compliance with Standing Order re LEXIS Authority; Proposed Order]<br><br>**Date: June 17, 2019**<br>**Time: 2:00 p.m.**<br>**Dept: 8A**<br><br>Complaint filed:  April 17, 2019<br>Removal:  April 29, 2019 |

# TABLE OF CONTENTS

I.    PRELIMINARY FACTUAL STATEMENT ................................................1

II.   THE COURT, IN ITS DISCRETION, MAY DECLINE TO
      EXERCISE ITS SUPPLEMENTAL JURISDICTION
      UNDER 28 U.S.C. SECTION 1367(c)..................................................3

III.  SEVERENCE OF CLAIMS IS PERMISSIBLE UNDER THE
      FEDERAL RULES OF CIVIL PROCEDURE, RULE 21 ...........................5

IV.   THE GRAVAMEN OF PLAINTIFF'S CLAIMS DO NOT
      FALL UNDER FEDERAL QUESTION JURISDICTION,
      BUT UNDER STATE STATUTES, AND PLAINTIFF'S
      STATE LAW CLAIMS PREDOMINATE ......................................................6

V.    SHOULD THE COURT CONCLUDE THAT THE STATE
      LAW CLAIMS ARE PART OF THE "SAME CASE OR
      CONTROVERSY" THE COURT MAY STILL SEVER
      AND REMAND THE STATE LAW CLAIMS PURSUANT
      TO 28 U.S.C. SECTION 1367 ..................................................................8

VI.   THIS COURT SHOULD NOT EXERCISE FEDERAL
      QUESTION JURISDICTION OVER THE STATE LAW
      CLAIMS AS PER THE FOUR FACTOR TEST ARTICULATED
      IN GRABLE & SONS ..............................................................................13

            1.    NECESSARILY RAISED ................................................13
            2.    ACTUALLY DISPUTED ................................................14
            3.    SUBSTANTIAL ................................................................15
            4.    CAPABLE OF RESOLUTION WITHOUT DISRUPTION.....15

VII.  FEDERAL COURTS ARE COURTS OF LIMITED JURISDICTION
      POSSESSING ONLY THAT POWER AUTHORIZED BY THE
      CONSTITUTION AND STATUTE AND ANY DOUBT
      RELATED TO RIGHT OF REMOVAL SHOULD RESULT
      IN REMAND ..........................................................................................17

VIII. CONCLUSION..........................................................................................18

MEMORANDUM OF POINTS AND AUTHORITIES RE          2:19-cv-03584-VAP (GJSx)
SEVER AND REMAND

# **TABLE OF AUTHORITIES**

## **CASES**

*Acri v. Varian Assoc., Inc.* 114 F. 3d 999 (9th Cir. 1997) ..................................... 9, 10

*Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 297, 56 S. Ct. 466, 80 L. Ed. 688 (1936) .................................................................................... 14

*Boggs v Lewis*, 863 F.2d 662, 663 (9th Cir 1988) ...................................... 17

*Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595 (5th Cir. 2009) ................................................................................. 10

*Cain v. New United Motor Mfg.*, 1997 WL 797918 *2 (N.D. Cal. December 16, 1997) ................................................................................. 17

*California Dept. of Water Resources v. Powerex Corp.* 533 F.3d 1087 (9th Cir. 2008) .................................................................................... 9

*Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995) .......................................................................................... 12

*Dedalus Foundation v. Banach*, 2009 WL 3398595, *5 (S.D.N.Y. Oct. 16, 2009) ..................................................................................... 11

*Delaware ex rel. Denn v. Purdue Pharma L.P.*, 2018 WL 1942363, at *4-5 (D. Del. Apr. 25, 2018) ................................................................... 16

*Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 700, (2006) ............................................................................................ 15, 16

*Exec. Software N. Am., Inc. v. U.S. Dist. Court* 24 F.3d 1545, 1558 (9th Cir. 1994) .................................................................................... 9

*Fagan v. Superior Court*  111 Cal. App. 4th 607 (2003) ............................. 7

*Galambos v. Parker*, 2018 U.S. Dist. LEXIS 130145*2 (2018) .................. 12

*Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) ............................................................................................. 12

*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) .............................. 12

*GBI Holding Co. v. City of Chelan*, 2012 WL 1610093, at *3 and *5 (E.D. Wash. May 7, 2012) ................................................................... 11

*Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005) ............... 12, 13, 14, 15, 16

*Gunn v. Minton*, 568 U.S. 251 (2013) ................................... 12, 13, 15, 16, 17

*Hickerson v. City of New York*, 932 F. Supp. 550, 554 (S.D.N.Y. 1996) ............................................................................................ 14

1  *Hinson v. Norwest Fin S.C., Inc.*, 239 F. 3d 611, (4th Cir. 2001) ........................ 12

2  *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2016 WL 779105 *2
   (D. Nev. May 16, 2014) ................................................................................ 6

3

4  *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 214
   F.R.D. 152, 154—55 (S.D.N.Y. 2003) ......................................................... 6

5  *Kohler v. Rednap, Inc.*, 794 F. Supp. 2d 1091, 1093 (C.D. Cal. 2011) ............. 9, 10

6  *Larez v. Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991) .............................. 5

7  *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031,
   1034 (9th Cir. 2008) ................................................................................. 18

8

9  *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158,
   163 (3d Cir. 2014) .................................................................................... 14

10  *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) ............................. 10, 12

11  *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 817, 106 S.
    Ct. 3229, 92 L. Ed. 2d 650 (1986) ............................................................. 13

12

    *Nevada v. Bank of America Corp.*, 672 F.3d 661, 675 (9th Cir. 2012) ............. 13, 14

13

14  *Potter v. Hughes*, 546 F.3d 1051, 1064 (9th Cir. 2008) ................................. 13

