THE ZAPPIA LAW FIRM
A Professional Corporation
Edward P. Zappia (SBN175099)
ezappia@zappialegal.com
Brett Ehman (SBN 247205)
behman@zappialegal.com
One Pacific Plaza
7777 Center Avenue, Suite 625
Huntington Beach, CA  92647
Telephone:  213-814-5550
Facsimile:   213-814-5560

Attorneys for All Defendants

VENTURA COUNTY COUNSEL
Leroy Smith, (SBN 107702)
leroy.smith@ventura.org
Matthew A. Smith (SBN 167320)
Matthew.Smith@ventura.org
County Government Center
800 S. Victoria Ave., L/C #1830
Ventura, CA 93009
Phone: 805-654-2581
Facsimile: 805-654-2185

Attorneys for All Defendants (except Edward Zappia)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| TRACY TOWNER, an individual,<br><br>　　　　Plaintiff,<br>　vs.<br><br>COUNTY OF VENTURA, a public entity; VENTURA COUNTY OFFICE OF THE DISTRICT ATTORNEY (VCDA); a public department of the County of Ventura; GREGORY D. TOTTEN, individually and in his official capacity as District Attorney; MICHAEL D. SCHWARTZ, individually and in his official capacity as Deputy District Attorney; JANICE L. MAURIZI, individually and in her official capacity; EDWARD ZAPPIA, individually; CHIEF MICHAEL BARAY, individually and in his official capacity as Chief of the Bureau of Investigation; and DOES 1 through 20 inclusive;<br><br>　　　　Defendants. | CASE NO: 2:19-cv-03584-VAP(GJSx)<br>Assigned to Hon. Virginia A. Philips<br><br>**REPLY OF DEFENDANTS TO OPPOSITION TO MOTION TO DISMISS**<br><br>**[Zappia declaration re meet and confer efforts filed concurrently herewith]**<br>**Hearing**:<br>Date:　　June 10, 2019<br>Time:　　2:00 PM<br>Crtrm:　　8A<br><br>Complaint filed:　April 17, 2019<br>Complaint served: April 19, 2019<br>Removal:　　　April 29, 201 |

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................... 1

II. PLAINTIFFS' OPPOSITION PRESENTS NO AUTHORITY EXEMPTING HIM FROM EXHAUSTING HIS ADMINISTRATIVE REMEDIES ON HIS STATE CLAIMS ONE AND TWO ...................................... 1

III. PLAINTIFF'S OPPOSITION PRESENTS NO AUTHORITY THAT THE THIRD CLAIM UNDER POBR PROVIDES ANY CLAIM FOR UNLAWFUL DISCLOSURE OF PEACE OFFICER PERSONNEL RECORDS ...................................................................................................... 3

IV. PLAINTIFF'S OPPOSITION PRESENTS NO EXCEPTION TO THE ABSOLUTE LITIGATION PRIVILEGE BARRING THE THIRD AND NINTH CLAIMS AND CLAIMS AGAINST DEFENDANT ZAPPIA ................. 5

V. PLAINTIFF'S OPPOSITION PRESENTS NO AUTHORITY THAT "MONELL" AND "SUPERVISORY LIABILITY" ARE RECOGNIZED CLAIMS FOR DAMAGES ............................................................................. 7

VI. PLAINTIFF'S DUE PROCESS RIGHTS HAVE NOT BEEN VIOLATED AND HIS SEVENTH CLAIM MUST BE DISMISSED .......................................... 7

VII. PLAINTIFF'S OPPOSITION PRESENTS NO AUTHORITY PRECLUDING DEFENDANTS' ABSOLUTE IMMUNITY AGAINST HIS STATE LAW CLAIMS ........................................................................... 8

VIII. PLAINTIFF'S OPPOSITION AUTHORITY CONFIRMS DEFENDANT ZAPPIA HAD NO DUTY TO PLAINTIFF AND THUS, CANNOT BE HELD LIABLE FOR NEGLIGENCE UNDER THE EIGHTH AND NINTH CLAIMS .................................................................................................... 8

