THE ZAPPIA LAW FIRM
A Professional Corporation
Edward P. Zappia (SBN175099)
ezappia@zappialegal.com
Brett Ehman (SBN 247205)
behman@zappialegal.com
One Pacific Plaza
7777 Center Avenue, Suite 625
Huntington Beach, CA 92647
Telephone: 213-814-5550
Facsimile: 213-814-5560

Attorneys for All Defendants

VENTURA COUNTY COUNSEL
Leroy Smith, (SBN 107702)
leroy.smith@ventura.org
Matthew A. Smith (SBN 167320)
Matthew.Smith@ventura.org
County Government Center
800 S. Victoria Ave., L/C #1830
Ventura, CA 93009
Phone: 805-654-2581
Facsimile: 805-654-2185

Attorneys for All Defendants (except Edward Zappia)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| TRACY TOWNER, an individual,<br><br>              Plaintiff,<br>      vs.<br><br>COUNTY OF VENTURA, a public entity; VENTURA COUNTY OFFICE OF THE DISTRICT ATTORNEY (VCDA); a public department of the County of Ventura; GREGORY D. TOTTEN, individually and in his official capacity as District Attorney; MICHAEL D. SCHWARTZ, individually and in his official capacity as Deputy District Attorney; JANICE L. MAURIZI, individually and in her official capacity; EDWARD ZAPPIA, individually; CHIEF MICHAEL BARAY, individually and in his official capacity as Chief of the Bureau of Investigation; and DOES 1 through 20 inclusive;<br><br>              Defendants. | CASE NO: 2:19-cv-03584-VAP(GJSx)<br>Assigned to Hon. Virginia A. Philips<br><br>**OPPOSITION OF DEFENDANTS TO PLAINTIFF'S MOTION TO SEVER AND REMAND STATE LAW CLAIMS**<br><br>**[Zappia Declaration Re: Meet & Confer Efforts filed concurrently herewith]**<br><br>**Hearing**:<br>Date:    June 17, 2019<br>Time:    2:00 PM<br>Crtrm:   8A<br><br>Complaint filed:    April 17, 2019<br>Complaint served: April 19, 2019<br>Removal:            April 29, 2019 |

OPPOSITION OF DEFENDANTS TO MOTION TO SEVER/REMAND STATE CLAIMS

# **TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................... 1

II.     REASONS WHY PLAINTIFF'S MOTION SHOULD BE DENIED ..................... 2

III.    STATEMENT OF FACTS ......................................................................... 3

      A.     Plaintiff's Claims ..................................................................... 3

      B.     Violation of 1st Amendment is the Dominant, if Not Sole Allegation and Basis of Liability .................................................................... 3

IV.     EXERCISE OF SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS IS WARRANTED ON EVERY FACTOR IN THIS CASE .......... 8

      A.     All Relevant Factors Favor Exercise of Supplement Jurisdiction over Plaintiff's State Law Claims .......................................................... 10

      B.     The State Law Claims Are Part of the Same Case or Controversy as the Federal Law Claims .............................................................. 11

      C.     This Court Has Discretion to Exercise Supplemental Jurisdiction Over the State Law Claims ................................................................ 12

      D.     Severing and Remanding the State Law Claims Is Contrary to Judicial Economy, Convenience, Fairness and Comity ................................... 13

      E.     The State Law Claims Do Not Raise Novel or Complex Issues of State Law .................................................................................. 16

      F.     The State Claims Do Not Substantially Predominate the Federal Claims .................................................................................... 16

      G.     There Are No Exceptional Circumstances or Other Compelling ........... 16

      H.     Plaintiff Did Not Meet and Confer in Good Faith ............................... 20

V.      CONCLUSION ..................................................................................... 20

i

# TABLE OF AUTHORITIES

**Cases**

Acri v. Varian Associates, Inc.,
    114 F.3d 999, 1001 (9th Cir. 1997) ...............................................................13

California Dept. of Water Resources v. Powerex Corp.,
    533 F.3d 1087 (9th Cir. 2008) .........................................................................12

Carnegie–Mellon, 484 U.S.
    350 n. 7, 108 S.Ct. at 619 n. 7, 98 L.Ed.2d at 730 n. 7……………………………14

Cedillo v. Valcar Enters. & Darling Delaware Co.,
    773 F.Supp. 932, 939 (N.D.Tex.1991) ............................................................12

Exec. Software N. Am., Inc. v. U.S. Dist. Court,
    24 .3d 1545, 1556 (9th Cir. 1994) .................................................12, 13, 14, 18