15  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083,
    1087 (9th Cir. 2009) ................................................................................. 17

16  *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996) ...................... 15

17  *Ranck v. Mt. Hood Cable Regulatory Comm'n*, 2017 WL 1752954, at
    *2 (D. Or. May 2, 2017) ............................................................................ 14

18

19  *Riano v. Town of Schroeppel*, 2013 WL 5702263 *9 (N.D.N.Y.
    October 18, 2013) ................................................................................. 9, 14

20  *Santos v. SMX LLC*, 2017 WL 2825924 (C.D. Cal. June 29, 2017) .................. 18

21  *Schifando v. City of Los Angeles*, 31 Cal. 4th 1074, 1089 [December
    2003] ....................................................................................................... 8

22

    *Seabrook v. Jacobson*, 153 F.3d 70, 72 (2d Cir. 1998) .................................. 15

23

    *Sherman v. Town of Chester*, 2001 WL 1448613, at *4-5, (S.D.N.Y.
24   November 15, 2001) ................................................................................ 11

25  *Snow v Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir 1977) ........................... 17

26  *State of New York v. Phillip Morris Inc.*, 1998 WL 2574, *2
    (S.D.N.Y. Jan. 5, 1998) ........................................................................... 11

27

    *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, (1966) ................... 10

28

-4-

*United States v. Lee*, 821 F.3d. 1124, 1136, ftnte 2. (9th Cir. 2016)..................... 14

*Vieira v. Mentor Worldwide, LLC*, 2018 WL 4275998* 4-5(C.D. Cal, Sept. 7, 2018) ......................................................................................... 16

*Whitman v. Raley's, Inc.*, 886 F.2d 1177, 1180 (9th Cir. 1989) ............................ 12

## **<u>STATUTES</u>**

28 U.S.C. section 1331.............................................................................. 1, 13, 17

28 U.S.C. section 1367..................................................................................... 3, 10

28 U.S.C. section 1367(a) .................................................................................... 8

28 U.S.C. section 1367(c)...................................................................... 3, 5, 8, 9, 10

28 U.S.C. section 1367(c)(4) ................................................................................ 9

28 U.S.C. section 1441(a) .................................................................................... 1

28 U.S.C. section 1441(c) .............................................................................. 12, 17

42 U.S.C. section 1983 ...................................................................... 1, 4, 5, 6, 14

Evidence Code section 1043 ........................................................................ 4, 7, 8

Evidence Code section 1046 ........................................................................ 4, 7, 8

Government Code section 12900, et seq................................................................ 8

Government Code section 12940, et seq........................................................... 1, 3

Government Code section 3300.................................................................. 1, 3, 7, 15

Government Code section 3303 ............................................................................ 4

Government Code section 3309.5 ......................................................................... 4

Penal Code section 832.7 ............................................................................ 1, 4, 7, 8

Penal Code section 832.8 ..................................................................................... 4

Penal Code section 832.5 ..................................................................................... 7

## **<u>OTHER AUTHORITIES</u>**

Federal Rules of Civil Procedure, Rule 21 .......................................................... 5

United States Constitution, 1st Amendment........................................................ 6

United States Constitution, 14th Amendment ................................................ 1, 4, 6

MEMORANDUM OF POINTS AND AUTHORITIES RE          2:19-cv-03584-VAP (GJSx)
SEVER AND REMAND

1

## **TREATISES**

2

14B Charles A. Wright, et al., Federal Practice and Procedure § 3722
(4th ed. 2012) ..................................................................................................... 9

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES RE          2:19-cv-03584-VAP (GJSx)
SEVER AND REMAND

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY FACTUAL STATEMENT

Plaintiff TOWNER filed his original Complaint in the Ventura County Superior Court on April 17, 2019. Dkt. 1-1. On April 29, 2019, the defendants filed their Notice of Removal of Plaintiff's Complaint, Dkt. 1. The original Complaint was filed in this Court as an attachment to that Notice of Removal. Dkt. 1-1. Defendants seek removal under 28 U.S.C. section 1331, and 28 U.S.C. section 1441(a) claiming original and federal question jurisdiction arising from the following claims: (4) First Amendment Free Speech/42 U.S.C. Section 1983[1]; (5) Policies, Customs & Practices Causing Violations of Civil Rights/42 U.S.C. Section 1983; (6) Individual Supervisory Liability 42 U.S.C. Section 1983, and (7) Violation of Procedural Due Process/14th Amendment.  [Dkt. 1, page 3 para. 4.]

The Complaint's remaining claims are state law claims for (1)Unlawful Retaliation In Violation Of The California Fair Employment And Housing Act; "FEHA"*[Government Code section 12940, et seq.]* (2) Failure To Prevent Retaliation In Violation Of The California Fair Employment And Housing Act (3) Violations of the Peace Officers Procedural Bill of Rights [POBOR-*Government Code section 3300,et seq.*]; (8) Negligence (9)Negligence Per Se-*Penal Code section 832.7.* [Dkt. 1-1, page 1].

Plaintiff TOWNER's entire career of 30 years has been as a peace officer in some capacity. Initially, he was a police officer and then an investigator for the Los Angeles County District Attorney's Office. For the last 20 years, TOWNER was employed in the Bureau of Investigation for the defendant Ventura County Office of the District Attorney, "VCDA". [Dkt. 1-1, p. 11, para 28]. When TOWNER was terminated on April 23, 2018, he held the rank of Commander,

---

[1] The claims retain their original cause of action numbers in the Complaint.