IX. PLAINTIFF'S OPPOSITION AUTHORITY CONFIRMS HIS NINTH CLAIM MUST BE DISMISSED AS NO SUCH CLAIM EXISTS ...................... 11

X. CONCLUSION ............................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

Anderson v. Eaton (1930)
  211 Cal. 113, 116 [293 P. 788] ..................................................................... 11

Bradshaw v. City of Los Angeles (1990)
  221 Cal. App. 3d 908, 918-919, 270 Cal. Rptr. 711 ..................................... 12

Caldwell v. Montoya,
  10 Cal.4th 972, 989 (1995) ............................................................................ 8

City of Hemet v. Superior Court (1995)
  37 Cal. App. 4th 1411, 1430, 44 Cal. Rptr. 2d 532 ..................................... 12

Copley Press, Inc. v. Superior Court,
  39 Cal.4th 1272 (2006) ............................................................................. 5, 6

Daly v. Smith (1963)
  220 Cal.App.2d 592, 604 [33 Cal.Rptr. 920] ............................................... 11

Fagan v. Superior Court,
  111 Cal.App.4th 607 (2003) ................................................................. 11, 12

*Goodman v. Kennedy,*
  *18 Cal.3d 335 (1976)* ................................................................................ 9, 11

Jacob B. v. County of Shasta,
  40 Cal.4th 948 (2007) .................................................................................... 6

Johnson v. City of Loma Linda,
  24 Cal.4th 61 (2000) ...................................................................................... 1

Kemmerer v. County of Fresno,
  200 Cal.App.3d 1426 (2009) ......................................................................... 8

McDonald v. Antelope Valley Community College District,
  45 Cal.4th 88 (2008) .................................................................................. 2, 3

Page v. Los Angeles Probation Department,
  123 Cal.App. 1135 (2004) ..................................................................... 1, 2, 3

Ramirez v. County of Marin,
  2011 WL 5080145, at 12 (N.D.Cal. Oct. 25, 2011) ....................................... 7

Schifando v. City of Los Angeles,
   31 Cal.4th 74 .................................................................................................. 1, 2

Walker v. City of Berkeley,
   951 F.2d 182, 184 (9th Cir. 1991) ........................................................................ 7

**Statutes**

42 U.S.C. § 1983 ...................................................................................................... 7

California's "Public Safety Officer's 'Procedural' Bill of Rights Act."
   Cal. Govt. Code §§ 3300 ............................................................................ 3, 4, 5, 6

Cal. Govt Code § 3306 ............................................................................................ 4

Cal. Govt Code § 3302 ............................................................................................ 4

Cal. Govt Code § 3303 ............................................................................................ 4

Cal. Govt Code § 3304 ............................................................................................ 4

Cal. Govt Code § 3304.5 ......................................................................................... 4

Cal. Govt Code § 3305 ............................................................................................ 4

Cal. Govt Code § 3305.5 ......................................................................................... 4

Cal. Govt Code § 3307 ............................................................................................ 4

Cal. Govt Code § 3307.5 ......................................................................................... 4

Cal. Govt Code § 3312 ............................................................................................ 4

Cal. Govt Code §§ 3300-3311, 3309.5 .................................................................... 4

California Public Records Act ("CPRA") ............................................................... 5

**Rules**

Business and Professions Code § 6128 ................................................................... 5

California Civil Code
   § 43 ........................................................................................................................ 6

California Government Code
   §§ 820.2 and 821.6 ................................................................................................ 8

California Penal Code
§ 832.7 .......... 5,6,11,12

iv
REPLY OF DEFENDANTS TO OPPOSITION TO MOTION TO DISMISS

## I. INTRODUCTION

Plaintiff's opposition simply rails against the compelling law precluding certain of his claims. His opposition instead extensively cites to completely irrelevant or inapplicable authority, and on several occasion, willfully misinterprets cases which explicitly hold against him. In all, Plaintiff's opposition fails to provide justification for a denial of Plaintiff's motion.