Executive Software N. Am. v. United States Dist. Court,
    24 F.3d 1545, 1557 (9th Cir.1994) ..................................................................14

Gilder v. PGA Tour, Inc.,
    936 F.2d 417, 421 (9th Cir. 1991) .............................................................11, 17

Grable & Sons Metal Products, Inc. v. Darue Engineering,
    545 U.S. 308 (2005) ...................................................................1, 9, 18, 19, 20

Kohler v. Rednap, Inc,
    794 F.Supp.2d 1091 (C.D. Cal. 2011)........................................1, 9, 13, 16, 20

M.M.A. on behalf of J.M.A. v. Sessions,
    319 F.Supp.3d 290, 295 (D.D.C. 2018) ..........................................................10

Nevada v. Bank of America Corp.,
    672 F.3d 661, 675 (9th Cir. 2012) ...................................................................18

Nishimoto v. Federman-Bachrach & Associates,
    903 F.2d 709, 714 (9th Cir. 1990) ...................................................................11

Schneider v. TRW, Inc.,
    938 F.2d 986 (9th Cir. 1991) ...........................................................................14

OPPOSITION OF DEFENDANTS TO MOTION TO SEVER/REMAND STATE CLAIMS

**Cases continued**

Trustees of Construction Industry and Laborers Health and Welfare Trust v. Desert
    Valley Landscape & Maintenance, Inc.,
    333 F.3d 923, 926 (9th Cir. 2003) ........................................................................ 14, 15

United Mine Workers of America v. Gibbs,
    383 US 715, 725 (1996) ...................................................................................... 11

OPPOSITION OF DEFENDANTS TO MOTION TO SEVER/REMAND STATE CLAIMS

**Statutes**

28 U.S.C. § 1367(a) ...................................................................2, 6, 8, 11, 14, 15

28 U.S.C. §1367(c) ...........................................................................12, 15, 19

28 U.S.C. §1367(c)(1)...........................................................................12, 16

28 U.S.C. §1367(c)(2)...................................................................................13

28 U.S.C. § 1367(c)(4)...........................................................................8, 13, 16

42 U.S.C. §1983...............................................................................1, 3, 6, 18, 21

California Penal Code §832.7 ...........................................................3, 16, 17

Public Safety Officer
  Procedural Bill of Rights Act ("POBR") ..........................................3, 6, 19, 20

OPPOSITION OF DEFENDANTS TO MOTION TO SEVER/REMAND STATE CLAIMS

## I.   INTRODUCTION

Plaintiff's Complaint itself establishes that his dominant, if not sole allegation and basis for relief, is retaliation in employment for exercising his First Amendment rights. Plaintiff alleges over twenty times that he was retaliated against for "telling the truth" on a multitude of occasions between 2007-2017. (Complaint, ¶¶7, 34, 43, 45, 51, 54, 55, 60, 61, 62, 71, 73, 74, 76, 77, 81, 82, 89, 90, 109, 112, 113, 114, 120, 121, 123, 127, 128, 129, 145)  All nine of Plaintiff's Claims, state and federal, arise from this single allegation. Plaintiff's Motion itself re-alleges that his employment was terminated in an "abuse of power taken in retaliation for repeatedly telling the truth in prior litigation and in retaliation for his right to speak freely on behalf of VCERA and its members." (Motion, p.2:9-12)

Plaintiff also elected to plead four related federal claims: (1) his civil rights under 42 U.S.C. section 1983 were violated – via employment retaliation for exercising his First Amendment rights; (2) his Fourteenth Amendment Due Process rights were denied – via employment retaliation for exercise of his First Amendment rights;  and, (3) seeking entity and supervisory liability, also via section 1983 standards.  (Complaint, Claims 4-7)

In the meet and confer process, and in Plaintiff's Motion to Sever, *Plaintiff relies on two cases which explicitly affirmed the exercise of supplemental jurisdiction over state claims when federal claims dominated*: Grable & Sons Metal Products, Inc. v. Darue Engineering, 545 U.S. 308 (2005), and Kohler v. Rednap, Inc, 794 F.Supp.2d 1091 (C.D. Cal. 2011).  Declaration of Edward P. Zappia ¶3; Exhibit 1.

## II.   REASONS WHY PLAINTIFF'S MOTION SHOULD BE DENIED

1.   Plaintiff's own Complaint establishes that his First Amendment allegations and basis for relief dominate all nine Claims, state and federal.

2.   Plaintiff's state law Claims are so related, if not identical, to his dominant federal Claims, that they are part of the same case or controversy.

3.   Both the state law Claims and federal law Claims arise from a common nucleus of operative facts.

4.   Severing and remanding the state law Claims to state court would therefore be contrary to judicial economy, convenience, fairness and comity.