1  with the COUNTY and VCDA. [Dkt. 1-1; page 12, paras. 36 and page 15, para.
2  45].  In addition to his years of service as a District Attorney Investigator for the
3  County of Ventura, Mr. Towner was elected as board member to represent all of
4  the safety members of Ventura County on the Ventura County Employees'
5  Retirement Association, also known as VCERA. Out of his over 19 years on the
6  VCERA Board, Mr. Towner spent 15 years as Chair or Vice-Chair. On April 22,
7  2018, Mr. Towner was the chair of VCERA and was trusted to help manage $5.4
8  billion dollars of investments. [Dkt. 1-1, page 13, para. 39.]
9       Plaintiff alleges the decision to terminate him was an abuse of power taken
10  in retaliation for repeatedly telling the truth in prior litigation (on behalf of former
11  COUNTY employees) and in retaliation for his right to speak freely on behalf of
12  VCERA and its members. [Dkt. 1-1, p. 15, para. 45, and commencing at p.16,
13  para. 48-69 and continuing; para. 109, p. 35; para 112, at p. 36, para. 120, p.37].
14       Plaintiff pled that on August 3, 2018, defendants knew of the confidential
15  nature of his peace officer personnel files, which are stamped "confidential", and
16  intentionally and/or under the claim of negligence per se, published same in a court
17  filing, without judicial order or redaction or sealing. [Dkt. 1-1, p. 33-34.] When
18  defendants became aware of the Tort Claim filed 10/2018, consisting of 24 pages,
19  and rejected the same day, they would have seen POBOR violations were
20  specifically referenced, and those that published it could have had it sealed then.
21  [Dkt. 1-1, Page 7, para 17]. However, in any event on August 24, 2018, the
22  Ventura County Star newspaper published excerpts of the file online and in print,
23  and defendants knew, before the Tort Claim, about the publication of this
24  personnel file in contravention of the laws. To date they have done nothing to
25  remedy this or otherwise seal the confidential file.
26  / / /
27  / / /
28  / / /

-2-

## II. THE COURT, IN ITS DISCRETION, MAY DECLINE TO EXERCISE ITS SUPPLEMENTAL JURISDICTION UNDER 28 U.S.C. SECTION 1367(c).

Per the statute, a declination of jurisdiction is permitted as follows:

(1)   the claim raises a novel or complex issue of State law,

(2)   the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3)   the district court has dismissed all claims over which it has original jurisdiction, or

(4)   in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*28 U.S.C. section 1367(c).*

Under the authority of *28 U.S.C. section 1367(c)*, authorizing a federal court to decline to exercise supplemental jurisdiction, a district court has inherent power to dismiss the case or, in cases removed from State court, to remand, provided the conditions set forth in *§ 1367(c)* for declining to exercise supplemental jurisdiction have been met.

These state claims (1 through 3) referenced above for (1) Unlawful Retaliation In Violation Of The California Fair Employment And Housing Act; *[Government Code section 12940, et seq.* ] (2) Failure To Prevent Retaliation In Violation Of The California Fair Employment And Housing Act (3) Violations of the Peace Officers Procedural Bill of Rights [POBOR-*Government Code section 3300]*; and those Claims 8 and 9, for negligence and negligence per se, arise from the adverse and retaliatory employment actions taken by defendants COUNTY OF VENTURA, "COUNTY", and Ventura County District Attorney's Office, "VCDA" in failing to promote and in terminating plaintiff Mr. TOWNER for retaliation, and purportedly labelling it "dishonesty",  for the proffered testimony TOWNER has offered in prior FEHA litigations between the COUNTY, VCDA

-3-

1  and other former COUNTY and VCDA employees, and for the testimony offered

2  before the Civil Service Commission in the hearing involving real party in interest

3  Kimberly Michael, challenging the VCDA's District Attorney Investigator

4  promotional process. [Dkt.1-1, page 26, paras. 77-78, and see Dkt. 1-1, paras. 61-

5  67, pages 21-23]. The third claim, the POBOR claim, arises from the publication

6  of confidential peace officer personnel files without first seeking a judicial order in

7  direct contravention to State law, including *Government Code section 3303,*

8  *3309.5, et seq.; Penal Code sections 832.7* and *832.8,* and *Evidence Code sections*

9  *1043, 1046.* The Eighth and Ninth Claims are for Negligence and Negligence Per

10  Se-*Penal Code section 832.7* violations arising from POBAR violations and

11  publication of peace officer personnel files.

12        In contrast, The Fourth Claim-Violations of the Rights to Free and Protected

13  Speech, First Amendment Claim, arises from TOWNER'S protected speech

14  regarding VCERA, [Dkt. 1-1, paragraphs 109-112].  It is pled that the California

15  Constitution Article 1, section 2 and the First Amendment protect the rights of free

16  speech; that TOWNER spoke outside his official duties on matters of public

17  concern re: VCERA. *Id.* That his required work was to communicate the legal and

18  political position of VCERA directly to COUNTY and that sometimes the VCERA

19  positions were often inconsistent with COUNTY positions. [Dkt. 1-1, p.14, para

20  43].