## II. PLAINTIFFS' OPPOSITION PRESENTS NO AUTHORITY EXEMPTING HIM FROM EXHAUSTING HIS ADMINISTRATIVE REMEDIES ON HIS STATE CLAIMS ONE AND TWO

Defendants' Motion to Dismiss cites at length the cases of <u>Schifando v. City of Los Angeles</u>, 31 Cal.4th 74 (2003, <u>Johnson v. City of Loma Linda</u>, 24 Cal.4th 61 (2000) and <u>Page v. Los Angeles Probation Department</u>, 123 Cal.App. 1135 (2004), which explicitly affirm the well-established proposition that Plaintiff must exhaust his administrative remedies, once he has elected to pursue them and if they have judicial characteristics, and judicial remedies before he can pursue his FEHA claims. Initially, in the parties' meet and confer efforts, Plaintiff cited no cases to the contrary, merely contending that he "reads these cases differently." Zappia Declaration, ¶¶3 and 7, Exh. 2.

Plaintiff's opposition also cites no cases to the contrary <u>and</u> misinterprets the holdings in <u>Schifando</u> and <u>Page</u> by arguing they do not require exhaustion. In <u>Schifando</u>, the California Supreme Court made clear that aggrieved public employees may "seek redress in the forum that is most appropriate to their situation." <u>Schifando</u>, 31 Cal. 4th at

1088.  However, once an employee chooses a forum for discrimination claims, he must exhaust "the chosen administrative forum's procedural requirements."  Ibid.

In Page, the court held that after an employee has exhausted the administrative remedy he has chosen to pursue, he must then also exhaust his judicial remedy by seeking available redress from an adverse decision with the Court.  Contrary to the assertion in Plaintiff's opposition, in Page, there had not yet been a final adverse ruling issued by the Civil Service Commission, only one by the hearing officer.  Indeed, as the court made clear, the employee "was not then free to ignore and abandon the administrative process and proceed to a FEHA action for damages.  **Page had to await a final Commission decision and, if it was adverse, then file a petition for writ of mandate in the trial court to overturn the Commission decision**.   Only if she had done so and prevailed in the writ proceedings, thus vacating the Commission decision, could she have then filed a lawsuit, since the Commission's decision has issue and claim preclusive effect. . ." Page, 123 Cal.App. at 1142 (emphasis added).

Plaintiff cites to McDonald v. Antelope Valley Community College District, 45 Cal.4th 88 (2008) on this point.  McDonald is, however, easily distinguishable and does not support the argument that Plaintiff can bring a FEHA claim during the pendency of his appeal before the Civil Service Commission.  In McDonald, the court merely held that the FEHA does not preclude equitable tolling while an employee pursues an internal remedy.  Moreover, the court found that administrative and judicial exhaustion were not required in *that* particular case because unlike in Page (and here), "the administrative proceedings in

this case lacked the judicial characteristics we have held essential to according administrative findings collateral estoppel effect, including but not limited to testimony under oath, the opportunity to call witnesses and introduce evidence, and a formal record of the hearing." McDonald, 45 Cal.4th at 113.

Here, the formal hearing before the Civil Service Commission has already consisted of numerous days of testimony under oath, an opportunity to call witnesses and to introduce evidence, and a formal record of the hearing. Thus, the administrative proceedings at issue here and to which Plaintiff availed himself do have the judicial characteristics "essential to according administrative findings collateral estoppel effect." As a result, Plaintiff must exhaust his administrative remedy by awaiting a final decision from the Commission, and then must also exhaust any judicial remedies before he can proceed on his FEHA claims. For these reasons, claims one and two must be dismissed without leave to amend.

**III.   PLAINTIFF'S OPPOSITION PRESENTS NO AUTHORITY THAT THE THIRD CLAIM UNDER POBR PROVIDES ANY CLAIM FOR UNLAWFUL DISCLOSURE OF PEACE OFFICER PERSONNEL RECORDS**

Plaintiff next argues that the extensive authority and compelling public policy underlying the Litigation Privilege yields to "the plain language of the peace officers procedural bill of rights…which on its face prevents the disclosure of personnel records." There is no such authority.