5.   The state law Claims do not raise any novel or complex issues, and can be easily applied by this Court, and likely have been on many occasions.

6.   The state law Claims do not "substantially predominate" the federal law Claims set forth in the Complaint. To the contrary, and by the express language of Plaintiff's lengthy Complaint, the dominant claim is that he was subjected to adverse employment actions based on his exercise of his First Amendment rights in a multitude of forums between 2007 and 2017.

7.   There are no exceptional circumstances or other compelling reasons for this Court to decline to exercise supplemental jurisdiction over the state law claims.

For all of these reasons, 28 U.S.C. section 1367(a) provides that this Court should DENY this Motion and exercise supplemental jurisdiction over the state law claims.

2

## III.   STATEMENT OF FACTS

### A. Plaintiff's Claims

Plaintiff's Complaint sets forth nine claims:  (1) Retaliation under the California Fair Employment & Housing Act  ("FEHA"); (2) Failure to Prevent Retaliation under FEHA; (3) Violation of the Public Safety Officer Procedural Bill of Rights Act ("POBR"); (4) Violation of 42 U.S.C. §1983; (5) <u>Monell</u> Liability (42 U.S.C. §1983); (6) Supervisor Liability (42 U.S.C. §1983); (7) Violation of Due Process Rights Under the Fourteenth Amendment; (8) Negligence; and (9) Negligence Per Se (California Penal Code §832.7). Even Plaintiff does not dispute that this Court has original jurisdiction over the Fourth, Fifth, Sixth and Seventh claims (all federal questions).

### B. Violation of First Amendment is the Dominant, if Not Sole Allegation and Basis of Liability

As the basis for all nine claims, Plaintiff's Complaint repeatedly alleges that he was retaliated against for speaking the truth. Those allegations include but are not limited to the following:

- "It proves they will continue to retaliate against any employee who speaks the truth that VCDA does not want to hear…"  ¶18

- "In addition to the promotions he did receive, there were many promotional opportunities he was denied, after he told the truth."  ¶34

- "This work required him to communicate the legal and political position of VCERA directly to County Counsel, Leroy Smith, the Chief Executive

Officer of Ventura County, Michael Powers, and the individual members of the Board of Supervisors.  ¶43

- "To try to convince his employer…of what should have been obvious to anyone who is familiar with Mr. TOWNER'S reputation, character and integrity, that he spoke the truth before the Civil Service Commission…"  ¶45

- "Intentionally ignoring a lifetime of integrity, honesty and truth telling, as well as a polygraph examination…, the VCDA made their termination decision official on April 23, 2018.  ¶45

- "During the discovery phase of that litigation, plaintiff TRACY TOWNER was deposed and testified under oath."  ¶51

- "Mr. TOWNER was called on to testify truthfully in past County litigation."  ¶54

- "During discovery in Mr. Cipollini's case, Mr. TOWNER was called on again, and again, he provided truthful statements to the lawyers hired by the County to represent them.  ¶55

- "This is but another example of the many provided in this pleading, as evidence that having integrity and pursuing the truth regardless of where it leads, was not approved by TOTTEN and his hand selected BOI and his hand selected Chief Assistant District Attorney. ¶60

OPPOSITION OF DEFENDANTS TO MOTION TO SEVER/REMAND STATE CLAIMS

- "At the conclusion of the civil service hearing, the commissioners issued a Decision and Order.  In in (sic) that Decision and Order, they wrote, "Cmdr. Tracy TOWNER credibly testified …"  ¶65

- "During the Civil Service Commission hearing into the deeply flawed promotional process, it was learned that TOWNER demanded an investigation into alleged misconduct in the office.  ¶71

- "The County's continued conduct further deprives TOWNER of his opportunity to advance and will once again deprive Mr. TOWNER of an opportunity to promote because he has told the truth in multiple FEHA based lawsuits, and before the Civil Service Commission, and engaged in other protected speech and activities.  ¶73

- "Mr. TOWNER has been the target of a years and years long campaign of retaliation by the defendants…for telling the truth.  ¶74

- "TOWNER…was unlawfully and retaliatorily discharged from employment on April 23, 2018 by those employer and agent defendants, for engaging in a protected activity including but not limited to exercising his right to provide truthful testimony…"  ¶76 (First Claim)

- "TOWNER'S truthful testimony provided in the matters identified in this Complaint …was a substantial motiving reason for the defendant employers' termination of TOWNER…"  ¶77 (First Claim)