21        The 14th Amendment Due Process claim arises from his failure to obtain

22  due process, violations of liberty and property interests, from the defendants,

23  COUNTY, VCDA, TOTTEN, MAURIZI and SCHWARTZ, during his

24  employment, subsequent termination and the abuse of their power including but

25  not limited to when they rejected his 75 pages of evidence related to his proof of

26  truthful testimony, along with a voluntarily taken polygraph examination results,

27  without hearing before an impartial tribunal. [Dkt. 1-1, para. 139-142 .] The *42*

28  *U.S.C. section 1983* claims arise from the patterns and practices of the COUNTY

-4-

1     and VCDA in abusing their power, condoning, fostering and maintaining a pattern

2     and practice of retaliation [Dkt. 1-1; p.37-38]; and against Mr. Totten for

3     supervisory liability under *42 U.S.C. section 1983.*

4        Supervisors are also liable if they set into motion a series of acts by others or

5     refuse to terminate a series of acts by others they knew or should have known

6     would lead to others inflicting constitutional injury. *Larez v. Los Angeles*, 946

7     F.2d 630, 646-47 (9th Cir. 1991).

8        Supervisory liability is imposed against a supervisory official in his

9     individual capacity for his own culpable action or inaction in the training,

10     supervision, or control of his subordinates, for his acquiescence in the

11     constitutional deprivations of which the complaint is made, or for conduct that

12     showed a reckless or callous indifference to the rights of others. *See Larez, supra.*

13        Plaintiff requests severance and remand of the state law claims as they are

14     not within the original jurisdiction of this Court and this Court should decline to

15     exercise supplemental jurisdiction over the state law claims arising under the

16     FEHA for retaliation and failure to prevent retaliation; violation of the POBOR,

17     negligence and negligence per se pursuant to *FRCP Rule 21*, and *28 U.S.C. section*

18     *1367(c)*, as further detailed herein.

19

20    **III. SEVERANCE OF CLAIMS IS PERMISSIBLE UNDER THE FEDERAL**
       **RULES OF CIVIL PROCEDURE, RULE 21.**

21

22        In deciding a severance motion, which is discretionary, the *Federal Rules of*

23     *Civil Procedure, Rule 21*, provides that "....The court may also sever any claim

24     against any party, "the court should consider "(1) whether the claims arise out of

25     the same transaction or occurrence; (2) whether the claims present some common

26     questions of law or fact; (3) whether settlement of the claims or judicial economy

27     would be facilitated; (4) whether prejudice would be avoided if severance were

28     granted; and (5) whether different witnesses and documentary proof are required

for the separate claims." (quoting *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig., 214 F.R.D. 152, 154—55 (S.D.N.Y. 2003)* (granting motion to sever claims involving different actors and different transactions); applied by the Ninth Circuit in *Hologram USA, Inc. v. Pulse Evolution Corp.,* 2016 WL 779105 *2 (D. Nev. May 16, 2014). [In this case, this situation of publication in this manner is unique, in that it was purposefully done by TOWNER's employer, and his agents and their lawyer, and the POBOR law is not federal but unique to the state's Government Code. Severance of the state claims would place the action back in state court where the state court is able to fashion the remedy.]

Severance may be warranted if any one of these factors weighs in favor of trying the action in two parts.

The issue herein is the discretionary supplemental jurisdiction of this Court. It is true that the Complaint was brought due to the termination of Commander TOWNER, without pay, and for the retaliatory and discriminatory practices outlined in the pleading. However, the state statutory claims exist independent of any federal claims, and their proof is not dependent on the federal claims. There will be different witnesses and issues to address as to the federal and state claims.

## IV. THE GRAVAMEN OF PLAINTIFF'S CLAIMS DO NOT FALL UNDER FEDERAL QUESTION JURISDICTION, BUT UNDER STATE STATUTES, AND PLAINTIFF'S STATE LAW CLAIMS PREDOMINATE.

Plaintiff does not dispute that the Court has original jurisdiction under the United States Constitution for the 1st and 14th Amendment claims and under the federal statute *42 U.S.C. section 1983*. [Dkt. 1, page 3, para. 4]. However, the gravamen of plaintiff's claims do not arise under federal law, but instead arise under state law under the protections of the Fair Employment and Housing Act (California Government Code sections 12900 through 12996, which applies to both public and private employers), and under the Peace Officers Bill of Rights,

1    "POBOR"(*California Government Code section 3300, et seq.)* for the retaliatory

2    termination of plaintiff occurring on April 23, 2018, and the subsequent

3    publication on August 3, 2018, to the world, [2] of his COUNTY peace officer

4    personnel file, complete with internal affairs investigative materials, without

5    seeking a Court Order and without compliance with *Government Code section*

6    *3300, et seq.*, *Penal Code section 832.7.*, and *Evidence Code sections 1043* and

7    1046.

8         As to POBAR, *Penal Code section 832.7* provides as follows:

9         a)    Except as provided in subdivision (b), the personnel

10        records of peace officers and custodial officers and records

11        maintained by any state or local agency pursuant to Section 832.5 or

12        information obtained from these records, are confidential and shall not

13        be disclosed in any criminal or civil proceeding except by discovery

14        pursuant to Sections 1043 and 1046 of the Evidence Code. This

15        section shall not apply to investigations or proceedings concerning the

16        conduct of peace officers or custodial officers, or an agency or

17        department that employs those officers, conducted by a grand jury, a

18        district attorney's office, or the Attorney General's office.

19

20        As provided in the concurrently filed Oppositions to Motion to Dismiss and

21   Opposition to Special Motion to Strike [Dkt. 9 and Dkt. 10], the confidentiality of

22   the personnel records is not subject to disclosure in a public proceeding under a

23   claimed "litigation" privilege or other alleged immunity. The District Attorney and

24   those who view the files cannot then re-publish them, without compliance with the

25   laws. In *Fagan v. Superior Court,* 111 Cal. App. 4th 607 (2003), it was held **the**

26

27   ────────────────────

[2] Request for Judicial Notice, DKT. 10-3, pages 42-43, item 1 and 7; Complaint
28   and First Amended Complaint for Writ of Mandate filed by County].

1   individual District Attorney had to maintain the confidential nature of files of such
2   public safety personnel absent judicial review pursuant to Evidence Code sections
3   1043, and 1046. [*See also Penal Code section 832.7*].