The POBR is fully titled California's "Public Safety Officer's 'Procedural' Bill of Rights Act." Cal. Govt. Code §§ 3300 et seq. It does not provide for any civil claim for invasion of privacy, nor and it does not have any provision prohibiting disclosure of peace officer personnel records or for monetary damages. The POBR provides a peace officer's "procedural" rights during interrogation in a disciplinary investigation and the procedural process when "punitive action" is to be taken. Cal. Govt Code §§ 3300-3311, 3309.5

The entirety of the POBR provides for officers' <u>procedural rights</u>: to engage in political activity (§3302); during disciplinary "investigations interrogations" (§3303); before "punitive action" to be taken (§3304); to administrative appeal of punitive action (§3304.5); to respond to adverse statements in personnel file (§3305); when placed on Brady list (§3305.5); to inspect personnel files (§§3306, 3306.5); to refuse polygraph (§3307); no officer photograph/identity on the internet/$500 per day penalty (§3307.5); right to refuse financial disclosure (§3308); no locker search (§3309); to wear a pin of the American flag. (§3312.)

Of significance, section 3309.5 explicitly sets for the remedies available against "a public safety department" (not any individual) for a violation of the POBR as injunctive relief, attorneys fees and/or a $25,000 penalty, and has no provisions for monetary or emotional distress damages.

Therefore, the POBR does not prohibit disclosure of peace officer personnel records; it does not provide a civil claim for invasion of privacy; it does not provide for individual liability; and it does not provide any claim for monetary or emotional distress damages.

Plaintiff's Claim Three for Invasion of Privacy/Disclosure of Personnel Records under California's POBR must be dismissed as no such claim exists.

## IV. PLAINTIFF'S OPPOSITION PRESENTS NO EXCEPTION TO THE ABSOLUTE LITIGATION PRIVILEGE BARRING THE THIRD AND NINTH CLAIMS AND CLAIMS AGAINST DEFENDANT ZAPPIA

As set forth in the Motion, California's Litigation Privilege bars the Third and Ninth claims. Plaintiff, however, alleges that the general (and absolute) litigation privilege does not immunize conduct that a specific statute prohibits. Opp. p. 8. Yet Plaintiff cites no such authority holding that the Privilege does not apply to claims brought under POBR. Instead, Plaintiff cites to the POBR, which again, provides no such prohibition against the disclosure of personnel files, and other cases which have no relevance here (cases involving retaliatory eviction, perjury, subornation of perjury, criminal prosecution under Business and Professions Code section 6128 and false report of a criminal offense and attorney solicitation).

He then cites to Copley Press, Inc. v. Superior Court, 39 Cal.4th 1272 (2006), although it's not clear why. Copley Press, Inc. is a California Public Records Act ("CPRA") case which held that California Penal Code section 832.7 applies to administrative matters. While that is true, Plaintiff completely ignores the fact that the provisions of section 832.7 "**shall not apply to investigations or proceedings concerning the conduct of peace officers**." Here, these matters/proceedings all concern Plaintiff's conduct and his discipline for such conduct. Regardless, neither this case nor the writ case

filed in state court are administrative matters and thus, again, <u>Copley Press, Inc</u>. is simply irrelevant to Defendants' Motion.

Moreover, in <u>Jacob B. v. County of Shasta</u>, 40 Cal.4th 948 (2007), the Court expressly held that "Section 47(b)'s litigation privilege bars a privacy cause of action whether labeled as based on common law, statute, or Constitution." <u>Id</u>. at 962. <u>Jacob B.</u> did not limit its holding to only those cases involving visitation rights in the family law context. To the contrary, it held that the privilege bars **<u>all</u>** privacy causes of action.

Plaintiff then cites additional cases interpreting and applying Penal Code section 832.7, California Civil Code Section 43 (statutory basis for a cause of action) and the California and United States constitutional rights of privacy. Opp. pp. 13-15. But in doing so, Plaintiff merely confirms that his Third and Ninth Claims <u>are</u> in fact claims for invasion of privacy ("Mr. Towner had a reasonable expectation of privacy of his still pending disciplinary action…" (Opp. 14:14)). Again, however, the courts have made clear that the litigation privilege bars <u>all</u> such causes of action when those causes of action arose from judicial proceedings, as they all do here. Thus, the holding in <u>Jacob B</u>. has not been drastically overstated and instead, confirms that the Third and Ninth claims, which are in fact statutory claims of invasion of privacy, must be dismissed.