OPPOSITION OF DEFENDANTS TO MOTION TO SEVER/REMAND STATE CLAIMS

- "Defendants as named in this cause of action … terminated Plaintiff because of Plaintiff's testimony and assistance in the discrimination lawsuit of Defendants' former employees…" ¶81 (First Claim)

- "Plaintiff believes and alleges that the Defendants' retaliatory action for Plaintiff's testifying in the litigation/lawsuits was a substantial and determining factor in Defendants' decision to subject Plaintiff to adverse employment actions, including terminating Plaintiff's employment…" ¶82 (First Claim)

- "Defendants…failed to prevent discrimination towards Plaintiff in the form of retaliation from occurring, specifically retaliation and harassment against Mr. TOWNER for engaging in protected activity such as testifying at deposition, speaking with County attorneys while they were preparing their case, or trial or Civil Service hearing or proceeding. ¶89 (Second Claim)

- "Further, testifying before the Civil Service Commission is an act which is protected by law and an act for which the County routinely advises people that they will not be subject of retaliation or discrimination or harassment." ¶90 (Second Claim)

- "The intentional decision to publish the contents of a peace officer's personnel file…proves that there is no limit to the unlawful conduct the defendants…are willing to engage in to retaliate against Mr. TOWNER for having the audacity

OPPOSITION OF DEFENDANTS TO MOTION TO SEVER/REMAND STATE CLAIMS

to take an oath to tell the truth and then to actually tell the truth." ¶102 (Third Claim)

- "TOWNER, outside of his official duties, spoke on matters of public concern to VCERA and he was retaliated against for doing so." ¶109 (Fourth Claim)

- "Defendants…acted under color of state law when they retaliated against TOWNER, by retaliating against him and terminating him for speaking on behalf of VCERA." ¶112 (Fourth Claim)

- "Defendants retaliated against TOWNER for engaging in and exercising his First Amendment rights and his right to free speech under the United States and State Constitution…" ¶114 (Fourth Claim)

- "Plaintiff is entitled to freely exercise his rights both to testify in lawsuits and proceedings brought by other County employees without fear of retaliation and further to participate and engage in protected political speech. ¶120 (Fifth Claim)

- "Defendants… have condoned and fostered an ongoing pattern of discrimination and retaliation against employees who testify on behalf of other employees in lawsuits against the COUNTY AND VCDA…" ¶121 (Fifth Claim)

- "TOTTEN knew…of a history, propensity, custom and pattern, prior to the wrongful and retaliatory termination of Plaintiff as alleged herein and the use of unreasonable, out-of-policy or unconstitutional tactics to investigate

7

employees via an internal affairs process because of their exercise of First Amendment rights to free speech; and provided testimony in other litigation and activities of protected speech, which then results in termination."   ¶127 (Sixth Claim)

- "Defendants…had a duty to Plaintiff to use reasonable care to comply with the laws and plaintiff's right to be free from wrongful termination and retaliation…" ¶145 (Eighth Claim)

## IV.   EXERCISE OF SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS IS WARRANTED ON EVERY FACTOR IN THIS CASE

28 U.S.C. section 1367(a) provides as follows:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, **the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution**. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. section 1367(c) provides as follows:

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--

OPPOSITION OF DEFENDANTS TO MOTION TO SEVER/REMAND STATE CLAIMS

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

**Plaintiff's Cited Cases**:  Two of the most persuasive cases supporting exercise of supplemental jurisdiction over Plaintiff's state law claims are two cases cited in Plaintiff's meet & confer letter and Motion, Grable & Sons, supra, 545 U.S. 308, and Kohler v. Rednap, supra, 794 F.Supp.2d 1091 (C.D. Cal. 2011)( ).  Zappia decl, Exh. 1)

In Grable, the U.S. Supreme Court affirmed exercise of supplemental jurisdiction over a state law action to quiet title on the grounds that the case also invoked federal tax law questions.

In Kohler, the federal court also affirmed exercise of supplemental jurisdiction over Plaintiff's three state claims under the State ADA/DPA, the State UNRUH Act, and California Health & Safety Code claims, finding these claims were the same or similar to Plaintiff's single dominant federal ADA claim.  The court also expressly rejected the contention that the number of state law claims has any relevance to whether state claims "substantially predominate."

9

Further, a detailed review of every relevant factor weighs in favor exercising supplemental jurisdiction of Plaintiff's state law claims, as follows:

## A. All Relevant Factors Favor Exercise of Supplement Jurisdiction over Plaintiff's State Law Claims

In determining whether or not to sever state law claims under Rule 21, district courts consider multiple factors, including: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present common questions of law or fact; (3) concerns related to judicial economy, multiplicity of litigation, and orderly and efficient resolution of disputes; (4) the availability of witnesses and other evidentiary proof; and (5) the potential for confusion, undue delay, or prejudice to any party. M.M.A. on behalf of J.M.A. v. Sessions, 319 F.Supp.3d 290, 295 (D.D.C. 2018).