4       As to violations of the FEHA, "As we have recognized, the FEHA, (Fair
5   Employment and Housing Act (*Gov. Code section 12900, et seq.*) was enacted to
6   expand, not to limit employees' rights to remedy discrimination (in this case,
7   retaliation). [citations omitted]. It would be inconsistent with this legislative
8   purpose to hold that aggrieved employees must exhaust their remedies (under a
9   city charter) contemporaneous with or before filing a claim with the Department,
10   (DFEH)." *Schifando v. City of Los Angeles,* 31 Cal. 4th 1074, 1089 [December
11   2003].

12 **V. SHOULD THE COURT CONCLUDE THAT THE STATE LAW**
13 **CLAIMS ARE PART OF THE "SAME CASE OR CONTROVERSY" THE**
14 **COURT MAY STILL SEVER AND REMAND THE STATE LAW CLAIMS**
**PURSUANT TO 28 U.S.C. SECTION 1367(c).**
15

16       Although plaintiff TOWNER could try all claims associated with his
17   retaliatory termination within the same suit or controversy, as they all arise from
18   his termination, in some manner or another, the court is still required to determine
19   if the exercise of federal question jurisdiction is appropriate over the state law
20   claims. The Court must perform a two-step inquiry when deciding whether to
21   exercise supplemental jurisdiction over state law claims upon removal. First, the
22   court determines if the state law claims are "so related to claims in the action
23   within [the court's] original jurisdiction that they form part of the same case or
24   controversy[.]" *28 U.S.C. section 1367(a).*

25       If the claims are so related, the Court still must decide the second prong, i.e.
26   whether to exercise supplemental jurisdiction based upon the factors set forth in *28*
27   *U.S.C. section 1367(c)* . Those factors are: (1) whether the state claims raise novel
28   or complex issues of state law; [Yes.] (2) whether the state claims substantially

-8-

predominate over the federal claims; [Yes.] (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction.[Yes]. *28 U.S.C. section 1367(c)*, *Kohler v. Rednap, Inc.*, 794 F. Supp. 2d 1091, 1093 (C.D. Cal. 2011). The presence of **any** of these factors is a basis for the Court to decline to exercise supplemental jurisdiction. *(Id.)* Once a court identifies one of the factual predicates which corresponds to one of the subsection 1367(c) categories, the exercise of discretion "is informed by the….. values of economy, convenience, fairness, and comity. *Id.,* and see *Acri v. Varian Assoc., Inc.* 114 F. 3d 999, *1001 (9th Cir. 1997).* As articulated in the Ninth Circuit, "declining jurisdiction [under Section 1367(c)(4)] should be the exception, rather than the rule." *Exec. Software N. Am., Inc. v. U.S. Dist. Court,* 24 F.3d 1545, 1558 (9th Cir. 1994), *overruled in part on other grounds as stated in California Dept. of Water Resources v. Powerex Corp. 533 F.3d 1087 (9th Cir. 2008).*

If the court declines to exercise supplemental jurisdiction after consideration of the statutory and common law factors, the court may then remand the state law claims to the state court in which they were originally filed. "Having found that the Court cannot remand Plaintiff's federal claim, the Court will next analyze whether exercising supplemental jurisdiction over Plaintiff's state law claims is appropriate." *Riano v. Town of Schroeppel, 2013 WL 5702263 *9 (N.D.N.Y. October 18, 2013).* [Court declining to exercise jurisdiction over state law claims, as it constituted "core" issue re whether a local "town" law violated New York State Fire Prevention and Building Code]. See also *14B Charles A. Wright, et al., Federal Practice and Procedure § 3722 (4th ed. 2012)* (stating that "the federal court, in its discretion under Section 1367(c), may decline to hear supplemental state law claims, and remand them to state court").

/ / /

/ / /

**(1) Whether the state claims raise novel or complex issues of state law:**
**Yes.** If substantive state law is not necessary to determine the matter, or if the state law is easily applied, the state law claims will not be considered novel or complex. *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.,* 554 F.3d 595, 603 (5th Cir. 2009); *Mendoza v. Murphy,* 532 F.3d 342, 346 (5th Cir. 2008). However, here the state court, having original jurisdiction, although not exclusive jurisdiction, over the POBAR Claims, and claims arising under the FEHA, and Penal Code, would utilize substantive state law to analyze these claims as related to TOWNER's termination, and the issues under state substantive law. [In this case, this situation of publication in this manner is unique, in that it was purposefully done by TOWNER's employer, and his agents and their lawyer, and the POBOR law is not federal but unique to the state's Government Code. Severance of the state claims would place the action back in state court where the state court is able to fashion the remedy.]

**(2) Whether the state claims substantially predominate over the federal claims: Yes.** "The Supreme Court has indicated that state law claims can "substantially predominate . . . in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought." *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726, (1966) *superseded by statute discussed herein, and reasoning still cited.* Although the Court was not interpreting § 1367, which had not yet been enacted, the Ninth Circuit has indicated that the § 1367(c) inquiry should be informed by the Supreme Court decision in that case. *Acri,* 114 F.3d at 1001. " *Kohler, supra, at 1095.* "The availability of damages under state law means that the state-law claims present a slightly larger scope of issues and offer more comprehensive remedies" *Id. at 1096.*

If where the state claims "constitute the real body of a case" to which federal claims are "an appendage," declining jurisdiction under this *section 1367(c)(2)* is appropriate to prevent a situation where "permitting litigation of all claims in the

1   district court can accurately be described as allowing a federal tail to wag what is

2   in substance a state dog." *State of New York v. Phillip Morris Inc.*, 1998 WL 2574,

3   *2 (S.D.N.Y. Jan. 5, 1998). "State law claims can predominate 'in terms of proof,

4   of the scope of the issues raised, or of the comprehensiveness of the remedy

5   sought.'" *Dedalus Foundation v. Banach*, 2009 WL 3398595, *5 (S.D.N.Y. Oct.