Defendants have already set forth ample authority supporting their arguments that there is simply no individual liability for either violations of the POBR or Section 832.7 in their motion to dismiss. Because there is no true rebuttal to the Defendants' arguments on

this point set forth in the motion in Plaintiff's opposition (Opp. p. 12), Defendants need not reiterate the authority cited for their position again here.

## V. PLAINTIFF'S OPPOSITION PRESENTS NO AUTHORITY THAT "MONELL" AND "SUPERVISORY LIABILITY" ARE RECOGNIZED CLAIMS FOR DAMAGES

Contrary to Plaintiff's assertion, Defendants are not ignoring decades of case law. Indeed, Plaintiff misses Defendants' point, which is that his Fifth and Sixth claims for <u>Monell</u> and supervisor liability under 42 U.S.C. section 1983 are not independent causes of action, but rather established theories of liability under which a municipal entity and supervisors may be held liable for violating section 1983. In his Fourth Claim, however, Plaintiff already alleges that the COUNTY, VCDA, and TOTTEN violated his rights under section 1983. Thus, the Fifth and Sixth Claims are duplicitous and not viable.

## VI. PLAINTIFF'S DUE PROCESS RIGHTS HAVE NOT BEEN VIOLATED AND HIS SEVENTH CLAIM MUST BE DISMISSED

Plaintiff's Seventh Claim alleges he was denied due process because the pre-termination decision maker who presided over his Skelly hearing (MAURIZI) was biased against him. Defendants set forth authority holding that even if the pre-termination decisionmaker is not impartial, as alleged here, there is still no due process violation if the final decisionmaker is impartial. <u>Walker v. City of Berkeley</u>, 951 F.2d 182, 184 (9th Cir. 1991); <u>Ramirez v. County of Marin</u>, 2011 WL 5080145, at 12 (N.D.Cal. Oct. 25, 2011). Plaintiff's opposition completely ignores these cases and cites no authority to contradict

7
REPLY OF DEFENDANTS TO OPPOSITION TO MOTION TO DISMISS

these holdings. Plaintiff has not alleged and does not allege here that the Civil Service Commission currently presiding over his termination appeal is not impartial. In fact, he has previously alleged that the Commission is impartial. Thus, his Seventh Claim must be dismissed.

## VII. PLAINTIFF'S OPPOSITION PRESENTS NO AUTHORITY PRECLUDING DEFENDANTS' ABSOLUTE IMMUNITY AGAINST HIS STATE LAW CLAIMS

Pursuant to California's privileges and immunities afforded public employees under state law, which immunizes public employees from discretionary acts and from any injury associated with the institution of administrative and disciplinary proceedings and investigations, Defendants should be dismissed from Plaintiff's Third, Eighth and Ninth state law Claims without leave to amend. Defendants cited to numerous cases in support of their position interpreting California Government Code sections 820.2 and 821.6 (Caldwell v. Montoya, 10 Cal.4th 972, 989 (1995); Kemmerer v. County of Fresno, 200 Cal.App.3d 1426 (2009)). Yet Plaintiff completely ignored and failed to distinguish any of the cited cases. Plaintiff's Third, Eighth and Ninth Claims must, therefore, be dismissed as to the individual defendants.