Initially and as Plaintiff's complaint repeatedly asserts, Plaintiff's Claims all arise out of his protected speech. Indeed, all claims present common questions of fact and law as to whether the acts taken were in retaliation for Plaintiff's protected free speech activity. To sever these Claims would result in multiplicity of litigation with the same parties and witnesses being required to defend two lawsuits and testify at least two times. To be sure, the defendants named in the federal Claims are also named in the state Claims. Thus, judicial economy does not support severance. There is no prejudice to Plaintiff to have these Claims, which he included in one complaint upon filing, tried together in this Court.

/ / /

/ / /

**B. The State Law Claims Are Part of the Same Case or Controversy as the Federal Law Claims**

Supplemental jurisdiction is proper where the relationship between the federal and state claims is such that they "form part of the same case or controversy under Article III of the United States Constitution." 28 USC § 1367(a). As long as the complaint sets forth a claim "arising under" federal law, the district court may adjudicate state law claims that are transactionally related to the federal claim. Ibid. Even where some factual and legal distinctions differ, the law does not require an identical set of factual allegations, only a common nucleus of operative fact. Gilder v. PGA Tour, Inc., 936 F.2d 417, 421 (9th Cir. 1991).

Moreover, the United States Supreme Court has explained that "if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole." United Mine Workers of America v. Gibbs, 383 US 715, 725 (1996).

The Ninth Circuit has found supplemental jurisdiction appropriate in a wrongful termination case involving an ERISA claim and a number of state law claims. Nishimoto v. Federman-Bachrach & Associates, 903 F.2d 709, 714 (9th Cir. 1990). Because all of the state law claims derived from "the same nucleus of operative fact as the ERISA claim— her dismissal" supplemental jurisdiction was deemed appropriate. Ibid.

Applying section 1367(a), the five state law Claims are all so related to the four federal Claims that they are part of the same case or controversy.  The Claims all arise form a common nucleus of operative facts, and in fact, the exact same pleaded facts.  Plaintiff alleges he spoke "the truth" on various matters of public concern and was retaliated against by Defendants.  The defendants named in the federal Claims are also named in the state claims.  It would make little sense to require those defendants to defend two independent lawsuits, especially when it was Plaintiff who included those defendants and Claims in his initial suit, yet now seeks to sever them simply because they are now in federal, rather than state court.  To be sure, had these Claims not been removed from state court, Plaintiff would be opposing any attempts to sever them.

## C. This Court Has Discretion to Exercise Supplemental Jurisdiction Over the State Law Claims

"If the court finds that it has the power to exercise supplemental jurisdiction over plaintiff's state law claims [it must exercise that jurisdiction] subject only to the narrow circumstances detailed by Congress."  Exec. Software N. Am., Inc. v. U.S. Dist. Court, 24 .3d 1545, 1556 (9th Cir. 1994), overruled in part on other grounds as stated in California Dept. of Water Resources v. Powerex Corp., 533 F.3d 1087 (9th Cir. 2008) quoting Cedillo v. Valcar Enters. & Darling Delaware Co., 773 F.Supp. 932, 939 (N.D.Tex.1991).

Plaintiff asserts that three of the four factors set forth in section 1367(c) support this Court declining supplemental jurisdiction over the state claims.  Specifically, he contends that (1) the state Claims raises novel or complex issues of state law (§1367(c)(1)); (2) the

12

state Claims substantially predominate over the federal claims (§1367(c)(2)); and (3) there are exceptional circumstances or other compelling reasons for declining jurisdiction (§1367(c)(4)).   Regarding section 1367(c)(4), as even Plaintiff concedes, "declining [supplemental] jurisdiction should be the exception, rather than the rule."  <u>Exec. Software N. Am. Inc</u>., supra, 24 F.3d. at 1558.  Plaintiff's arguments are also simply contrary to the allegations in his Complaint in which the sole, repeated and dominant allegation and basis for relief is violation of his First Amendment rights via retaliation in employment.

### D. Severing and Remanding the State Law Claims Is Contrary to Judicial Economy, Convenience, Fairness and Comity

Plaintiff cites to <u>Kohler v. Rednap, Inc</u>., 794 F.Supp.2d 1091 (C.D. Cal. 2011) and posits that the presence of any of the factors is a basis for the Court to decline to exercise supplemental jurisdiction.  However, once the court identifies one of the factual predicates, the exercise of discretion "is informed by the …values of economy, convenience, fairness and comity.  <u>Id</u>.  In <u>Kohler</u>, the Court then held that exercise of supplemental jurisdiction over Plaintiff's 3 state claims was warranted on the grounds that his single federal ADA was the dominant claim, and all arose from a common nucleus of facts.