6   16, 2009). In making this determination, district courts consider "whether the state

7   law claims are more complex or require more judicial resources to adjudicate or

8   are more salient in the case as a whole than the federal law claims." *Id.* (citation

9   omitted).

10      The State law claims in the instant matter present a basic core issue re:

11   termination based on retaliation under the FEHA, and POBAR that must be

12   resolved before any court should or can reach the federal claims. Plaintiff's state

13   law claims go to the very center of his allegations. *Sherman v. Town of Chester,*

14   *2001 WL 1448613, at *4-5, (S.D.N.Y. November 15, 2001).* [Exercising discretion

15   to remand state law claims because "[t]he crux of plaintiff's state law claim is that

16   the Town's attempt to block his proposed development exceeded the authority

17   granted to municipalities under [state law]"); *GBI Holding Co. v. City of Chelan,*

18   2012 WL 1610093, at *3 and *5 (E.D. Wash. May 7, 2012) (declining

19   supplemental jurisdiction under 1367(c)(2)  over state law claims which

20   "present[ed] complex and interrelated questions of state real property law,

21   constitutional law and administrative law", and finding that the state law dispute

22   over a conditional land use permit substantially predominated over the section

23   1983 claim for damages).

24      **(3) Whether the federal claims have been dismissed:** At this juncture-

25   plaintiff has filed Oppositions to the 12(b) and Special Motion to Strike.

26      **(4) Whether there are exceptional circumstances or other compelling**

27   **reasons for declining jurisdiction:** Besides considering the statutory factors, a

28   court also considers "values of judicial economy, convenience, fairness, and

-11-

1    comity" when determining whether to exercise supplemental jurisdiction over a
2    removed case; *Hinson v. Norwest Fin S.C.,* Inc., 239 F. 3d 611, (4th Cir. 2001);
3    *Mendoza v. Murphy,* 532 F.3d 342 at 346 (5th Cir. 2008).

4        "[F]ederal jurisdiction must be rejected if there is any doubt as to the right of
5    removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.
6    1992). Removal raises "significant federalism concerns" because removal
7    effectively "deprive[s] the state court of an action properly before it." *Gasch v.
8    Hartford Accident & Indem. Co.,* 491 F.3d 278, 281 (5th Cir. 2007) (quoting
9    *Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995))*
10   questioned on other grounds.

11       "Title 28 U.S.C. § 1447(c) also requires a district court to remand a case to
12   state court if it determines the case was improperly removed. *Whitman v. Raley's,
13   Inc.,* 886 F.2d 1177, 1180 (9th Cir. 1989). Here plaintiff elected his forum in state
14   court because the gravamen of his claims are state law causes of action, of which
15   the superior court, is being deprived of hearing.

16       In *Galambos v. Parker,* 2018 U.S. Dist. LEXIS 130145*2 –order remanding
17   the case where defendants do not even make a serious attempt to satisfy
18   the Grable/Gunn standard. The dispute between the parties involves whether a
19   work was a work-for-hire, but there's no indication that any dispute in this case is
20   at all "important] . . . to the federal system as a whole."  In order for a state law
21   claim to provide federal question jurisdiction, the "state law claim [must]
22   necessarily raise a stated federal issue, actually disputed and substantial, which a
23   federal forum may entertain without disturbing any congressionally approved
24   balance of federal and state judicial responsibilities." *See Grable & Sons Metal
25   Products, Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 314, 125 S. Ct. 2363, 162 L.
26   Ed. 2d 257 (2005). ""[T]he mere use of a federal statute as a predicate for a state
27   law cause of action does not necessarily transform that cause of action into a
28   federal claim . . . ." *Nevada v. Bank of America Corp.,* 672 F.3d 661, 675 (9th Cir.

-12-

2012). Nor does "the question whether a particular claim arises under federal law depend[s] on the novelty of the federal issue." Id. (quoting *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 817, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986)).

The court has federal question jurisdiction under *28 U.S.C. section 1331*, as claimed by defendants in their notice of removal, Dkt. 1, page 2, but a court only has federal question jurisdiction under this statute if 1] the federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Potter v. Hughes*, 546 F.3d 1051, 1064 (9th Cir. 2008).

Neither are apparent here as plaintiff TOWNER can independently assert rights to relief under the California Government Code, POBOR and FEHA and the Penal Code (see Ninth Claim re: Negligence Per Se re Penal Code 832.7), independent of federal claims and substantial questions of federal law for these claims rest on state statutes.

## VI. THIS COURT SHOULD NOT EXERCISE FEDERAL QUESTION JURISDICTION OVER THE STATE LAW CLAIMS AS PER THE FOUR FACTOR TEST ARTICULATED IN *GRABLE & SONS*.

The Supreme Court has established a four-factor test for determining whether a federal court may exercise federal question jurisdiction over a state law claim. *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (quiet title claim alleging IRS failed to give adequate notice as defined by federal law). Jurisdiction may be exercised if "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn, supra at 258, citing Grable, 545 U.S. at 314).*

**1. NECESSARILY RAISED** "A federal issue is necessarily raised when the issue is 'pivotal' to the case." *Ranck v. Mt. Hood Cable Regulatory Comm'n,*

2017 WL 1752954, at *2 (D. Or. May 2, 2017) *(quoting Nevada v. Bank of Am. Corp., 672 F.3d 661, 675 (9th Cir. 2012))*. A federal issue is "necessarily raised" when "vindication of a right under state law must necessarily turn on some construction of federal law." *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc., 772 F.3d 158, 163 (3d Cir. 2014)*. Here the First and Fourteenth Amendment Claims as asserted in Claim Nos. Four and Seven, are not pivotal to the case of retaliatory firing under the FEHA. TOWNER may assert his retaliation causes of action independent of any free speech or due process concerns. As to the *42 U.S.C. section 1983 Monell* claims, of pattern and practice, and supervisory liability [Claims Five and Six], those too are independent of the gravamen of this action for retaliatory firing, for TOWNER may prevail on his state law claims standing alone.