## VIII. PLAINTIFF'S OPPOSITION AUTHORITY CONFIRMS DEFENDANT ZAPPIA HAD NO DUTY TO PLAINTIFF AND THUS, CANNOT BE HELD LIABLE FOR NEGLIGENCE UNDER THE EIGHTH AND NINTH CLAIMS

Plaintiff's Complaint expressly alleges that Defendant ZAPPIA was not a supervisor of Plaintiff and, that ZAPPIA is Defendants' hired outside counsel. *Plaintiff cites to a California Supreme Court case, Goodman v. Kennedy, 18 Cal.3d 335 (1976), which explicitly held that an attorney had no legal duty to non-clients.*

In Goodman, Plaintiffs/investors alleged that the corporation's attorney gave erroneous and incomplete advice to his corporate officers/clients, who then made erroneous representations inducing Plaintiffs to invest. Plaintiffs later attempted to sue the corporation's attorney for negligence. The California Supreme Court rejected the claim, holding:

> "The present defendant had no relationship to plaintiffs that would give rise to his owing plaintiffs any duty of care in advising his clients that they could sell the stock without adverse consequences. There is no allegation that the advice was ever communicated to plaintiffs and hence no basis for any claim that they relied upon it in purchasing or retaining the stock. fn. 4 Nor was the advice given for the purpose of enabling defendant's clients to discharge any obligation to plaintiffs. Thus, there is no allegation that plaintiffs had any relationship to defendant's clients or to the corporation as stockholders or otherwise when the advice was given.
>
> Plaintiffs contend, however, that because the advice related to a possible sale of stock by defendant's clients, defendant's duty of care in giving the advice extended to anyone to whom the sale might be made. Invoking the policy

considerations upon which liability to putative will beneficiaries was recognized in Biakanja, Lucas and Heyer, supra, plaintiffs argue that defendant's advice was "intended to affect" them as purchasers and that harm to them was foreseeable from the adverse effect of the sale upon the value of the stock contrary to the erroneous assurances embodied in the negligent advice. However, *plaintiffs were not persons upon whom defendant's clients had any wish or obligation to confer a benefit in the transaction. Plaintiffs' only relationship to the proposed transaction was that of parties with whom defendant's clients might negotiate a bargain at arm's length*. Any buyers' "potential advantage" from the possible purchase of the stock "was only a collateral consideration of the transaction" (Biakanja v. Irving, supra, 49 Cal.2d at p. 650) and did not put such potential buyers into any relationship with defendant as "intended beneficiaries" of his clients' anticipated sales (Heyer v. Flaig, supra, 70 Cal.2d at p. 228).

*[3] To make an attorney liable for negligent confidential advice not only to the client who enters into a transaction in reliance upon the advice but also to the other parties to the transaction with whom the client deals at arm's length would inject undesirable self-protective reservations into the attorney's counselling role. The attorney's preoccupation or concern with the possibility of claims based on mere negligence (as distinct from fraud or malice) by any with whom his client might deal "would prevent him from devoting his entire*

*energies to his client's interests" (Anderson v. Eaton (1930) 211 Cal. 113, 116 [293 P. 788]). The result would be both "an undue burden on the profession" (Lucas v. Hamm, supra, 56 Cal.2d 583, 589) and a diminution in the quality of the legal services received by the client. fn. 5 (See Daly v. Smith (1963) 220 Cal.App.2d 592, 604 [33 Cal.Rptr. 920].)*

Goodman, 18 Cal.3d at 343-345. (Emphasis added.)

Here, Plaintiff was not merely a potential investor, but was a party in litigation where ZAPPIA was opposing counsel, and in which Plaintiff was represented by counsel. Pursuant to Goodman, and the policy factors considered therein, there can be no legal duty of opposing counsel to an opposing party in this case. Thus, ZAPPIA must be dismissed from the Eighth Claim without leave to amend.

### IX. PLAINTIFF'S OPPOSITION AUTHORITY CONFIRMS HIS NINTH CLAIM MUST BE DISMISSED AS NO SUCH CLAIM EXISTS

In the meet and confer process, Plaintiff cited Fagan v. Superior Court, 111 Cal.App.4th 607 (2003). Zappia Decl. ¶¶ 3 and 6; Exhs. 1 and 3. Not so coincidentally, Fagan is not cited in Plaintiff's opposition because it explicitly affirmed Defendants' cited Rosales case, holding that section 832.7 does **NOT** provide for any civil claims and, that Plaintiff's exclusive remedy would have been to move for a protective order, stating:

"The privilege is conditional or limited because an officer cannot prevent disclosure of his or her personnel records or information contained in those records simply because he or she does not desire disclosure." (Rosales v. City

of Los Angeles, supra, 82 Cal.App.4th at pp. 426-427, 98 Cal. Rptr. 2d 144.) *These are the only protections available to these officers because a violation of section 832.7 does not give rise to a private cause of action for damages*. (Id. at pp. 427-428, 98 Cal. Rptr. 2d 144; City of Hemet v. Superior Court (1995) 37 Cal. App. 4th 1411, 1430, 44 Cal. Rptr. 2d 532; Bradshaw v. City of Los Angeles (1990) 221 Cal. App. 3d 908, 918-919, 270 Cal. Rptr. 711.) *Thus,* ***an officer whose records are wrongfully disclosed may not state causes of action for invasion of privacy, negligence, negligence per se, violation of a federal right to privacy or infliction of emotional distress***. (Rosales v. City of Los Angeles, supra, 82 Cal.App.4th at pp. 429-432, 98 Cal. Rptr. 2d 144.)" Fagan, 111 Cal.App.4th at 614.

Moreover, Fagan also affirms Defendants' position that Plaintiff's "only protections" against alleged improper disclosure of peace officer personnel records was a motion to seal or for protective order in the superior court case below 10 months ago, which Plaintiff did not do, and continues to refuse to do. Zappia Decl. ¶¶ 3 and 6; Exh. 3. Instead, Plaintiff now ten months later brought this Section 832.7/Negligence Per Se claim, which is expressly and patently rejected by governing law.

## X. CONCLUSION

For all of the reasons set forth above and in the Defendants' Motion to Dismiss, Defendants' motion should be granted.

Dated: May 28, 2019

Respectfully submitted,

THE ZAPPIA LAW FIRM
A Professional Corporation


By: /s/ Edward P. Zappia
Edward P. Zappia
Brett M. Ehman


VENTURA COUNTY COUNSEL
Leroy Smith
Matthew A. Smith

Attorneys for All Defendants

13
REPLY OF DEFENDANTS TO OPPOSITION TO MOTION TO DISMISS

# CERTIFICATE OF SERVICE

**CASE NAME: TRACY TOWNER v. COUNTY OF VENTURA, et al.**

**CASE NUMBER: 2:19-cv-03584-VAP (GJSx)**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is: THE ZAPPIA LAW FIRM, A Professional Corporation, One Pacific Plaza, 7777 Center Avenue, Suite 625, Huntington Beach, CA 92647.

On May 28, 2019, I served the document(s) described below on the interested parties in this action as follows:

**REPLY OF DEFENDANTS TO OPPOSITION TO MOTION TO DISMISS**

| | |
|---|---|
| Mark Pachowicz<br>mark@pachowicz.com<br>Jennie Hendrickson<br>jennie@pachowicz.com<br>LAW OFFICES OF MARK PACHOWICZ APLC<br>4055 Mission Oaks Blvd., Suite A<br>Camarillo, CA 93012<br>Add. emails: cheryl@pachowicz.com;<br>jonny@pachowicz.com;<br>kat@pachowicz.com;<br>susan@pachowicz.com<br><br>Attorneys for Plaintiff,<br>TRACY TOWNER | Leroy Smith,<br>leroy.smith@ventura.org<br>Matthew A. Smith<br>matthew.smith@ventura.org<br>VENTURA COUNTY COUNSEL<br>County Government Center<br>800 S. Victoria Ave., L/C #1830<br>Ventura, CA 93009<br><br>Co-counsel for All Defendants<br>(Except Edward Zappia) |

**[XX]** **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LR, the foregoing document will be served by the court via NEF and hyperlink to the document. On May 28, 2019, I checked the CM/ECF docket for this case and determined that the email addresses listed above are on the Electronic Mail Notice List to receive NEF transmission at the email addresses listed above.

**[XX]** **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on May 28, 2019 at Huntington Beach, California.

_/s/ Linnda Hing_
LINNDA HING

CERTIFICATE OF SERVICE