In <u>Acri v. Varian Associates, Inc</u>., 114 F.3d 999, 1001 (9th Cir. 1997), the court stated as follows:

> "Having said that, we emphasize that actually exercising discretion and deciding whether to decline, or to retain, supplemental jurisdiction over state law claims when any factor in subdivision (c) is implicated is a responsibility

that district courts are duty-bound to take seriously. The Supreme Court has stated, and we have often repeated, that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie–Mellon, 484 U.S. at 350 n. 7, 108 S.Ct. at 619 n. 7, 98 L.Ed.2d at 730 n. 7. While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the Gibbs values "**of economy, convenience, fairness, and comity.**" See, e.g., Allen, 92 F.3d at 846; Executive Software N. Am. v. United States Dist. Court, 24 F.3d 1545, 1557 (9th Cir.1994)."

Indeed, in another employment termination case involving both state and federal claims, the Ninth Circuit determined that a **federal court may retain jurisdiction even after all federal claims were dismissed and only the state claims remain**. Schneider v. TRW, Inc., 938 F.2d 986 (9th Cir. 1991) (emphasis added). The Ninth Circuit justified this decision based on principles of judicial economy, observing that it had "consistently upheld decisions to retain pendent claims on the basis that returning them to state court would be a waste of judicial resources." Id. at 994.

Furthermore, the Ninth Circuit has gone so far in at least one case to determine that it was an abuse of discretion not to exercise jurisdiction over state law claims after a federal claim had been resolved through a default judgment. Trustees of Construction Industry and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.,

14

333 F.3d 923, 926 (9th Cir. 2003).  In that case, the trustees of a laborers health and welfare trust had brought both state and federal claims against general contractor and its sureties. Id. at 923-924. Once the federal claims were decided, the district court dismissed the state claims one week before trial.  Id. at 926.  The Ninth Circuit found an abuse of discretion because dismissal was "neither fair to the parties nor an efficient use of judicial resources." Ibid.

Thus, here, even if this Court is to identify one of the factual predicates, and Defendants argue that none apply, exercising supplemental jurisdiction over the state law Claims is appropriate because not doing so would be contrary to judicial economy, convenience and fairness, and comity.  Severing any of the state law Claims from the lawsuit and remanding them to state court would be contrary to judicial economy (requiring two courts to preside over two cases to proceed through discovery and trial with the same facts, issues, parties and witnesses), convenience (again, requiring both parties and witnesses to have to answer two sets of discovery requests, to take two sets of depositions, to attend two trials, etc.), fairness (requiring defendants to defend two separate lawsuits instead of the one with all Claims included as initially brought by Plaintiff), and comity (this Court can capably preside over the state law claims and a remand may result in separate and inconsistent verdicts on the state and federal claims).  For these reasons, even if any of the factors set forth in section 1367(c) are present, and again Defendants insist they are not, this Court should still exercise its discretion to retain supplemental jurisdiction over the state law Claims.

OPPOSITION OF DEFENDANTS TO MOTION TO SEVER/REMAND STATE CLAIMS

### E. The State Law Claims Do Not Raise Novel or Complex Issues of State Law

The state law Claims alleged in this matter are (1) retaliation and failure to prevent retaliation under the FEHA for Plaintiff's exercising Free Speech rights; (2) a violation of the POBR due process rights in retaliation for exercise of his Free Speech rights; (3) a violation of the California Penal Code section 832.7/Negligence Per Se; and (4) Negligence, also alleging wrongful disclosure of his personnel records in retaliation for his exercising his First Amendment rights.  Issues arising under these laws are not uncommon as these laws have been easily applied in practice.  There is nothing to suggest that a state court would be in a better position than a federal court to interpret and apply these laws as presented through Plaintiff's claims, particularly since the bases of liability of ALL claims is retaliation for exercise of First Amendment rights.  Indeed, there is nothing novel or complex about the application of these laws to the allegations made and the facts at issue in this matter and as a result, this factor does not support this Court declining jurisdiction over the state Claims in the Complaint.