**2. ACTUALLY DISPUTED:** Towner's retaliatory firing claims can be independently adjudicated of any federal law, and is not based on a disputed issue of federal law. *See Grable, supra at 310*. So too can his POBOR claims and negligence claims, without reliance on *42 U.S.C. section 1983, Monell*, or the First and 14th amendments. See also *Riano, supra*. In deciding the instant motion, the Court is guided by certain fundamental principles regarding federal court jurisdiction. "Federal courts are [ ] obligated [ ] to avoid deciding a federal constitutional question unless decision is 'absolutely necessary to a decision of the case.'" *Hickerson v. City of New York,* 932 F. Supp. 550, 554 (S.D.N.Y. 1996) (quoting *Ashwander v. Tenn. Valley Auth.,* 297 U.S. 288, 297, 56 S. Ct. 466, 80 L. Ed. 688 (1936) (Brandeis, J. concurring)). That is, "a case should be decided first on state law grounds in order to eliminate the need to decide a federal constitutional question." *Id.* See also *United States v. Lee,* 821 F.3d. 1124, 1136, ftnte 2. (9th Cir. 2016). As other circuits have followed, and the Second Circuit has held: "Where a pendent state claim turns on novel or unresolved questions of state law, especially where those questions concern the state's interest in the

-14-

administration of its government, principles of federalism and comity may dictate
that these questions be left for decision by the state courts." *Seabrook v. Jacobson,*
153 F.3d 70, 72 (2d Cir. 1998). A District Attorney, COUNTY, and their lawyer
arguing the personnel file of a peace officer, is subject to litigation privilege or
waiver under Government Code section 3300, et seq., and the Penal and Evidence
Codes of the state of California is an issue of great importance to every peace
officer in California.

**3. SUBSTANTIAL and 4. CAPABLE OF RESOLUTION WITHOUT
DISRUPTION:** Substantiality depends on (1) whether federal law underlying the
issue provides for a federal cause of action, *Grable, supra,* 545 U.S. at 318; (2)
whether the issue presents a pure legal question. *Empire Healthchoice Assurance,
Inc. v. McVeigh,* 547 U.S. 677, 700, (2006); and (3) whether the issue is important
to the federal system as a whole. *Gunn, supr., at 260.*    'When a claim can be
supported by alternative and independent theories—one of which is a state law
theory and one of which is a federal law theory—federal-question jurisdiction does
not attach because federal law is not a necessary element of the claim." *Rains v.
Criterion Sys., Inc.,* 80 F.3d 339, 346 (9th Cir. 1996). [In *Rains,* plaintiff filed suit
in state Court, alleging wrongful termination, (refusing to adopt religious
opinions); and intentional interference with contractual relations. Rains did not
contest removal, but the court considered whether federal jurisdiction existed.
Rains mentioned Title VII in his complaint, and one of his claims could have been
construed as federal claim, but the invocation of Title VII did not pre-empt state
law.].

The FEHA is solely a state statutory cause of action, without underlying
federal law; is not important to the federal system.  Substantiality in the removal
context assesses "the importance of the issue to the federal system as a whole," not
just the importance of the issue to the parties". *Gunn,* 568 U.S. at 260. A removing
party therefore must establish that the federal issues in a case reach beyond the

-15-

1    parties and the facts of the case. *Grable, supra,* 545 U.S. at 315 (holding that a

2    complaint raised a substantial federal issue where "the meaning of [a] federal

3    statute [was] actually in dispute" and that meaning was important to the Internal

4    Revenue Service) with *Gunn, supra,* 568 U.S. at 263, 264 (holding that the federal

5    patent issues necessarily raised by the plaintiff's malpractice claim were not

6    substantial because "the result would be limited to the parties and patents that had

7    been before the state court"). *See also Vieira v. Mentor Worldwide, LLC,* 2018 WL

8    4275998* 4-5 (C.D. Cal, Sept. 7, 2018). [In *Viera,* breast implant litigation not

9    substantial federal question.]

10       A federal court may entertain a state cause of action under federal question

11   jurisdiction if the court can act "without disturbing any congressionally approved

12   balance of federal and state judicial responsibilities.'" *Delaware ex rel. Denn v.*

13   *Purdue Pharma L.P.,* 2018 WL 1942363, at *4-5 (D. Del. Apr. 25, 2018) (quoting

14   *Grable, 545 U.S. at 314).* "Entertaining a claim would disrupt the congressionally-

15   approved federal and state balance if it would lead to a 'horde of original filings

16   and removal cases raising other state claims with embedded federal issues.'" *Id.*

17   *(quoting Grable, 545 U.S. at 318).* "Thus, in exercising jurisdiction over

18   historically state cases, a court must be aware of the potential shift of state cases

19   into federal courts." *Id. (citing Grable,* 545 U.S. at 319.) Here the FEHA exists as

20   a purely state cause of action, opening up the FEHA to federal adjudication

21   disrupts the balance between state and federal courts.

22       "It is unlikely that Congress intended federal courts to have subject-matter

23   jurisdiction over state-law tort cases implicating federal law merely because the

24   federal statutes create standards of care relevant to causes of action under state

25   law." (citing *Grable,* 545 U.S. at 319.)