### F. The State Claims Do Not Substantially Predominate the Federal Claims

Next, Plaintiff argues that the state Claims substantially predominate the federal Claims.  However, that is simply not the case upon review of his repeated allegation of retaliation for exercise of Free Speech rights.  As an example, in Kohler, supra, cited by Plaintiff, the court exercised supplemental jurisdiction over Plaintiff's three state law

OPPOSITION OF DEFENDANTS TO MOTION TO SEVER/REMAND STATE CLAIMS

claims, based on Plaintiff's single federal ADA claim.  There, the Court did review the four remand factors of section 1367(c).  After so doing, the court exercised supplemental jurisdiction over Plaintiff's three state claims under the State ADA/DPA, the State UNRUH Act, and California Health & Safety Code claims, in light of Plaintiff's single federal claim under the federal ADA.  The court also expressly rejected the contention that the number of state law claims has any relevance to whether state claims "substantially predominate."

Further, a federal claim is only <u>in</u>substantial "if it is absolutely devoid of merit or obviously frivolous." <u>Gilder v. PGA Tour, Inc</u>., 936 F.2d 417, 421 (9th Cir. 1991).  More, the ultimate lack of merit of the federal claim does not mean that such claim was not substantial for purposes of conferring jurisdiction. <u>Ibid</u>.

Applied here, the crux of Plaintiff's Claims is that he was retaliated against in several ways (termination, denied promotion, denied due process and had his confidential personnel files disclosed) all in retaliation for having engaged in protected free speech activity.  Plaintiff's state law Claims that he was retaliated against under FEHA, the POBR and California Penal Code section 832.7, do not "substantially predominate" his federal Claims wherein he alleges his employment was terminated and denied due process because he exercised his First Amendment rights.  In fact, the federal Claims predominate the state law Claims as the claims all arise from his right to "tell the truth" in matters of public concern (First Amendment rights), including in lawsuits and in matters before the Civil Service Commission, the Ventura County Board of Supervisors and County Counsel.

Thus, the state law Claims arise from this same legal theory and same set of facts as the federal Claims and do not "substantially predominate" those Claims.

### G. There Are No Exceptional Circumstances or Other Compelling Reasons for Declining Jurisdiction.

Again, declining supplemental jurisdiction under this factor is the exception, not the rule. Exec. Software N. Am., Inc., supra, 24 F.3d at 1558. In arguing this point, Plaintiff implies that removal of this matter to federal court was improper. Motion, 12:4-15. However, at the same time, "Plaintiff does not dispute that the Court has original jurisdiction under the United States Constitution for the 1st and 14th Amendment claims and under federal statue 42 U.S.C. section 1983," which are the Fourth, Fifth, Sixth and Seventh claims. Motion, 6:21-23.

Plaintiff then cites to Nevada v. Bank of America Corp., 672 F.3d 661, 675 (9th Cir. 2012) in support of this argument. Nevada, however, is easily distinguishable. There, the complaint raised exclusively state law claims. One of the state law claims was merely predicated on a federal statute. Thus, the court held that there was no federal question at issue in the matter. Here, there are four federal claims set forth in the Complaint and, the sole factual allegation is retaliation in employment for "telling the truth." Thus, Nevada is inapplicable here.

Curiously, as he did in his meet and confer, Plaintiff's Motion cites to Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005). Grable cannot be read any other way but to support this Court exercising supplemental jurisdiction over the state law

OPPOSITION OF DEFENDANTS TO MOTION TO SEVER/REMAND STATE CLAIMS

claims.  In <u>Grable</u>, Plaintiff's property was seized to satisfy a federal tax delinquency and sold to Defendant.  Plaintiff then filed a quiet title action under state law in state court, alleging that the notice of delinquency was not properly served, thus rendering the sale invalid.  The United States Supreme Court held that there was federal jurisdiction, because federal service rules applied, and there was thus a federal question, even though the claim was entirely a state law claim.  In its reasoning, the Supreme Court considered and rejected an argument that a federal cause of action was a necessary requirement for exercising federal jurisdiction.  <u>Grable</u>, 545 U.S. at p. 308.

Here, federal claims were made.  Four of them to be precise.  Yet Plaintiff goes through the four-factor test in <u>Grable</u> and argues that this Court should not exercise federal question jurisdiction over a state law claim.  Motion, 13:18-20.  But that is not what the Court is being asked to do in this case.  Indeed, Defendants have not asserted that this Court exercise jurisdiction over the state law Claims on the basis that they present a federal question.  Defendants merely argue that this Court should exercise supplemental jurisdiction over the state Claims because (1) they are so related to the federal Claims in the action within such original jurisdiction that they form part of the same case or controversy; (2) not exercising supplemental jurisdiction would be contrary to judicial economy, convenience, fairness and comity; and (3) none of the four factors set forth in section 1367(c) providing this Court discretion are applicable here.