26       Where the complaint does not "necessarily" raise a "disputed and

27   substantial" federal question, the "case cannot be squeezed into the slim category

28   Grable exemplifies." *Empire Healthchoice Assurance, Inc., supra,* 547 U.S. at 681.

-16-

1    Nor does the TOWNER case raise a substantially disputed federal question.

2    **VII. FEDERAL COURTS ARE COURTS OF LIMITED JURISDICTION**
3    **POSSESSING ONLY THAT POWER AUTHORIZED BY THE**
4    **CONSTITUTION AND STATUTE AND ANY DOUBT RELATED TO**
     **RIGHT OF REMOVAL SHOULD RESULT IN REMAND.**
5

6         Federal courts are courts of "limited jurisdiction possessing only that power
7    authorized by Constitution and statute." *Gunn v. Minton, 568 U.S. 251 at 256*
8    *(2013).* The Federal Rules require that, when an action is removed to federal court,
9    "the district court shall sever from the action all claims" that are "not within the
10   original or supplemental jurisdiction of the district court" and "remand the severed
11   claims to the State court from which the action was removed." *28 U.S.C. section*
12   *1441(c).* Upon removal of an action [under *28 U.S.C. section 1331*], the district
13   court shall sever from the action all claims [not within the original or supplemental
14   jurisdiction of the district court]. "It is axiomatic that removal jurisdiction is proper
15   only if the court would have had jurisdiction to hear the case had it originally been
16   filed in federal court.   See *Snow v Ford Motor Co*, 561 F.2d 787, 789 (9th Cir
17   1977).[3] Courts must strictly construe the removal statute against removal
18   jurisdiction. See *Boggs v Lewis*, 863 F.2d 662, 663 (9th Cir 1988). " *Cain v. New*
19   *United Motor Mfg.,* 1997 WL 797918 *2 (N.D. Cal. December 16, 1997). [There is
20   a strong presumption that the LMRA, (Federal Labor Relations Management Act)
21   does not preempt FEHA claims such as the one brought by Cain.]

22        Courts strictly construe the removal statute against removal
23   jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d
24   1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533

25

26   _____
27   [3] Overruled on other grounds related to issue re aggregate of damages for class
     action litigation. Tompkins v. Basic Research LLC 2008 WL 1808316 (E.D. Cal.
28   April 22, 2008)

MEMORANDUM OF POINTS AND AUTHORITIES RE          2:19-cv-03584-VAP (GJSx)
SEVER AND REMAND

F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." [citations omitted] *Santos v. SMX LLC* , 2017 WL 2825924 (C.D. Cal. June 29, 2017). (A]ny doubt about the right of removal requires resolution in favor of remand.) *Id.*

Here the particular conduct complained of is not governed exclusively by federal law. California has a legitimate and substantial interest in protecting its citizens/employees from retaliatory discharge by those in County government.

## VIII. CONCLUSION

Plaintiff requests that the state law claims be severed and remanded or in the alternative that the entire action be remanded to the Ventura Superior Court.


Dated:  May 20, 2019                     Respectfully submitted,

Law Offices of Mark R. Pachowicz, APLC


/s/ Jennie Hendrickson

Mark R. Pachowicz
Jennie Hendrickson
Attorneys for Plaintiff TRACY TOWNER

-18-

1

## CERTIFICATE OF SERVICE

2

**CASE NAME:** *Tracy Towner v. County of Ventura, et al.*

3

**CASE NO.:**      **2:19-cv-03584-VAP (GJSx)**

4

     I am employed in the County of Ventura, State of California.  I am over the

5

age of 18 and not a party to the within entitled action.  My business address is: 4055 Mission Oaks Blvd., Ste. A, Camarillo, California 93012.

6

7

     On the date shown below, I served the foregoing document described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**

8

**MOTION TO SEVER AND REMAND STATE LAW CLAIMS OR IN THE**

9

**ALTERNATIVE REMAND ENTIRE ACTION** on the interested parties in this action as follows:

10

11

## SEE ATTACHED SERVICE LIST

12

☑      **BY ELECTRONIC SERVICE:**  I hereby certify that on May 20, 2019, I

13

electronically filed the following documents with the U.S. District Court, Central District, by using the CM/ECF system.  Participants in the case who are registered

14

CM/ECF users will be served by the CM/ECF system.

15

16

☑      **OVERNIGHT MAIL:**  By placing a true copy thereof enclosed in a sealed envelope(s), addressed as set forth on the attached service list.  I am readily

17

familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with FED EX dropbox on that same day in the ordinary

18

course of business.

19

20

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 20, 2019, at

21

Camarillo, California.

22

23

24

                               Stephanie E. Swain

25

26

27

28

# SERVICE LIST

Edward P. Zappia                    *SERVED VIA CM/ECF*
Brett Ehman
THE ZAPPIA LAW FIRM
A Professional Corporation
One Pacific Plaza
7777 Center Avenue, Suite 625
Huntington Beach, CA 92647
Ph: (213) 814-5550
Fax: (213) 814-5560
ezappia@zappialegal.com
behman@zappialegal.com

Leroy Smith                         *SERVED VIA CM/ECF*
Matthew A. Smith
VENTURA COUNTY COUNSEL
800 S. Victoria Avenue L #1830
Ventura, CA 93009
Ph: (805) 654-2581
Fax: (805) 654-2185
leroy.smith@ventura.org
matthew.smith@ventura.org

Vincent J. O'Neill, Presiding Judge   *SERVED VIA FED EX*
Department 41                          *OVERNIGHT MAIL*
Ventura County Superior Court
800 S. Victoria Avenue
Ventura, CA 93009

*Re:* *Towner v. County of Ventura, et al.*
     *VCSC No. 56-2019-00527392-CU-OE-VTA*

-2-

**DOCUMENT TITLE**                    **2:19-cv-03584-VAP (GJSx)**