Plaintiff then cites to additional cases again impliedly arguing that removal of this matter was improper.  Motion, p. 17.  Again, however, Plaintiff does not dispute that at

least four of his claims are within this Court's original jurisdiction.  Thus, it's difficult to reconcile Plaintiff's conflicting positions that at least four Claims are properly before this Court, yet removal of those Claims was not appropriate.  Regardless, removal was appropriate because the state court does not have jurisdiction over federal questions.

### H.   PLAINTIFF DID NOT MEET AND CONFER IN GOOD FAITH

In the meet and confer process, Plaintiff cited only two cases in support of this motion, <u>Grable</u>, <u>supra</u>, and <u>Kohler</u>, <u>supra</u>.  *Both cases affirmed exercise of supplemental jurisdiction was appropriate where federal claims were dominant.*  Zappia decl. ¶3; Exhibit 1.  Further, Defendants set forth in detail in the meet and confer process all of the facts pled in Plaintiff's own Complaint establishing that every Claim was based on the dominant allegation that Plaintiff's was subjected to adverse employment decisions for exercising his First Amendment rights and, all were based on the identical set of facts.  Zappia decl. ¶3, Exh. 1.  Plaintiff did not respond and instead still filed this motion.

### V.   CONCLUSION

It is appropriate for this Court to exercise supplemental jurisdiction over Plaintiff's state law Claims because (1) Plaintiff's Complaint establishes that all of his Claims and basis of liability arise from a single allegations that his First Amendment rights were violated; (2) the federal and state law Claims all arise from a common nucleus of operative facts and are part of the same case or controversy; (3) exercise of supplemental jurisdiction would further the interests of judicial economy, convenience, fairness and comity; (4) there are no complex or novel issues of state law; (5) the state Claims do not substantially

OPPOSITION OF DEFENDANTS TO MOTION TO SEVER/REMAND STATE CLAIMS

predominate over the federal Claims.  To the contrary, Plaintiff's First Amendment claim dominates, if it is not the sole basis underlying all nine Claims; and (6) there are no exceptional circumstances or other compelling reasons for this Court to decline jurisdiction.  For these reasons, the Court should exercise supplemental jurisdiction over Plaintiff's state law Claims and this motion should be DENIED.

Dated: May 28, 2019                                 Respectfully submitted,

                                                    THE ZAPPIA LAW FIRM
                                                    A Professional Corporation

                                         By:  /s/Edward P. Zappia
                                                    _____
                                                    Edward P. Zappia
                                                    Brett M. Ehman

                                                    VENTURA COUNTY COUNSEL
                                                    Leroy Smith
                                                    Matthew A. Smith


                                                    Attorneys for All Defendants

OPPOSITION OF DEFENDANTS TO MOTION TO SEVER/REMAND STATE CLAIMS

## CERTIFICATE OF SERVICE

**CASE NAME: TRACY TOWNER v. COUNTY OF VENTURA, et al.**

**CASE NUMBER: 2:19-cv-03584-JPR**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is: THE ZAPPIA LAW FIRM, A Professional Corporation, One Pacific Plaza, 7777 Center Avenue, Suite 625, Huntington Beach, CA 92647.   On May 28, 2019, I served the document(s) described below on the interested parties in this action as follows:

**OPPOSITION OF DEFENDANTS TO PLAINTIFF'S**
**MOTION TO SEVER AND REMAND STATE LAW CLAIMS**

Mark Pachowicz
mark@pachowicz.com
Jennie Hendrickson
jennie@pachowicz.com
LAW OFFICES OF MARK
PACHOWICZ APLC
4055 Mission Oaks Blvd., Suite A
Camarillo, CA 93012
Add.    emails:    cheryl@pachowicz.com;
                            jonny@pachowicz.com;
                            kat@pachowicz.com;
                            susan@pachowicz.com

Leroy Smith,
leroy.smith@ventura.org
Matthew A. Smith
matthew.smith@ventura.org
VENTURA COUNTY COUNSEL
County Government Center
800 S. Victoria Ave., L/C #1830
Ventura, CA 93009

Attorneys for Plaintiff,
TRACY TOWNER

Co-counsel for All Defendants
(Except Edward Zappia)

**[XX]   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LR, the foregoing document will be served by the court via NEF and hyperlink to the document. On May 28, 2019 I checked the CM/ECF docket for this case and determined that the email addresses listed above are on the Electronic Mail Notice List to receive NEF transmission at the email addresses listed above.

**[XX]   FEDERAL:**  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.   Executed on May 28, 2019 at Huntington Beach, California.

_____
Linnda Hing